IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SYNTHEGO CORPORATION,[1] | Case No. 25-10823 (MFW) |
| Debtor. | **Related Docket Nos. 7, 34** |

**FINAL ORDER (I) AUTHORIZING DEBTOR TO (A) HONOR
CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS AND
(B) OTHERWISE CONTINUE CERTAIN CUSTOMER CREDITS PROGRAM IN THE
ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtor for the entry of an interim order and this final order (the "Final Order") (i) authorizing, but not directing, the Debtor, in its discretion, to (a) honor certain prepetition obligations to Customers and (b) otherwise continue Customer Credits Program in the ordinary course of business consistent with past practices and in the Debtor's sound business judgment; and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; upon the Debtor's representation that any form of payment to Customers is consistent with the Debtor's debtor in possession financing budget; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on

---

[1] The Debtor's mailing address is 3696 Haven Avenue, Suite A, Redwood City, California, 94063, and the last four digits of the Debtor's federal tax identification number is 9518.

[2] A capitalized term used but not defined herein have the meaning ascribed to it in the Motion.

the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on a **final** basis as set forth herein.

2. Subject to the Approved Budget, the Debtor is authorized, but not directed, in its discretion, to (a) continue, renew, replace, modify, implement, revise, or terminate the Customer Credits Program in the ordinary course of business and without further order of this Court, and to perform and honor all prepetition obligations thereunder in the ordinary course of business and in the same manner and on the same basis as if the Debtor performed and honored such obligations prior to the Petition.

3. Subject to the Approved Budget, the Debtor shall continue to administer and honor Customer Credits Program in the ordinary course of business, consistent with past practices, including honoring and paying, subject to the consent of the required lenders under the DIP Facility, refunds for Customer Credits up to the maximum aggregate amount of $862,000 on a final basis.

4. Nothing in this Final Order nor any actions taken hereunder: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor or its estate; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate to contest the

validity, priority, or amount of any claim against the Debtor or its estate; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate with respect to any and all claims or causes of action against any third party; (d) shall be construed as a promise to pay a claim or continue any applicable program postpetition, which decision shall be in the discretion of the Debtor; or (e) shall create, or is intended to create, any rights in favor of, or enhance the status of any claim held by, any person. Any payment made pursuant to this Final Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

5. Nothing in the Motion or this Final Order, nor as a result of any payment, setoff, deduction or issuance of credit, made pursuant to this Final Order, shall be deemed or construed as a waiver of the rights of the Debtor, or shall impair the ability of the Debtor, to contest the validity and amount of any payment, setoff, deduction or issuance of credit, made pursuant to this Final Order.

6. Nothing contained in this Final Order shall be construed to accelerate payments that are not otherwise due and payable.

7. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon entry hereof and notice of the Motion as provided therein shall be deemed good and sufficient pursuant to the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

8. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

Dated: May 29th, 2025  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE