**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SYNTHEGO CORPORATION,[1] | Case No. 25-10823 (MFW) |
| Debtor. | |

Hearing Date:  June 27, 2025, at 2:00 pm ET
Objection Deadline: June 20, 2025, at 4:00 pm ET

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) GRANTING
CONDITIONAL APPROVAL OF THE ADEQUACY OF DISCLOSURES IN THE
COMBINED DISCLOSURE STATEMENT AND PLAN; (II) SCHEDULING A COMBINED
CONFIRMATION HEARING AND SETTING DEADLINES RELATED THERETO;
(III) APPROVING SOLICITATION PACKAGES AND PROCEDURES;
(IV) APPROVING THE FORMS OF BALLOTS; AND (V) GRANTING RELATED RELIEF**

PACHULSKI STANG ZIEHL & JONES LLP
Debra I. Grassgreen (admitted *pro hac vice*)
Maxim B. Litvak (admitted *pro hac vice*)
Malhar S. Pagay (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8750
Wilmington, Delaware 19899-8705
Tel:  302-652-4100
Fax: 302-652-4400
Email:     dgrassgreen@pszjlaw.com
           mlitvak@pszjlaw.com
           mpagay@pszjlaw.com
           joneill@pszjlaw.com

*Counsel to the Debtor and Debtor in Possession*

Dated:  May 29, 2025

---

[1] The Debtor's mailing address is 3696 Haven Avenue, Suite A, Redwood City, California, 94063, and the last four digits of the Debtor's federal tax identification number is 9518.

# TABLE OF CONTENTS

**Page**

JURISDICTION AND VENUE .................................................................................................1

BACKGROUND ......................................................................................................................2

    A.     Chapter 11 Case ..............................................................................................2

    B.     The Combined Disclosure Statement and Plan.........................................................3

RELIEF REQUESTED.............................................................................................................5

BASIS FOR RELIEF REQUESTED.........................................................................................7

    A.     Combined Hearing ...............................................................................................7

    B.     Request for Interim Conditional Approval of the Disclosures ...............................8

    C.     Scheduling the Confirmation Hearing and Setting Objection Deadline...............11

    D.     Approval of Form and Manner of Notice of Combined Hearing ..........................13

    E.     Plan Supplement ...............................................................................................14

SOLICITATION AND VOTING PROCEDURES.....................................................................14

    A.     Solicitation Package...........................................................................................14

    B.     Ballots and Voting ...............................................................................................18

    C.     Approval of Procedures for Vote Tabulation.......................................................20

WAIVER OF BANKRUPTCY RULE 6004(A) .........................................................................24

NOTICE...................................................................................................................................24

CONCLUSION.........................................................................................................................24

The above-captioned debtor and debtor in possession (the "Debtor") hereby moves (the "Motion") the Court for the entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (a) granting interim conditional approval of the adequacy of disclosures (the "Disclosures") contained in the *Combined Disclosure Statement and Plan of Liquidation of Synthego Corporation Under Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Combined Disclosure Statement and Plan"[2] or, separately in relevant part, the "Disclosure Statement" or the "Plan"), (b) scheduling a final hearing (the "Combined Hearing") on final approval of the adequacy of Disclosures, combined with a hearing on confirmation of the Combined Disclosure Statement and Plan, and related deadlines; (c) approving the solicitation procedures set forth herein; (d) approving the forms of ballots for the voting classes and the forms of notices to non-voting classes; and (e) granting related relief as set forth in the Proposed Order. In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1.     The district court has jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     The Debtor confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Combined Disclosure Statement and Plan.

Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief sought herein are sections 105, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1, 3017-1, and 3017-2.

## BACKGROUND

### A.      Chapter 11 Case

5.      On May 5, 2025 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to manage and operate its business as debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No committee or trustee has been appointed.

6.      The Debtor commenced this chapter 11 case to preserve and maximize value for all stakeholders through a sale of substantially all of the Debtor's assets, followed by confirmation of a chapter 11 plan of liquidation.  The Debtor determined that, absent a strategic transaction, Synthego was no longer viable to conduct its business over a long period of time due to its financial constraints.  To maintain operations through a sale process, the Debtor obtained debtor in possession financing from its prepetition secured lender, Perceptive Credit Holdings III, LP, as agent and lender (the "DIP Lender").  The DIP Lender is also the proposed stalking horse buyer for the Debtor's assets (in such capacity, the "Stalking Horse Bidder").

7.      Additional information regarding the Debtor's history and business operations, capital structure, and the events leading up to the commencement of the chapter 11 case can be found in the *Declaration of Craig Christianson in Support of the Debtor's Chapter 11 Petition and First Day Relief* [Dkt. No. 3] and the *Declaration of Allen Soong in Support of the Debtor's Chapter 11 Petition and First Day Relief* [Dkt. No. 4].

**B.      The Combined Disclosure Statement and Plan**

8.      The Debtor is in the process of marketing and selling substantially all of its assets to the Stalking Horse Bidder or a successful overbidder.  The sale is scheduled to close by no later than July 18, 2025.  Pursuant to the proposed Plan, following consummation of the sale, the Debtor will complete the orderly liquidation and wind-down of its business affairs, address pending claims, and make distributions to creditors as efficiently as possible through the Plan.

9.      The Plan provides for, as of the Effective Date, the Post-Effective-Date Debtor Representative to make distributions in accordance with the Plan, using the Available Cash and, if applicable, the GUC Fund ($200,000), to creditors, and wind down the Post-Effective-Date Debtor and the Estate consistent with the Plan.  Generally, distributions under the Plan to Creditors will be made in accordance with the priority scheme under the Bankruptcy Code (subject to the Subordination Agreements); *provided, however*, if Class 4 (Unsecured Claims) votes to accept the Plan, the Prepetition Lenders (i) will allow for the funding of the GUC Fund for the benefit of the Holders of Class 4 Unsecured Claims (which, if Class 4 Votes to accept the Plan, shall not include the Prepetition Lenders Deficiency Claim), and (ii) in the event of a Stalking Horse Sale Transaction, will be deemed to turn over and contribute to the Holders of Allowed Class 4 Unsecured Claims any distributions that would otherwise be made to the Prepetition Lenders under the Plan on account of the Prepetition Lenders Stub Claim (which is expected to total approximately $1,000,000).  If Class 4 votes to reject the Plan, then no GUC Fund will be made

3

available to the Holders of Allowed Class 4 Unsecured Claims and the Prepetition Lenders Deficiency Claim will share pro rata in any distributions to Class 4 Unsecured Claims.

10.     Holders of the Class 4 Unsecured Claims, the 2024 Non-Convertible Notes (Class 5), and the 2023 Convertible Notes (Class 6) will receive Distributions, if any, in accordance with the Distribution Waterfall and the applicable Subordination Agreements.  In light of the terms of the Subordination Agreements, no Distributions are expected to the Holders of Class 5 or Class 6 under the Plan.  All of the Debtor's rights to dispute and challenge the amount, priority, status and/or nature of the 2024 Non-Convertible Notes and the 2023 Convertible Notes are expressly reserved.  There will be no distributions to Holders of Interests under the Plan.  In a Chapter 7 proceeding, absent confirmation of the Plan, general unsecured creditors would likely receive no or smaller distributions on account of their claims.

11.     Claims and equity Interests are classified under the Plan as follows:

| Class | Status | Voting Rights |
|---|---|---|
| Class 1 – Priority Non-Tax Claims | Unimpaired | Deemed to Accept |
| Class 2 – Prepetition Lenders Secured Claims and Prepetition Lenders Stub Claims | Impaired | Entitled to Vote |
| Class 3 – Other Secured Claims | Unimpaired | Deemed to Accept |
| Class 4 – Unsecured Claims | Impaired | Entitled to Vote |
| Class 5 – 2024 Non-Convertible Notes Claims | Impaired | Entitled to Vote |
| Class 6 – 2023 Convertible Notes Claims | Impaired | Entitled to Vote |
| Class 7 – Interests | Impaired | Deemed to Reject |

12.     As shown above, the Combined Disclosure Statement and Plan presently provides for seven different Classes of Claims and Interests.  Under the Combined Disclosure Statement and Plan, Claims in Classes 2, 4, 5 and 6 (collectively, the "Voting Classes") are Impaired by the Combined Disclosure Statement and Plan, and such Holders are entitled to vote to reject or accept the Combined Disclosure Statement and Plan.  Claims in Classes 1 and 3 (collectively, the "Unimpaired Classes") are Unimpaired by the Combined Disclosure Statement and Plan, and such

holders are deemed to have accepted the Combined Disclosure Statement and Plan pursuant to section 1126(f) of the Bankruptcy Code and are therefore not entitled to vote on the Combined Disclosure Statement and Plan.  Holders of Interests in Class 7 (collectively, the "Deemed Rejecting Classes") are Impaired, will not receive or retain any property under the Combined Disclosure Statement and Plan and such Holders are deemed to have rejected the Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code and are therefore not entitled to vote on the Combined Disclosure Statement and Plan.

13.    In addition, pursuant to section 1123(a)(1) of the Bankruptcy Code, the Combined Disclosure Statement and Plan designates three categories of Claims that are entitled to receive Distributions under the Combined Disclosure Statement and Plan, but are not classified for purposes of voting to accept or reject the Combined Disclosure Statement and Plan.  These categories of Claims are Administrative Claims, DIP Facility Claims, and Priority Tax Claims.

**RELIEF REQUESTED**

14.    By this Motion, the Debtor requests (i) interim conditional approval of the adequacy of Disclosures solely to permit the Debtor to solicit the Combined Disclosure Statement and Plan, with final approval of the Disclosures combined with the hearing on confirmation of the Combined Disclosure Statement and Plan (the "Combined Hearing") as contemplated by Local Rule 3017-2; (ii) scheduling the Combined Hearing fixing other dates and deadlines related to solicitation and confirmation of the Combined Disclosure Statement and Plan, as set forth in the proposed confirmation schedule below; (iii) approving certain solicitation, notice, and tabulation procedures with respect to confirmation of the Combined Disclosure Statement and Plan; (iv) approving the form of the ballots and notices in connection therewith; and (v) granting other related relief.

15.    A summary of the key dates that the Debtor seeks to establish, subject to the Court's availability, are as follows:

| PROPOSED TIMETABLE | |
|---|---|
| **Event** | **Date** |
| Voting Record Date | June 27, 2025, however, the Voting Agent will send supplemental solicitation packages to parties who file claims after the Voting Record Date and on or before the requested Bar Date (July 3, 2025) as soon as reasonably practicable after the claim is filed |
| Deadline to Mail Solicitation Packages / Solicitation Commences | Five (5) business days after entry of Proposed Order |
| Combined Hearing Notice Service Deadline | July 1, 2025 |
| Deadline for Creditors to File Rule 3018 Motions | July 8, 2025  at 4:00 p.m. (ET) |
| Deadline for Debtor to Respond to Rule 3018 Motions | July 22, 2025 at 4:00 p.m. (ET) |
| Deadline to File Plan Supplement | July 22, 2025 |
| Voting Deadline | July 29, 2025 at 4:00 p.m. (ET) |
| Deadline to file and serve Objections to Combined Disclosure Statement and Plan Confirmation and/or final approval of the adequacy of the Disclosures | July 29, 2025 at 4:00 p.m. (ET) |
| Deadline to file: (1) Voting Tabulation Affidavit; (2) Confirmation Brief; and (3) reply to any objection to Confirmation | July 31, 2025 at 4:00 p.m. (ET) |
| Combined Hearing on final approval of Disclosures and Confirmation of the Combined Disclosure Statement and Plan | August 5, 2025 at 2:00 p.m. (ET) |

## BASIS FOR RELIEF REQUESTED

### A.    Combined Hearing

16.    Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128; *see also* Fed. R. Bankr. P. 3017(c).[3]

17.    Local Rule 3017-2(a) applies "to all cases arising under chapter 11 of the Code where a plan proponent is seeking Court permission to have combined hearings on approval of a disclosure statement and confirmation of a plan . . . ." Local Rule 3017-2(b) recognizes that a plan proponent may combine a disclosure statement with a plan and that a combined plan proponent may file a motion seeking "interim approval of the disclosure statement," "approval of solicitation procedures," and "scheduling a joint hearing to consider final approval of the adequacy of the disclosure statement and confirmation of the proposed plan." Additionally, section 105 of the Bankruptcy Code expressly authorizes the Court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the Court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically." *See* 11 U.S.C. 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."); *In re Luminent Mortgage Capital Inc.*, Case No. 08-21389 (Bankr. D. Md. May 15, 2009).

18.    Pursuant to this authority, courts in this District have combined hearings on approval of disclosure statements and confirmation of plans in chapter 11 cases. *See e.g.*, *In re*

---

[3] Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

*American Physician Partners, LLC*, Case No. 23-11469 (BLS) (Bankr. D. Del. Nov. 1, 2023); *In re JAB Energy Solutions II, LLC,* Case No. 21-11226 (CTG) (Bankr. D. Del. Sept. 13, 2022); *In re Wardman Hotel Owner, L.L.C.*, Case No. 21-10023 (JTD) (Bankr. D. Del. Sept. 1, 2022); *In re MobiTV, Inc.*, Case No. 21-10457 (LSS) (Bankr. D. Del. Aug. 10, 2021); *In re Phoenix Brands, LLC*, Case No. 16-1124 (BLS) (Bankr. D. Del. Nov. 21, 2016); *In re JMO Wind Down, Inc.*, Case No. 16-10682 (BLS) (Bankr. D. Del. Sept. 1, 2016); *In re SDI Solutions LLC*, Case No. 16-10627 (CSS) (Bankr. D. Del. May 24, 2016*); In re Nuo Therapeutics, Inc*., Case No. 16-10192 (MFW) (Bankr. D. Del. Mar 29, 2016); *In re Hipcricket, Inc.*, Case No. 15-10104 (LSS) (Bankr. D. Del. Mar. 3l, 2015).

19.     Consistent with the foregoing authority, the Debtor respectfully requests that the Court consolidate its approval of the Disclosures and confirmation of the Combined Disclosure Statement and Plan at the single Combined Hearing and enter an order scheduling the Combined Hearing for **August 5, 2025 at 2:00 p.m. (ET)**.  A combined hearing will streamline and expedite the confirmation process, which will inure directly to the benefit of the Debtor's creditors by hastening the implementation of the Combined Disclosure Statement and Plan.  Accordingly, the Combined Hearing will spare the Debtor the additional administrative expenses associated with a two-stage process and promote judicial efficiency and economy.

**B.**     **Request for Interim Conditional Approval of the Disclosures**

20.     As noted above, the Debtor intends to seek final approval of the Disclosures at the Combined Hearing.  By this Motion, the Debtor submits that the Disclosures contain adequate information.  Accordingly, the Debtor requests that the Court (a) approve the adequacy of the Disclosures on an interim conditional basis to permit the Debtor to use the Combined Disclosure Statement and Plan in the solicitation process as described herein and (b) approve the Disclosures on a final basis as part of the order confirming the Combined Disclosure Statement and Plan.

21.     Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired claims and interests entitled to vote on the plan.  Specifically, section 1125(a)(1) of the Bankruptcy Code states, in relevant part:

> "Adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the Debtor and the condition of the Debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the Debtor, any successor to the Debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan. . . . [I]n determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1).

22.     The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need to make an informed decision regarding whether or not to vote for the plan.  *See, e.g., Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001); *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987). Congress intended that informed judgments would be needed to both negotiate the terms of, and vote on, a plan of reorganization.  *Century Glove*, 860 F.2d at 100.

23.     "Adequate information" is a flexible standard, based on the facts and circumstances of each case.  *See* 11 U.S.C. § 1125(a)(1); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125, we discern that

adequate information will be determined by the facts and circumstances of each case."); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (explaining that the adequacy of a disclosure statement is to be "determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties").

24.    Numerous courts acknowledge that determining what constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy Code resides within the broad discretion of the court.  *See, e.g., Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court."); *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) ("The standard for disclosure is, thus, flexible and what constitutes 'adequate information' in any particular situation is determined on a case-by-case basis, with the determination being largely within the discretion of the bankruptcy court.") (internal citation omitted); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D.N.J. 2005); *In re Phoenix Petroleum Co.*, 278 B.R. at 393.

25.    Here, the Disclosures contain ample information to allow well-informed judgments on the Combined Disclosure Statement and Plan.  Specifically, the Disclosures contain detailed information with respect to, among other things: (a) the Debtor's business and prepetition capital structure; (b) the relevant events and circumstances preceding the chapter 11 case; (c) the major events during the administration of the chapter 11 case; (d) the key terms of the Combined Disclosure Statement and Plan; (e) estimates of the anticipated distributions to be received by holders of allowed claims; (f) the feasibility of the Plan; (g) a comparison to hypothetical liquidation under chapter 7 of the Bankruptcy Code; (h) risk factors that may affect the Plan; and

(i) the existence of federal tax consequences of the Combined Disclosure Statement and Plan for which creditors should seek independent counsel. *See, In re U.S. Brass Corp.*, 194 B.R. 420, 424-25 (Bankr. E.D. Tex. 1996) (listing factors that courts may consider in determining the adequacy of information provided in a disclosure statement); *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (same); *In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same).  Notably, disclosure regarding all conceivable topics is not necessary in every case.  *U.S. Brass*, 194 B.R. at 425; *In re Phoenix Petroleum Co.*, 278 B.R. at 393.

26.    Thus, the Debtor respectfully submits that the Disclosures contain "adequate information" within the meaning of section 1125 of the Bankruptcy Code.  Accordingly, the Court should authorize the Debtor to use the Combined Disclosure Statement and Plan during the solicitation period, subject to objections, and approve the Disclosures on a final basis at the Combined Hearing.

27.    The procedures described herein (the "Solicitation Procedures") provide for solicitation of the Combined Disclosure Statement and Plan in accordance with Local Rule 3017-2 and ensure that creditors and parties in interest will have sufficient time to review the Combined Disclosure Statement and Plan and file objections thereto in advance of the Combined Hearing. The Debtor will consider all requests to make reasonable changes to the Combined Disclosure Statement and Plan in advance of the hearing on this Motion.

**C.    Scheduling the Confirmation Hearing and Setting Objection Deadline**

28.    Pursuant to sections 1128(a) and 105(d)(2)(B)(vi) of the Bankruptcy Code, the Debtor requests that the Court set a hearing to consider confirmation of the Combined Disclosure Statement and Plan.  Pursuant to Local Rule 3017-2, the Debtor requests a single combined hearing (*i.e.*, the Combined Hearing), to seek the Court's final approval of the Disclosures and confirmation of the Combined Disclosure Statement and Plan.  *See* 11 U.S.C. § 1128(a) (providing

that, after notice, the Court shall hold a hearing on confirmation); 11 U.S.C. § 105(d)(2)(B)(vi) (authorizing the Court to combine hearing on approval of a disclosure statement with the confirmation hearing).

29.     The Debtor respectfully requests that the Court (a) set the Combined Hearing for **August 5, 2025 at 2:00 p.m. (ET)** and (b) set **July 29, 2025 at 4:00 p.m. (ET)** as the deadline by which any objections to final approval of the Disclosures and confirmation of the Combined Disclosure Statement and Plan must be filed (the "Objection Deadline"). The Debtor requests **July 31, 2025, at 4:00 p.m. (ET)** as the deadline to file: (1) a Voting Tabulation Affidavit; (2) the Confirmation Brief; and (3) any reply to any objection to Confirmation.

30.     The Debtor requests that the Court require that any objection to confirmation of the Combined Disclosure Statement and Plan ("Plan Objections") must be in writing, must conform to the Bankruptcy Rules, must set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtor, the basis for the objection, and the specific grounds of the objection. Plan Objections must be filed with the Bankruptcy Court and served upon: (i) counsel for the Debtor, (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: James E. O'Neill (joneill@pszjlaw.com); and (b) Pachulski Stang Ziehl & Jones LLP, One Sansome Street, Suite 3430, San Francisco, CA 94104, Attn: Debra Grassgreen (dgrassgreen@pszjlaw.com) and Maxim B. Litvak (mlitvak@pszjlaw.com); (ii) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Megan Seliber (megan.seliber@usdoj.gov); and (iii) counsel to the Prepetition Lenders and DIP Agent: (a) Morrison & Foerster LLP, 250 West 55th Street, Floor 20, New York, NY 10019, Attn: James A. Newton, Esq. (jnewton@mofo.com) and Miranda K. Russell, Esq. (mrussell@mofo.com); and (b)

Potter Anderson & Corroon LLP, Attn: Christopher M. Samis (csamis@potteranderson.com) and Brett M. Haywood (bhaywood@potteranderson.com).

31.     The Debtor believes that the proposed timing for filing and service of the objections to the Disclosure Statement or Plan and proposed modifications, if any, will afford the Court, the Debtor, and other parties in interest sufficient time to consider objections and proposed modifications, if any, prior to the Combined Hearing.

**D.      Approval of Form and Manner of Notice of Combined Hearing**

32.      The Debtor requests approval of the notice of the Combined Hearing substantially in the form of **Exhibit B** annexed hereto (the "Combined Hearing Notice").

33.     The Debtor proposes to set **June 27, 2025** as the record date for purposes of determining which Holders of Claims are potentially entitled to vote to accept or reject the Combined Disclosure Statement and Plan for purposes of serving the Combined Hearing Notice. However, the Voting Agent will send supplemental solicitation packages to parties who file claims after the Voting Record Date and on or before the requested Bar Date (July 3, 2025) as soon as reasonably practicable after the claim is filed.

34.     Pursuant to Bankruptcy Rules 2002 and 3017(d), the Combined Hearing Notice contains: (i) the Court's conditional approval of the adequacy of Disclosures; (ii) the deadline for voting on the Combined Disclosure Statement and Plan; (iii) the date of the Combined Hearing; (iv) the deadline and procedures for filing Plan Objections; and (iv) directions on how to obtain copies of those documents upon request by any parties in interest.  As required by Local Rule 3017-2(b)(iv), the Debtor certifies that notice of the deadline to object to final approval of the Disclosures and confirmation of the Combined Disclosure Statement and Plan will comply with the Bankruptcy Rule 2002(b), and that the date of the Combined Hearing shall not be less than seven (7) days after such objection deadline (unless otherwise ordered by the Court).

13

35.    The Combined Hearing Notice will be served, by first class mail, by no later than **July 1, 2025**, upon: (a) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (b) the Debtor's known creditors on its creditor matrix, including, among others, all taxing authorities, banks, UCC-1 lien holders, other secured creditors, litigants, and counterparties to contracts; (c) the Internal Revenue Service; (d) the Securities and Exchange Commission; (e) the United States Attorney's Office for the District of Delaware; (f) Holders of equity Interests; and (g) any party requesting special notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).

### E.    Plan Supplement

36.    The Debtor will file the Plan Supplement no later than July 22, 2025.

### SOLICITATION AND VOTING PROCEDURES

37.    As described above, the Debtor intends to distribute the Combined Disclosure Statement and Plan and solicit votes thereon prior to the Combined Hearing.  Bankruptcy Rule 3017(d) sets forth the materials that must be provided to Holders of Claims and equity Interests for the purpose of soliciting their votes to accept or reject a chapter 11 plan.  Bankruptcy Rule 3017(e) provides that "the court shall consider the procedures for transmitting the documents and information required by Bankruptcy Rule 3017(d) to beneficial holders of stock, bonds, debentures, notes, and other securities, determine the adequacy of such procedures and enter such orders as the court deems appropriate."  As set forth herein, the Solicitation Procedures are in compliance with the Bankruptcy Rules, the Local Rules and the Bankruptcy Code.

### A.    Solicitation Package

38.    Bankruptcy Rule 3017(d) specifies the materials to be distributed to creditors and equity security holders upon approval of a disclosure statement.  In accordance therewith, the Debtor proposes that the appointed claims and noticing agent, Epiq Corporate Restructuring, LLC

14

("Epiq" or the "Voting Agent"), transmit or cause to be transmitted, **within five (5) business days** after entry of the Proposed Order, the Combined Hearing Notice by first class mail to parties entitled to vote on the Combined Disclosure Statement and Plan (the "Voting Parties") a package containing: (a) the Combined Disclosure Statement and Plan; (b) the order granting interim conditional approval of the adequacy of disclosures (the "Order"), without exhibits (either by paper copy or in electronic format (*e.g.*, "PDF" format on a USB thumb drive), at the Debtor's and Voting Agent's discretion);[4] (c) a ballot, substantially in one of the forms annexed hereto as **Exhibit C** (the "Ballots"), as applicable; (d) a pre-addressed, postage prepaid return envelope; and (e) such other information as the Court may direct or approve (collectively, the "Solicitation Package"). The Debtor submits that such materials and manner of service satisfy the requirements of Bankruptcy Rule 3017(d). The Voting Agent will also transmit (or cause to be transmitted) the Solicitation Package, without a Ballot, by first class mail, to the U.S. Trustee and any party requesting special notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).

39.    The Debtor submits that permitting the Voting Agent to deliver the (i) Combined Disclosure Statement and Plan and (ii) Order by USB thumb drive is an environmentally friendly alternative that will eliminate additional expense and costs for the Debtor's estate without prejudicing any party because any party may request the documents in paper form. Any party that receives such components of the Solicitation Package by USB thumb drive, but instead desires a paper copy of those documents, may request such paper copies from the Voting Agent, free of charge, by (i) writing to Synthego Corporation, c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, Oregon 97005; (ii) emailing the Voting Agent at

---

[4] Only the (i) Combined Disclosure Statement and Plan and (ii) Order will be included on the USB thumb drive. All other components of the Solicitation Package, including Combined Hearing Notice, Ballot (with return envelope), and such other materials as the Court may direct or approve will be provided in paper format.

Synthego@epiqglobal.com (with "Synthego Solicitation Inquiry" in the subject line), or (iii) phoning the restructuring hotline maintained by the Voting Agent at (503) 966-4925 or (877) 311-5890 (Toll Free).

40.    Pursuant to section 1126(f) of the Bankruptcy Code, Unimpaired Creditors are "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required." 11 U.S.C. § 1126(f). Accordingly, the Debtor submits that it need not transmit a Solicitation Package to Holders of Claims in the Unimpaired Classes who are Unimpaired and deemed to have accepted the Combined Disclosure Statement and Plan.

41.    Pursuant to section 1126(g) of the Bankruptcy Code, "a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests." 11 U.S.C. § 1126(g). Therefore, the Debtor submits that it need not transmit Solicitation Packages to Holders of Claims and equity Interests in any Class that will not receive any distribution or retain property under the Combined Disclosure Statement and Plan and are deemed to have rejected the Combined Disclosure Statement and Plan.

42.    The Debtor proposes to mail or cause to be mailed to Holders of Claims in the Unimpaired Classes and the Deemed Rejecting Class (together, the "Non-Voting Classes"), **within five (5) business days** after entry of the Proposed Order, at the address to which notices are required to be sent pursuant to Bankruptcy Rule 2002(g), a notice, substantially in the forms attached hereto as **Exhibits D and E** (together, the "Non-Voting Notices"), setting forth: (a) the Non-Voting Classes; (b) summary of the treatment of Claims and equity Interests under the Combined Disclosure Statement and Plan; (c) the date and time of the Combined Hearing; (d) the deadline and procedures for filing Plan Objections; and (iv) the deadline for filing Administrative

Claims set forth in the Combined Disclosure Statement and Plan. The Non-Voting Notices will indicate that Non-Voting Parties may obtain a copy of the Combined Disclosure Statement and Plan free of charge from the Voting Agent.  The Non-Voting Notices contain all the required information with respect to the Combined Hearing, and, for the avoidance of doubt, the Debtor seeks direction to send only the Non-Voting Notices to Holders of Claims in the Non-Voting Classes.

43.     Notwithstanding anything herein to the contrary, the Debtor requests that neither it nor the Voting Agent be required to mail a Solicitation Package or any other materials related to voting or confirmation of the Plan to any person or entity from which the notice of the Motion or other mailed notice in this case was returned as undeliverable by the postal service, unless the Voting Agent is provided with accurate addresses for such persons or entities before the Voting Record Date.

44.     For purposes of serving the solicitation materials, the Debtor seeks authorization to rely on the address information (for voting and non-voting parties alike) maintained by the Debtor and provided by the Debtor to the Voting Agent.  To that end, the Debtor seeks the waiver of any obligation for the Debtor or Voting Agent to conduct any additional research for updated addresses based on undeliverable solicitation materials (including undeliverable Ballots) and will not be required to resend Solicitation Packages or other materials, including Non-Voting Notices, that are returned as undeliverable unless the Debtor is provided with accurate addresses for such parties prior to the Voting Record Date.

45.     The Voting Agent is required to retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, the Voting Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots;

17

printed solicitation materials including unused copies of the Solicitation Package; and all solicitation related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtor or the Clerk of the Court in writing within such one (1) year period.

46.     A holder shall only be entitled to vote on account of a claim arising from the rejection of an Executory Contract or Unexpired Lease if the claim is filed by the Voting Record Date; provided that if an Executory Contract or Unexpired Lease is rejected after the Voting Record Date but prior to the Combined Hearing, the contract counterparty will be allowed to vote its claim resulting from the rejection of such Executory Contract or Unexpired Lease.

**B.      Ballots and Voting**

47.     The Debtor proposes that the Court establish **June 27, 2025** as the record date (the "Voting Record Date") for the purposes of determining (a) which Creditors are entitled to receive a Solicitation Package and may be entitled to vote on the Combined Disclosure Statement and Plan, subject to the disallowance of such Creditors' Claims for voting purposes as set forth herein, or (b) the Holders of Claims and Interests entitled to receive the Non-Voting Notice.  However, the Voting Agent will send supplemental solicitation packages to parties who file claims after the Voting Record Date and on or before the requested Bar Date (July 3, 2025) as soon as reasonably practicable after the claim is filed.  Further, with respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim only if the parties have completed all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) by the Voting Record Date set forth above.  The amount of each Holder's Claim shall be determined for solicitation and voting purposes as of the Voting Record Date.  The Debtor proposes **July 29, 2025, at 4:00 p.m. (ET)** as the Voting Deadline.

48.     The Voting Agent shall be permitted to inspect, monitor, and supervise the solicitation process; inspect and tabulate the Ballots; and certify to the Court the results of the balloting.

49.     In addition to accepting hard copy Ballot submission via regular mail, overnight courier, and hand delivery, the Debtor seeks authorization to accept customized electronic Ballots submitted through the Voting Agent's online electronic Ballot submission portal, which can be accessed at https://dm.epiq11.com/case/synthego/info (the "E-Ballot Portal").   Any failure to follow the online instructions included with the Ballot may disqualify the Holder's vote.   Ballots cast by facsimile, e-mail, or other electronic transmission, except through the E-Ballot Portal, will not be counted.   Electronic submission through the E-Ballot Portal requires a Unique E-Ballot ID# to retrieve and submit the Holder's customized electronic Ballot.   Such Unique E-Ballot ID#'s are provided in the customized Ballots.   The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.   The encrypted data and audit trail created by submission via the E-Ballot Portal will become part of the record of any Ballot submitted through the E-Ballot Portal and the voting party's electronic signature affixed to their electronic Ballot will be deemed to be immediately legally valid and effective.

50.     The Debtor additionally requests that Creditors seeking to have a Claim temporarily allowed for purposes of voting to accept or reject the Combined Disclosure Statement and Plan pursuant to Bankruptcy Rule 3018(a) be required to file a motion (the "3018 Motion") for such relief no later than **July 8, 2025 at 4:00 p.m. (ET)**.   The deadline for any party in interest to object to a 3018 Motion shall be **July 22, 2025 at 4:00 p.m. (ET)**.   Any such 3018 Motion may also be resolved by agreement between the Debtor and the movant without the requirement for further order or approval of the Court.

C.      **Approval of Procedures for Vote Tabulation**

51.     The Debtor respectfully requests that the Court approve the voting and tabulation procedures described herein in accordance with Bankruptcy Code § 1126(c) and Bankruptcy Rule 3018(a).

52.     Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two thirds in amount and more than one half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).  Further, Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow [a] claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

53.     The Debtor requests that the Court approve the vote tabulation methodology as more fully set forth in the voting instructions on the Ballots (attached as **Exhibit C**) utilized by the Debtor.  The Debtor will not count or consider for any purpose in determining whether the Combined Disclosure Statement and Plan has been accepted or rejected the following Ballots: (a) any Ballot that is received after the Voting Deadline (unless the Voting Deadline as to such Ballot is extended by the Debtor in its discretion subject to disclosure thereof in the Voting Report); (b) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (c) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Combined Disclosure Statement and Plan; (d) any unsigned Ballot; (e) any Ballot not marked to accept or reject the Combined Disclosure Statement and Plan, or marked both to accept and reject the Plan; (f) any Ballot that was not accompanied by a signature;

20

and (g) any Ballot submitted by a party not entitled to cast a vote with respect to the Combined

Disclosure Statement and Plan.

54.     Additionally, as set forth in the proposed Ballots, the following procedures are

requested:

a.      If an objection has not been filed to a Claim, the amount of such Claim for voting purposes shall be the non-contingent, liquidated and undisputed Claim or Interest amount contained on a timely filed Proof of Claim or, if no Proof of Claim was timely filed, the non-contingent, liquidated and undisputed amount of such Claim listed in the Schedules;

b.      If a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed on or before the Voting Record Date; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline; such Claim shall be disallowed for voting purposes; provided, however, no Claim shall be disallowed for voting purposes to the extent such Claim is the subject of a Bankruptcy Court order providing that no proof of claim needs to be filed with respect to such Claim;

c.      Notwithstanding the foregoing, (i) Holders of Class 2 Prepetition Lenders Secured Claims and Prepetition Lenders Stub Claims will be entitled to vote the principal amount of such Claims held as of the Voting Record Date as reflected in (x) the Debtor's applicable books and records and/or (y) the list of Prepetition Secured Lenders maintained by the Prepetition Agent, and (ii) Holders of Class 5 – 2024 Non-Convertible Notes Claims, and Class 6 – 2023 Convertible Notes Claims will be entitled to vote the principal amount of such Claims held as of the Voting Record Date as reflected in the Debtor's books and records;

d.      If a claim for which a proof of claim has been timely filed for a wholly contingent, unliquidated, unknown or undetermined amounts, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

e.      Proofs of claim filed for $0.00 or claims scheduled for $0.00 are not entitled to vote;

f.      In the event a Claim is transferred after the transferor has executed and submitted a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim, provided that nothing herein shall be deemed to be a consent by the Debtor to the transfer of any claim;

g.     Notwithstanding anything to the contrary contained herein, any Creditor who has filed or purchased one or more duplicate Claims within the same voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims;

h.     Except to the extent the Debtor otherwise determines, no party may change its vote after its Ballot has been delivered to the Voting Agent unless the Holder of the Claim files a motion pursuant to Bankruptcy Rule 3018; *provided that*, notwithstanding the foregoing, subparagraph 'o' below will govern the submission of multiple Ballots prior to the Voting Deadline;

i.     Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan.  If a creditor attempts to split such vote on its Ballot, such Ballot will not be counted for voting purposes;

j.     For purposes of the numerosity requirement of § 1126(c), separate Claims held by a single Creditor in a particular Class shall be aggregated as if such Creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

k.     Votes cast pursuant to a Ballot that is not signed shall not be counted, unless the Court orders otherwise;

l.     The method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each Holder of a Claim, but such delivery will be deemed made only when the executed Ballot is actually received by the Voting Agent;

m.     Delivery of the executed Ballot to the Voting Agent on or before the Voting Deadline is required.  Delivery of a Ballot by facsimile, email, or any other electronic means, except as expressly provided herein and/or in the Proposed Order and/or Ballots will not be accepted unless otherwise agreed by the Debtor in writing or ordered by the Court;

n.     No Ballot sent to the Debtor, or the Debtor's financial or legal advisors, shall be accepted or counted;

o.     If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last dated and properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

p.     After the Voting Deadline, no valid Ballot may be withdrawn or modified without the express written consent of the Debtor;

q.     If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtor, must submit proper evidence, satisfactory to the Debtor, of such person's authority to so act in such capacity;

r.     The Debtor, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice.    Except as otherwise provided herein, the Debtor may, in its discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

s.     To assist in the solicitation process, the Debtor requests that the Court grant the Voting Agent the authority to contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, provided that, neither the Debtor, Voting Agent, nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any such party incur any liability for failure to provide such notification. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted (except as set forth in (r) above);

t.     Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtor, which determination shall be final and binding;

u.     If designation of a Claim is requested under § 1126(e), any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

v.     Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.  Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

w.     Neither the Debtor nor any other person or entity, including the Voting Agent, will be under any duty to provide notification of defects or irregularities with respect to the completion or delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

x.      No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Plan;

y.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and/or to opt out of the release; and

z.      The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or equity Interest.

55.     The Debtor believes the proposed voting, tabulation and related procedures comply with the Bankruptcy Code and the Bankruptcy Rules and are reasonable and appropriate under the circumstances of this case.

## WAIVER OF BANKRUPTCY RULE 6004(a)

56.     To implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a).

## NOTICE

57.     Notice of this Motion will be given to the following parties, or their counsel, if known: (a) U.S. Trustee; (b) counsel to the Prepetition Agent; (c) the 30 largest unsecured creditors; (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; (f) the United States Attorney's Office for the District of Delaware; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, and grant such other and further relief as this Court deems just and proper.

Dated:  May 29, 2025          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Debra I. Grassgreen (admitted *pro hac vice*)
Maxim B. Litvak (admitted *pro hac vice*)
Malhar S. Pagay (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8750
Wilmington, Delaware 19899-8705
Tel:  302-652-4100
Fax: 302-652-4400
Email:    dgrassgreen@pszjlaw.com
          mlitvak@pszjlaw.com
          mpagay@pszjlaw.com
          joneill@pszjlaw.com

*Counsel to the Debtor and Debtor in Possession*