**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SYNTHEGO CORPORATION,[1] | Case No. 25-10823 (MFW) |
| Debtor. | |

**STATEMENT OF FINANCIAL AFFAIRS FOR**
**SYNTHEGO CORPORATION**

[1] The Debtor's mailing address is 3696 Haven Avenue, Suite A, Redwood City, California, 94063, and the last four digits of the Debtor's federal tax identification number is 9518.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SYNTHEGO CORPORATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10823 (MFW) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Synthego Corporation, debtor in possession in the above-captioned chapter 11 case (the "Debtor"), has filed its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statement") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtor, with the assistance of Paladin Management Group LLC, ("Paladin") which has been proposed to provide a chief restructuring officer and additional personnel to assist the Debtor, prepared the Schedules and Statement in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

Allen Soong, the Debtor's Chief Restructuring Officer, has signed the Schedules and Statement. Mr. Soong is a co-founder and partner in Paladin Management Group LLC. Mr. Soong has more than twenty-five years of experience supporting company management teams and stakeholders across multiple industries. He has led over 80 large-scale engagements and has frequently assumed interim executive and CRO roles. Prior to Paladin, Mr. Soong led restructuring teams at Deloitte and CRG Partners Group prior to its sale to Deloitte.

In reviewing and signing the Schedules and Statement, Mr. Soong has necessarily relied upon the efforts, statements, and representations of the Debtor's personnel and professionals. Given the scale of the Debtor's business and complexity of its business covered by the Schedules and Statement, Mr. Soong has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

In preparing the Schedules and Statements, the Debtor and its professionals relied on financial data derived from the Debtor's books and records that was available at the time of such preparation. Although the Debtor has made every reasonable effort possible to date to ensure the accuracy and completeness of the Schedules and Statement, subsequent information or discovery may result in material changes to the Schedules and Statement. As a result, inadvertent errors or

[1] The Debtor's mailing address is 3696 Haven Avenue, Suite A, Redwood City, California, 94063, and the last four digits of the Debtor's federal tax identification number is 9518.

omissions may exist. For the avoidance of doubt, the Debtor hereby reserves its rights to amend and supplement the Schedules and Statement as may be necessary or appropriate.

The Debtor and its agents and attorneys do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtor and its agents and attorneys expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event shall the Debtor or its officers, employees, agents, or professionals be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtor or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtor or its officers, employees, agents, attorneys, or professionals are advised of the possibility of such damages.

**Global Notes and Overview of Methodology**

1. **Description of Case**. On May 5, 2025 (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These Global Notes apply to the Schedules and Statement filed by the Debtor.

2. **Global Notes Control**. These Global Notes pertain to and comprise an integral part of the Debtor's Schedules and Statement and should be referenced in connection with any review thereof. In the event that the Schedules and Statement conflict with these Global Notes, these Global Notes shall control.

3. **Reservations and Limitations**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statement based upon the information available in the Debtor's books and records. However, as noted above, inadvertent errors or omissions may exist. The Debtor reserves all rights to amend and supplement the Schedules and Statement as may be necessary or appropriate. Nothing contained in the Schedules and Statement constitutes a waiver of the Debtor's rights or an admission of any kind with respect to this Chapter 11 Case, including, but not limited to, any rights or claims of the Debtor against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

a. **No Admission**. Nothing contained in the Schedules and Statement is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtor, any assertion made therein or herein, or a waiver of the Debtor's rights to dispute any claim or assert any cause of action or defense against any party.

b. **Recharacterization**. Notwithstanding that the Debtor has made reasonable efforts to characterize, classify, categorize, or designate correctly certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statement, the Debtor nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtor thus reserves all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statement at a later time as is necessary and appropriate.

c. **Classifications**. Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtor of the legal rights of the claimant or contract counterparty, or a waiver of the Debtor's rights to recharacterize or reclassify such claim or contract.

d. **Claims Description**. Any failure to designate a claim on a given Debtor's Schedules and Statement as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtor reserves all rights to dispute, or assert offsets or defenses to, any claim reflected on its Schedules and Statement on any grounds, including, without limitation, liability or classification, or otherwise to designate subsequently such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim. Moreover, listing a claim does not constitute an admission of liability by the Debtor. The Debtor reserves all rights to amend its Schedules and Statement as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

e. **Estimates and Assumptions**. The preparation of the Schedules and Statement required the Debtor to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statement, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

f. **Intellectual Property Rights**. Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have

not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

g. **Insiders**. Certain Statement questions require the Debtor to disclose payments to "insiders." Solely for purposes of these Statement questions, the Debtor included as "insiders" the following: (a) the Debtor's directors, (b) the Debtor's officers, (c) a person in control of the Debtor, and (d) any relatives of any of the foregoing (if known by the Debtor), each as determined as of the Petition Date. Persons have been included in the Statement for informational purposes only, and the listing of an individual as an insider is not intended to be, and should not be construed as, a legal characterization of that person as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are reserved.

The listing of a party as an insider for purposes of the Schedules and Statement is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statement has been included for informational purposes only and such information may not be used for the purposes of determining control of the Debtor, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over the Debtor, or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purpose.

In the circumstance where the Schedules and Statement require information regarding "insiders," the Debtor has included information with respect to the individuals whom the Debtor believes are included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.

4. **Methodology**.

a. **Basis of Presentation**. The Schedules and Statement do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of the Debtor. The Schedules and Statement contain unaudited information that is subject to further review and potential adjustment. The Schedules and Statement reflect the Debtor's reasonable efforts to report the assets and liabilities of the Debtor on an unconsolidated basis except as noted on the applicable Schedules and Statement or herein.

b. **Duplication**. Certain of the Debtor's assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statement and Schedules. To the extent these disclosures would be duplicative, the Debtor has determined only to list such assets, liabilities, and prepetition payments once.

**Net Book Value**. In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtor. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtor to obtain current market valuations for its assets. In addition, the Debtor is currently marketing its assets as part of a 363 sale(s) to be sold to a potential buyer for the highest or otherwise best price. Accordingly, unless otherwise indicated, the Debtor's Schedules and Statements reflect net book values. . Additionally, because the book values of certain assets, such as equipment, work in process, patents, trademarks, copyrights, and other intangible assets, may materially differ from their fair market values, they may be listed as undetermined amounts. The Debtor's intellectual property was generally not capitalizable under GAAP. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value. As such, market values may vary from net book value, and such variance may be material. The Debtor reserves all rights to amend, supplement, or adjust the asset values set forth herein.

c. **Property and Equipment**. Unless otherwise indicated, owned property and equipment are valued at net book value. The Debtor may lease real property, furniture, fixtures, and equipment from certain third-party lessors. To the extent possible, any such leases are listed in the Schedules and Statement. Nothing in the Schedules and Statement is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtor reserves all rights with respect thereto.

d. **Allocation of Liabilities**. The Debtor allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statement. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

The Debtor reserves the right to, but are not required to, amend the Schedules and Statement as they deem appropriate to reflect this. The liabilities listed on the Schedules and Statement do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtor reserves all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

e. **Undetermined Amounts**. Claim amounts that could not readily be quantified by the Debtor are scheduled as "undetermined." The description of an amount as "undetermined" is not intended to reflect upon the materiality of the amount.

f. **Unliquidated Amounts**. Amounts that could not be fairly quantified by the Debtor are scheduled as "unliquidated" or "unknown."

g. **Totals**. All totals that are included in the Schedules and Statement represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

h. **Guarantees and Other Secondary Liability Claims**. The Debtor has exercised reasonable efforts to locate and identify guarantees in its executory contracts, unexpired leases, secured financings, and other such agreements. The Debtor may have inadvertently omitted guarantees embedded in its contractual agreements and may identify additional guarantees as it continues its review of its books and records and contractual agreements.

i. **Excluded Assets and Liabilities**. The Debtor has excluded the following categories of assets and liabilities from the Schedules and Statement: certain deferred rent charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; and certain accrued liabilities. Other immaterial assets and liabilities may also have been excluded.

j. **Liens**. The inventories, property, and equipment listed in the Schedules and Statement are presented without consideration of any liens.

k. **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

l. **Setoffs**. The Debtor may incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to counterparty settlements, and deposits received. These normal, ordinary course setoffs and nettings are due to the nature of the Debtor's relationships. Such setoffs and other similar rights may have been accounted for when scheduling certain amounts; these ordinary course setoffs are not independently accounted for and as such are or may be excluded from the Debtor's Schedules and Statement. In addition, some amounts listed in the Schedules and Statement may have been affected by setoffs or nettings by third parties of which the Debtor is not yet aware. The Debtor reserves all rights to challenge any setoff and/or recoupment rights that may be asserted.

m. **Payment of Prepetition Claims Pursuant to First Day Orders**. The Bankruptcy Court has entered orders (the "First Day Orders") authorizing, but not directing, the Debtor to, among other things, pay certain prepetition (a) claims; (b) taxes; (c) employee wages (including accrued and unused paid time off), salaries, and other compensation and benefits; and (d) obligations related to the use of the Debtor's cash management system. Where the Schedules and Statement list creditors and set forth the Debtor's scheduled amounts attributable to such claims, such scheduled amounts reflect balances owed as of the Petition Date. To the extent any adjustments are necessary for any payments made on account of such claims following the commencement of this Chapter 11 Case pursuant to the authority granted to the Debtor by the Bankruptcy Court under the First Day Orders, such adjustments have been included in the Schedules and Statement unless otherwise noted on the applicable Schedule or Statement. The Debtor reserves the right to

update the Schedules and Statement to reflect payments made pursuant to the First Day Orders.

**5. <u>Specific Schedules Disclosures</u>.**

a. **Schedule A/B – Real and Personal Property**. Asset values are reported as of May 5, 2025, unless otherwise noted herein.

b. **Schedule A/B, Part 1 – Cash and Cash Equivalents.** Details with respect to the Debtor's cash management system and bank accounts are provided in the Cash Management Motion and any orders of the Bankruptcy Court granting the Cash Management Motion. As described therein, the Debtor utilizes a centralized cash management system.

c. **Schedule A/B, Part 2 – Deposits and Prepayments**. The Bankruptcy Court, pursuant to the *Order (FINAL) (I) Approving Proposed Form of Adequate Assurance of Payment to Utility Companies; (II) Establishing Procedures for Resolving Objections by Utility Companies; (III) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Service; and (IV) Granting Related Relief* [Docket No. 85], has authorized the Debtor to provide adequate assurance of payment for future utility services. Such deposits are not listed on Schedule A/B, Part 2, which has been prepared as of the Petition Date.

d. **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment and Collectibles; Part 8 – Fixed Asset Listing**. The Debtor tracks fixed assets and depreciation in a fixed asset system connected within its accounting system. Generally, fixed asset descriptions may include very broad descriptions (*e.g.*, "Computer Hardware"), may include a vendor name in lieu of an asset description, may have multiple line items associated with a single asset if multiple general ledger transactions occurred for a single asset, or may combine multiple assets into one line item on the Schedules and Statements. Assets have been categorized based on the Debtor's general ledger asset classifications and categorizations included in the company's reconciliations of the fixed asset accounts. Dollar amounts are presented net of accumulated depreciation and other adjustments.

e. **Schedule A/B; Part 10 – Intangibles and Intellectual Property**. Patents, trademarks, and other intellectual property are listed on Schedule A/B, Part 10. Considering book values of intangible assets such as patents, trademarks, copyrights, and other intangibles, may materially differ from their fair market values, they may be listed as undetermined amounts. Further, it would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtor to obtain current market valuations for these assets. The Debtor's intellectual property was generally not capitalizable under GAAP; for instance, patents developed internally in the normal course of business are typically expensed. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value. As such, market values may

vary from net book value, and such variance may be material. The Debtor reserves all rights to amend, supplement, or adjust the asset values set forth herein.

f. **Schedule A/B, Part 11 – All Other Assets**. Assets not otherwise listed in these Schedules are included in Part 11 of Schedule A/B. Dollar amounts are presented net of impairments and other adjustments.

g. **Schedule A/B.74 – Causes of Action**. Despite exercising its reasonable efforts to identify all known assets, the Debtor may not have listed all its causes of action or potential causes of action against third parties as assets in their Schedules including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. Unless otherwise noted on specific responses, items reported on Schedule A/B are reported from the Debtor's books and records as of the Petition Date. The Debtor reserves all its rights with respect to any claims and causes of action they may have. Neither these Global Notes nor the Schedules shall be deemed a waiver of any such claims or causes of action or to prejudice or impair the assertion thereof in any way.

h. **Schedule A/B.75 – Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims**. In the ordinary course of its business, the Debtor may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, or refunds. Additionally, the Debtor may be party to pending litigation in which the Debtor has asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Because certain of these claims are unknown to the Debtor and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

i. **Schedule D – Creditors Who Have Claims Secured by Property**. Except as otherwise set forth in any order with respect to the *Motion of the Debtor for Entry of Interim Order (I) Authorizing the Debtor to Obtain Post-petition Secured Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 42] or other stipulation or order entered by the Bankruptcy Court, the Debtor reserves its rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. To the extent the Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other entities, and no claim set forth on Schedule D is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

j. **Schedule E/F – Creditors Who Have Unsecured Claims**.

***Part 1 – Creditors with Priority Unsecured Claims***. Pursuant to the *Final Order:*

*(I) Authorizing the Payment of Certain Taxes and Fees; and (II) Granting Related Relief* [Docket No. 84] (the "Taxes Order"), the Debtor has been granted the authority to pay, in their discretion, certain tax liabilities that accrued prepetition. The Debtor is in the process of reconciling their potential tax liabilities in various jurisdictions and, consequently, such liabilities may be indicated as "Unliquidated," and any amounts listed constitute the Debtor's good faith estimates of the amounts of such liabilities. To the extent the Debtor paid any such prepetition taxes in accordance with the Taxes Order, the associated claims are not listed in the Debtor's Schedules.

Furthermore, pursuant to the *Final Order (I) Authorizing the Debtor to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 88] (the "Wages Order"), the Debtor received authority to pay certain prepetition obligations, including to pay employee wages (including accrued but unused paid time off) and other employee benefits, in the ordinary course of business. To the extent the Debtor paid any such prepetition wage and employee benefit obligations in accordance with the Wages Order, the associated claims are not listed in the Debtor's Schedules. The Debtor has not scheduled accrued but unused paid time off because pursuant to the Wage Order the Debtor is authorized to pay such claims as and when they become payable (i.e., at the time of an employee's termination, in connection with a sale of the Debtor's assets, or as part of a plan of reorganization.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtor that such claim or any portion thereof is entitled to priority status.

***Part 2 – Creditors with Nonpriority Unsecured Claims***. The liabilities identified in Schedule E/F, Part 2, are derived from the Debtor's books and records. The Debtor made a reasonable attempt to set forth its unsecured obligations, although the actual amount of claims against the Debtor may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtor. The amounts for these potential claims are listed as "unknown" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases.

As of the time of filing of the Schedules and Statement, the Debtor may not have received all invoices for payables, expenses, and other liabilities that may have

accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtor reserves its rights to amend Schedules D and E/F if and as it receives such invoices.

In the ordinary course of business, the Debtor generally receives invoices for goods and services after the delivery of such goods or services. As of the filing of the Schedules and Statement, the Debtor may not have received all invoices for payables, expenses, or liabilities that may have accrued before the Petition Date. Accordingly, the information contained in Schedules E/F may be incomplete. The Debtor reserves the right, but are not required, to amend Schedules E/F if and as it receives such invoices. The claims of individual creditors are generally listed at the amounts recorded on the Debtor's books and records and may not reflect credits or allowances due from the creditor. The Debtor reserves all of its rights concerning credits or allowances.

Schedule E/F contains information regarding pending litigation involving the Debtor. The inclusion of any litigation in the Schedules and Statement does not constitute an admission by the Debtor of liability, the validity of any action, the availability of insurance coverage, or the amount or treatment of any claims, defenses, counterclaims, or cross-claims or the amount or treatment of any potential claim resulting from any current or future litigation. For the avoidance of doubt, the Debtor preserves all defenses with respect to any lawsuit listed on Schedule E/F, including, but not limited to, the right to dispute that any of the lawsuits listed were not properly filed or that the Debtor was not properly served a complaint in accordance with applicable state or federal laws. In addition, certain litigation or claims covered by insurance policies maintained by the Debtor may be excluded from Schedule E/F.

k. **Schedule G – Executory Contracts and Unexpired Leases**. The Debtor's business is large and complex. Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or overinclusion may have occurred.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease, that such contract or agreement was in effect on the Petition Date, or that such contract or agreement is valid or enforceable. Nothing herein shall be construed as an admission, concession, or evidence that any of the contracts, agreements, and leases identified on Schedule G: (i) constitute an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code and other applicable law; or (ii) have not expired or been terminated or otherwise are not currently in full force and effect. Moreover, omission of a contract or lease from Schedule G does not constitute an admission that the contract or lease is not an executory contract or unexpired lease. The Debtor reserves all of its rights, including its right to seek a later determination of these issues and its right to dispute the validity, status, characterization, or enforceability of any contract or lease in Schedule G.

Certain of these contracts or leases may have been modified, amended, or supplemented by various amendments, restatements, statement of works, waivers, estoppel certificates, letters, improvement initiatives, notices to proceed, field directives, side letters, commitment letters, and other documents, instruments, and agreements that may not be listed, but are nonetheless incorporated by this reference.

Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

The Debtor may have entered into various agreements in the ordinary course of its business, such as easements, rights of way, subordinations, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements, non-disclosure agreements, confidentiality agreements, and similar such agreements. These documents also may not be listed on Schedule G.

Certain of the agreements listed on Schedule G may have expired or terminated pursuant to their terms, but are listed on Schedule G in an abundance of caution.

The Debtor reserves all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the same supplier or provider may appear multiple times in the Debtor's Schedule G. Multiple listings, if any, reflect distinct agreements between the Debtor and such supplier or provider.

The listing of any contract on Schedule G does not constitute an admission by the Debtor as to the validity of any such contract. The Debtor reserves the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

**6. Specific Statements Disclosures**.

a. **Statements – Question 1 – Gross Revenues from Business**. The gross revenue from business is listed through 4/30/2025, rather than through the Petition Date. For the purposes of this question, the Debtor has classified all revenue and receipts as operating revenue.

b. **Statements – Question 2 – Non-Business Revenue**. Non-business revenue is listed through 4/30/2025, rather than through the Petition Date.

c. **Statements – Question 3 – 90 Day Payments**. The dates in the date of payment column relate to one of the following: (i) the date of a wire transfer; (ii) the date of an ACH payment; or (iii) the clearance or issuance date for a check or money order. Although the Debtor has attempted to remove unfunded and rejected payments, there may be items in process. Therefore, certain payments reflected in Question 3 may not have been paid, and those amounts may also appear as unsecured non-priority claims in Schedule E/F as amounts owed to the same entities. Payments or transfers made within the 90 days before the Petition Date to non-employee directors and/or insiders are included in Question 4 and are not listed on Question 3.

Payments made to bankruptcy professionals are not represented within this question. All payments made to bankruptcy professionals within 1 year of the Petition Date have instead been included within SOFA 11, as these payments are related to either debt consolidation or restructuring, bankruptcy relief, or filing a bankruptcy case.

d. **Statements – Question 4 – Payments to or for the Benefit of Insiders**.

a. General. For a discussion of insiders of the Debtor, refer to paragraph 3(j) of these Global Notes. The information reported on Statements, Part 2, Question 4 is representative of the total payments made to insiders, as described in paragraph 3(j) of these Global Notes during the one (1) year prior to the Petition Date. For the avoidance of doubt, the information reported on Statements, Part 2, Question 4 may include payments to individuals who may have been insiders at the time they were employed by a Debtor but are no longer employed by a Debtor.

b. Payments, distributions, and withdrawals credited or given to insiders listed under this question include: (i) transfers and payments to insiders made within 90 days of the Petition Date (such payments are not duplicated within Question 3); and (ii) transfers and payments that benefited any insider made within one year of the Petition Date that would otherwise be included in Question 30 herein.

e. **Statements – Question 6 – Setoffs**. The Debtor may routinely incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, counterparty settlements, pricing discrepancies, refunds, negotiations, or disputes between the Debtor and third parties. Due to the potentially voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtor to list each such transaction. Therefore, ordinary course setoffs are excluded from the Debtor's responses to Question 6 of the Statements. Moreover, the Debtor does not have any non-ordinary course setoffs to report in Question 6.

f. **Statements – Question 7 – Legal Actions or Assignments**. The Debtor is involved in various litigation matters in the ordinary course of business. The Debtor reserves all of its rights and defenses with respect to any and all listed

lawsuits and administrative proceedings. The listing of any such suits and proceedings shall not constitute an admission by the Debtor of any liabilities or that the actions or proceedings were correctly filed against the Debtor. The Debtor also reserves its rights to assert that the Debtor is not an appropriate party to such actions or proceedings.

g. **Statements – Question 9 – Charitable Contributions**. The donations and/or charitable contributions listed in response to Question 9 represent payments made to third parties during the applicable timeframe that were recorded as such within the Debtor's books and records.

h. **Statements – Question 11 – Payments related to bankruptcy.** Payments made to bankruptcy professionals within one year of the Petition Date are represented in the response to this question; to the extent payments were made within 90 days preceding the Petition Date, they are listed here and not duplicated in the Debtor's response to Question 3. Payments listed in the response to this question could relate to fees, expense reimbursements or retainers.

i. **Statements – Question 26d – Financial Statements.** Over the prior two years, the Debtor has provided their financial statements to various parties, including potential lenders, investors, vendors, government entities and other interested parties either directly, through online data rooms or other diligence procedures.

j. **Statements – Question 28 – List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.** Reported herein are officers, directors, managing members, general partners, members in control, controlling shareholders, or other individuals or entities in control of the Debtor as of the Petition Date. Commercially reasonable efforts have been made to provide accurate and complete information regarding the ownership percentages reported herein.

k. **Statements – Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.** The Debtor believe that Question 30 was answered by the Debtor's response to Question 4 and have therefore not listed any payments, distributions, or withdrawals to insiders under this section.

## Right to Amend and/or Supplement

The Debtor reserves the right to amend and/or supplement the Schedules and Statement as may be necessary or appropriate.

## General Disclaimer

The Debtor has prepared the Schedules and Statements based on the information reflected in the Debtor's books and records. However, inasmuch as the Debtor's books and records have not been audited, the Debtor cannot warrant the absolute accuracy of these documents. The Debtor has made a diligent effort to complete these documents accurately and completely. To the extent

additional information becomes available, the Debtor will amend and supplement the Schedules and Statement.

The Debtor and its officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy, completeness, or timeliness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused, in whole or in part, by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. The Debtor and its officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event shall the Debtor or its officers, employees, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtor or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused.

**Fill in this information to identify the case:**

Debtor: Synthego Corporation

United States Bankruptcy Court for the: District of Delaware

Case number (if known): 25-10823

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

## Part 1: Income

1. **Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|---|---|
| FROM THE BEGINNING OF THE FISCAL YEAR TO FILING DATE: | From 1/1/2025 | To 4/30/2025 | ☑ Operating a business<br>☐ Other | $7,766,603.84 |
| FOR PRIOR YEAR: | From 1/1/2024 | To 12/31/2024 | ☑ Operating a business<br>☐ Other | $27,051,409.66 |
| FOR THE YEAR BEFORE THAT: | From 1/1/2023 | To 12/31/2023 | ☑ Operating a business<br>☐ Other | $50,022,770.86 |

2. **Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|
| FROM THE BEGINNING OF THE FISCAL YEAR TO FILING DATE: | From 1/1/2025 | To 4/30/2025 | INTEREST INCOME | $35,518.19 |
| FROM THE BEGINNING OF THE FISCAL YEAR TO FILING DATE: | From 1/1/2025 | To 4/30/2025 | SVB CREDIT CARD REBATES | $4,050.49 |
| FROM THE BEGINNING OF THE FISCAL YEAR TO FILING DATE: | From 1/1/2025 | To 4/30/2025 | TRANSITIONAL SERVICE AGREEMENT WITH EDITCO - CROSSCHARGES | $29,930.61 |
| FROM THE BEGINNING OF THE FISCAL YEAR TO FILING DATE: | From 1/1/2025 | To 4/30/2025 | SALE OF EQUIPMENT | $6,427.99 |
| FOR PRIOR YEAR: | From 1/1/2024 | To 12/31/2024 | INTEREST INCOME | $286,215.99 |
| FOR PRIOR YEAR: | From 1/1/2024 | To 12/31/2024 | SUBLEASE RENTAL INCOME | $4,496,724.23 |
| FOR PRIOR YEAR: | From 1/1/2024 | To 12/31/2024 | LEASE TERMINATION (NON-CASH) | $8,489,750.01 |
| FOR PRIOR YEAR: | From 1/1/2024 | To 12/31/2024 | SVB CREDIT CARD REBATES | $15,445.73 |
| FOR PRIOR YEAR: | From 1/1/2024 | To 12/31/2024 | TRANSITIONAL SERVICE AGREEMENT WITH EDITCO - CROSSCHARGES | $971,714.06 |
| FOR THE YEAR BEFORE THAT: | From 1/1/2023 | To 12/31/2023 | INTEREST INCOME | $530,224.00 |
| FOR THE YEAR BEFORE THAT: | From 1/1/2023 | To 12/31/2023 | SUBLEASE RENTAL INCOME | $3,338,446.88 |
| FOR THE YEAR BEFORE THAT: | From 1/1/2023 | To 12/31/2023 | SVB CREDIT CARD REBATES | $26,828.63 |

| Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|

**Part 2: List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/1/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| #THROUGHTHEPAIN INC<br>150 GROSSMAN DR STE 203<br>BRAINTREE, MA 02184-4902 | 05/01/2025 | $10,000.00 | TRADE |
| **TOTAL FOR #THROUGHTHEPAIN INC** | | **$10,000.00** | |
| 955 CHARTER PARTNERS<br>2596 BAY ROAD<br>SUITE A<br>REDWOOD CITY, CA 94063 | 02/20/2025 | $74,334.66 | LEASE |
| | 03/20/2025 | $74,334.66 | LEASE |
| | 04/28/2025 | $76,505.74 | LEASE |
| **TOTAL FOR 955 CHARTER PARTNERS** | | **$225,175.06** | |
| AGILENT TECHNOLOGIES INC<br>PO BOX 742108<br>LOS ANGELES, CA 90074-2108 | 02/12/2025 | $134.69 | TRADE |
| | 02/27/2025 | $60,668.27 | TRADE |
| | 03/06/2025 | $397.20 | TRADE |
| | 03/13/2025 | $1,514.74 | TRADE |
| | 03/20/2025 | $4,192.61 | TRADE |
| | 04/07/2025 | $4,947.60 | TRADE |
| | 04/07/2025 | $1,408.60 | TRADE |
| | 04/07/2025 | $821.15 | TRADE |
| | 04/07/2025 | $153.83 | TRADE |
| | 04/14/2025 | $8,283.65 | TRADE |
| | 04/14/2025 | $3,050.13 | TRADE |
| | 04/14/2025 | $904.05 | TRADE |
| | 04/14/2025 | $605.42 | TRADE |
| | 04/14/2025 | $369.66 | TRADE |
| | 04/14/2025 | $259.58 | TRADE |
| | 04/21/2025 | $5,009.98 | TRADE |
| | 04/22/2025 | $1,918.42 | TRADE |
| | 05/01/2025 | $28,935.12 | TRADE |
| | 05/01/2025 | $13,000.00 | TRADE |
| | 05/01/2025 | $788.57 | TRADE |
| **TOTAL FOR AGILENT TECHNOLOGIES INC** | | **$137,363.27** | |
| AHMED KHAN<br>[ADDRESS ON FILE] | 02/12/2025 | $5,500.00 | CONSULTING FEE |
| | 04/04/2025 | $5,400.00 | CONSULTING FEE |
| | 04/04/2025 | $5,350.00 | CONSULTING FEE |
| **TOTAL FOR AHMED KHAN** | | **$16,250.00** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| AIRGAS USA, LLC<br>PO BOX 102289<br>PASADENA, CA 91189-2289 | 02/20/2025 | $7,090.78 | TRADE |
| | 02/27/2025 | $4,901.63 | TRADE |
| | 03/06/2025 | $3,242.75 | TRADE |
| | 03/13/2025 | $8,984.81 | TRADE |
| | 04/11/2025 | $846.69 | TRADE |
| | 04/15/2025 | $8,590.19 | TRADE |
| | 04/21/2025 | $4,571.67 | TRADE |
| | 04/21/2025 | $470.06 | TRADE |
| | 04/28/2025 | $12,423.47 | TRADE |
| | 05/01/2025 | $12,000.00 | TRADE |
| | 05/01/2025 | $1,565.34 | TRADE |
| | 05/01/2025 | $1,418.93 | TRADE |
| **TOTAL FOR AIRGAS USA, LLC** | | **$66,106.32** | |
| ALK ABELLO, INC.<br>1700 ROYSTON LANE<br>ROUND ROCK, TX 78664 | 03/20/2025 | $3,587.54 | TRADE |
| | 04/21/2025 | $14,517.09 | TRADE |
| | 04/22/2025 | $6,682.44 | TRADE |
| | 05/01/2025 | $7,287.30 | TRADE |
| **TOTAL FOR ALK ABELLO, INC.** | | **$32,074.37** | |
| AMPAC FINE CHEMICALS, LLC<br>PO BOX 1718<br>RANCHO CORDOVA, CA 95741-1718 | 02/12/2025 | $27,330.00 | TRADE |
| | 02/20/2025 | $23,520.00 | TRADE |
| | 04/15/2025 | $20,055.00 | TRADE |
| | 04/28/2025 | $12,030.00 | TRADE |
| | 05/01/2025 | $20,000.00 | TRADE |
| **TOTAL FOR AMPAC FINE CHEMICALS, LLC** | | **$102,935.00** | |
| ANDERSEN TAX<br>PO BOX 25493<br>NEW YORK, NY 10087-5493 | 02/14/2025 | $20,000.00 | TAX CONSULTING |
| | 02/27/2025 | $13,611.25 | TAX CONSULTING |
| | 03/13/2025 | $23,000.00 | TAX CONSULTING |
| | 03/20/2025 | $6,000.00 | TAX CONSULTING |
| | 04/29/2025 | $41,315.00 | TAX CONSULTING |
| | 05/01/2025 | $1,500.00 | TAX CONSULTING |
| **TOTAL FOR ANDERSEN TAX** | | **$105,426.25** | |
| ANGELA M SUMMERS<br>[ADDRESS ON FILE] | 02/10/2025 | $5,550.00 | CONTRACTOR |
| | 02/12/2025 | $3,000.00 | CONTRACTOR |
| | 02/21/2025 | $5,475.00 | CONTRACTOR |
| | 03/13/2025 | $6,000.00 | CONTRACTOR |
| | 03/20/2025 | $6,000.00 | CONTRACTOR |
| | 04/08/2025 | $6,000.00 | CONTRACTOR |
| | 04/28/2025 | $6,501.88 | CONTRACTOR |
| | 04/29/2025 | $7,572.60 | CONTRACTOR |
| **TOTAL FOR ANGELA M SUMMERS** | | **$46,099.48** | |
| AON CONSULTING, INC<br>PO BOX 100137<br>PASADENA, CA 91189-0137 | 02/12/2025 | $12,500.00 | TRADE |
| **TOTAL FOR AON CONSULTING, INC** | | **$12,500.00** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| AVALARA<br>DEPT. CH 16781<br>PALATINE, IL 60055-6781 | 04/21/2025 | $12,221.06 | TAX SOFTWARE |
| **TOTAL FOR AVALARA** | | **$12,221.06** | |
| BARTON INTEGRATION LLC<br>5151 CALIFORNIA AVENUE<br>SUITE 100<br>IRVINE, CA 92617 | 03/13/2025 | $2,930.00 | TRADE |
| | 04/15/2025 | $2,930.00 | TRADE |
| | 05/01/2025 | $2,930.00 | TRADE |
| | 05/02/2025 | $2,820.00 | TRADE |
| | 05/02/2025 | $110.00 | TRADE |
| **TOTAL FOR BARTON INTEGRATION LLC** | | **$11,720.00** | |
| BEAM CONSULTING<br>814 NORTH PACIFIC STREET<br>OCEANSIDE, CA 92054 | 02/12/2025 | $10,800.00 | TRADE |
| | 04/30/2025 | $13,000.00 | TRADE |
| | 05/01/2025 | $5,833.33 | TRADE |
| **TOTAL FOR BEAM CONSULTING** | | **$29,633.33** | |
| BSI GROUP AMERICA INC.<br>PO BOX 23425<br>NEW YORK, NY 10087-3425 | 04/16/2025 | $450.00 | TRADE |
| | 04/21/2025 | $2,947.50 | TRADE |
| | 04/22/2025 | $762.43 | TRADE |
| | 04/28/2025 | $6,644.72 | TRADE |
| **TOTAL FOR BSI GROUP AMERICA INC.** | | **$10,804.65** | |
| BUCHI CORPORATION<br>PO BOX 12997<br>PHILADELPHIA, PA 19176-0997 | 02/20/2025 | $1,575.92 | TRADE |
| | 03/13/2025 | $2,346.20 | TRADE |
| | 04/21/2025 | $0.00 | TRADE |
| | 05/02/2025 | $23,393.40 | TRADE |
| **TOTAL FOR BUCHI CORPORATION** | | **$27,315.52** | |
| BURKE HERRING, LLC<br>1569 SOLANO AVE<br>271<br>BERKELEY, CA 94707 | 02/20/2025 | $2,650.00 | TRADE |
| | 04/16/2025 | $9,000.00 | TRADE |
| | 04/28/2025 | $4,890.00 | TRADE |
| | 05/01/2025 | $3,000.00 | TRADE |
| **TOTAL FOR BURKE HERRING, LLC** | | **$19,540.00** | |
| CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION<br>PO BOX 942879<br>SACRAMENTO, CA 94063-4604 | 02/20/2025 | $112,689.51 | TAX / LICENSE |
| **TOTAL FOR CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION** | | **$112,689.51** | |
| CDW LLC<br>PO BOX 75723<br>CHICAGO, IL 60675-5723 | 02/11/2025 | $244.02 | TRADE |
| | 03/18/2025 | $12,473.22 | TRADE |
| | 03/18/2025 | $137.24 | TRADE |
| | 04/16/2025 | $6,207.90 | TRADE |
| | 04/28/2025 | $33,323.42 | TRADE |
| **TOTAL FOR CDW LLC** | | **$52,385.80** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| CHEMGENES CORPORATION<br>33 INDUSTRIAL WAY<br>WILMINGTON, MA 01887 | 02/10/2025 | $16,196.96 | TRADE |
| | 02/12/2025 | $22,440.08 | TRADE |
| | 03/06/2025 | $11,880.02 | TRADE |
| | 03/13/2025 | $1,961.04 | TRADE |
| | 03/20/2025 | $6,051.72 | TRADE |
| | 04/16/2025 | $6,411.06 | TRADE |
| | 04/28/2025 | $62,635.60 | TRADE |
| | 04/28/2025 | $5,978.05 | TRADE |
| | 05/01/2025 | $30,000.00 | TRADE |
| | 05/01/2025 | $11,057.85 | TRADE |
| | 05/02/2025 | $0.00 | TRADE |
| | 05/02/2025 | $0.00 | TRADE |
| **TOTAL FOR CHEMGENES CORPORATION** | | **$174,612.38** | |
| CITY OF REDWOOD CITY (UTILITY SERVICES)<br>PO BOX 841201<br>LOS ANGELES, CA 90084-1201 | 02/11/2025 | $2,282.61 | UTILITIES |
| | 02/20/2025 | $3,589.70 | UTILITIES |
| | 03/13/2025 | $2,297.80 | UTILITIES |
| | 04/21/2025 | $3,558.68 | UTILITIES |
| | 04/22/2025 | $2,297.80 | UTILITIES |
| **TOTAL FOR CITY OF REDWOOD CITY (UTILITY SERVICES)** | | **$14,026.59** | |
| CLEAR SPIDER INC.<br>5749 COOPERS AVE<br>MISSISSAUGA, ON L4Z 1R9<br>CANADA | 02/20/2025 | $17,300.00 | TRADE |
| | 04/28/2025 | $3,912.00 | TRADE |
| | 05/01/2025 | $3,912.00 | TRADE |
| **TOTAL FOR CLEAR SPIDER INC.** | | **$25,124.00** | |
| COLE-PARMER<br>625 EAST BUNKER COURT<br>VERNON HILLS, IL 60061 | 03/06/2025 | $215.07 | TRADE |
| | 04/28/2025 | $7,176.54 | TRADE |
| | 04/28/2025 | $796.48 | TRADE |
| | 04/28/2025 | $429.10 | TRADE |
| **TOTAL FOR COLE-PARMER** | | **$8,617.19** | |
| COMMISSIONING AGENTS, INC.<br>PO BOX 34320<br>INDIANAPOLIS, IN 46234 | 02/20/2025 | $32,000.00 | TRADE |
| **TOTAL FOR COMMISSIONING AGENTS, INC.** | | **$32,000.00** | |
| CONFIG CONSULTANTS, LLC (A5)<br>4900 HOPYARD RD<br>SUITE 100<br>PLEASANTON, CA 94588 | 02/12/2025 | $1,400.00 | TRADE |
| | 04/29/2025 | $6,000.00 | TRADE |
| | 05/01/2025 | $2,333.33 | TRADE |
| **TOTAL FOR CONFIG CONSULTANTS, LLC (A5)** | | **$9,733.33** | |
| CONTENTSTACK, LLC<br>1023 SPRINGDALE ROAD<br>BLDG 14A<br>AUSTIN, TX 78721 | 04/28/2025 | $50,000.00 | TRADE |
| **TOTAL FOR CONTENTSTACK, LLC** | | **$50,000.00** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| COPY PRO INC<br>2500-A DEAN LESHER DR.<br>CONCORD, CA 94520 | 05/01/2025 | $11,250.00 | TRADE |
| **TOTAL FOR COPY PRO INC** | | **$11,250.00** | |
| CRISPR MEDICINE MEDIA APS<br>KONG GEORGS VEJ 12<br>FREDERIKSBERG 2000<br>DENMARK | 03/11/2025 | $9,000.00 | TRADE |
| **TOTAL FOR CRISPR MEDICINE MEDIA APS** | | **$9,000.00** | |
| CSC<br>PO BOX 7410023<br>CHICAGO, IL 60674-5023 | 02/21/2025 | $97,198.60 | TRADE |
| | 03/20/2025 | $223.60 | TRADE |
| | 04/16/2025 | $1,884.00 | TRADE |
| | 05/01/2025 | $21,920.00 | TRADE |
| **TOTAL FOR CSC** | | **$121,226.20** | |
| D4H TECHNOLOGIES LTD.<br>THE BAILY LIGHTHOUSE<br>DUBLIN 13<br>IRELAND | 04/21/2025 | $9,000.00 | TRADE |
| **TOTAL FOR D4H TECHNOLOGIES LTD.** | | **$9,000.00** | |
| DAIKIN APPLIED AMERICA INC<br>24827 NETWORK PLACE<br>CHICAGO, IL 60673 | 04/28/2025 | $19,360.00 | TRADE |
| | 04/28/2025 | $11,726.75 | TRADE |
| **TOTAL FOR DAIKIN APPLIED AMERICA INC** | | **$31,086.75** | |
| DASHENG BIOTECH (HONG KONG) LIMITED<br>RM 22, 3/F MYLOFT NO. 9 HOL. WING RD<br>TUEN MUN, NT<br>HONG KONG<br>HONG KONG | 04/03/2025 | $10,000.00 | TRADE |
| **TOTAL FOR DASHENG BIOTECH (HONG KONG) LIMITED** | | **$10,000.00** | |
| DDP SPECIALTY ELECTRONIC MATERIALS US, LLC<br>974 CENTRE ROAD<br>WILMINGTON, DE 19805 | 03/06/2025 | $29,864.53 | TRADE |
| **TOTAL FOR DDP SPECIALTY ELECTRONIC MATERIALS US, LLC** | | **$29,864.53** | |
| DIAAGO LLC<br>1598 BALTIMORE PIKE<br>1ST FLOOR, SOUTH<br>CHADDS FORD, PA 19317 | 03/20/2025 | $6,484.77 | TRADE |
| | 04/28/2025 | $6,552.62 | TRADE |
| | 05/01/2025 | $6,552.62 | TRADE |
| | 05/01/2025 | $2,000.00 | TRADE |
| **TOTAL FOR DIAAGO LLC** | | **$21,590.01** | |
| DOCUSIGN<br>PO BOX 735445<br>DALLAS, TX 75373-5445 | 02/11/2025 | $31,395.00 | TRADE |
| **TOTAL FOR DOCUSIGN** | | **$31,395.00** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| EGGLI PROPERTIES<br>3585 HAVEN AVENUE<br>SUITE G<br>MENLO PARK, CA 94025 | 02/12/2025 | $27,721.93 | TRADE |
| | 03/06/2025 | $27,721.93 | TRADE |
| | 04/21/2025 | $27,721.93 | TRADE |
| | 04/28/2025 | $27,721.93 | TRADE |
| **TOTAL FOR EGGLI PROPERTIES** | | **$110,887.72** | |
| ELDORADO FORKLIFT COMPANY<br>3582 HAVEN AVENUE<br>REDWOOD CITY, CA 94063 | 02/10/2025 | $923.71 | TRADE |
| | 02/12/2025 | $401.04 | TRADE |
| | 02/20/2025 | $768.03 | TRADE |
| | 03/06/2025 | $12,739.25 | TRADE |
| | 03/13/2025 | $768.03 | TRADE |
| | 04/03/2025 | $781.19 | TRADE |
| | 04/16/2025 | $768.03 | TRADE |
| | 04/28/2025 | $401.04 | TRADE |
| | 04/30/2025 | $768.03 | TRADE |
| | 05/01/2025 | $1,863.92 | TRADE |
| | 05/01/2025 | $401.04 | TRADE |
| | 05/02/2025 | $299.98 | TRADE |
| | 05/02/2025 | $193.28 | TRADE |
| **TOTAL FOR ELDORADO FORKLIFT COMPANY** | | **$21,076.57** | |
| ELEMENT MATERIALS TECHNOLOGY (CONCORD)<br>2341 STANWELL DRIVE<br>CONCORD, CA 94520 | 02/10/2025 | $20,543.00 | TRADE |
| | 02/27/2025 | $12,513.00 | TRADE |
| | 04/03/2025 | $4,305.00 | TRADE |
| | 04/28/2025 | $32,110.00 | TRADE |
| | 05/02/2025 | $84,721.00 | TRADE |
| | 05/02/2025 | $2,620.00 | TRADE |
| **TOTAL FOR ELEMENT MATERIALS TECHNOLOGY (CONCORD)** | | **$156,812.00** | |
| ELLAB, INC<br>303 E 17TH AVE STE 10<br>DENVER, CO 80203 | 04/29/2025 | $17,387.74 | TRADE |
| **TOTAL FOR ELLAB, INC** | | **$17,387.74** | |
| EMD MILLIPORE<br>25802 NETWORK PLACE<br>CHICAGO, IL 60673 | 02/10/2025 | $61,989.24 | TRADE |
| | 02/20/2025 | $725.18 | TRADE |
| | 02/28/2025 | $3,480.43 | TRADE |
| | 03/06/2025 | $25,666.24 | TRADE |
| | 03/13/2025 | $2,568.66 | TRADE |
| | 03/20/2025 | $9,851.85 | TRADE |
| | 04/16/2025 | $53,664.13 | TRADE |
| | 04/28/2025 | $79,970.11 | TRADE |
| | 05/01/2025 | $22,075.77 | TRADE |
| | 05/01/2025 | $20,000.00 | TRADE |
| **TOTAL FOR EMD MILLIPORE** | | **$279,991.61** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| FEDERAL EXPRESS<br>PO BOX 371461<br>PITTSBURGH, PA 15250-7461 | 02/10/2025 | $3,144.02 | TRADE |
| | 02/10/2025 | $2,994.56 | TRADE |
| | 02/10/2025 | $1,087.69 | TRADE |
| | 02/10/2025 | $267.63 | TRADE |
| | 02/10/2025 | $16.69 | TRADE |
| | 02/12/2025 | $2,653.60 | TRADE |
| | 02/12/2025 | $1,283.05 | TRADE |
| | 02/20/2025 | $2,113.22 | TRADE |
| | 02/27/2025 | $4,716.85 | TRADE |
| | 02/27/2025 | $3,748.95 | TRADE |
| | 02/27/2025 | $2,473.32 | TRADE |
| | 02/27/2025 | $2,227.33 | TRADE |
| | 02/27/2025 | $196.79 | TRADE |
| | 02/27/2025 | $23.39 | TRADE |
| | 02/27/2025 | $11.78 | TRADE |
| | 02/27/2025 | $10.13 | TRADE |
| | 03/05/2025 | $5,215.75 | TRADE |
| | 03/05/2025 | $3,442.55 | TRADE |
| | 03/05/2025 | $2,843.70 | TRADE |
| | 03/05/2025 | $223.93 | TRADE |
| | 03/05/2025 | $29.96 | TRADE |
| | 03/14/2025 | $2,921.90 | TRADE |
| | 03/20/2025 | $5,696.35 | TRADE |
| | 03/20/2025 | $3,529.49 | TRADE |
| | 04/16/2025 | $15,319.57 | TRADE |
| | 04/21/2025 | $7,489.25 | TRADE |
| | 04/21/2025 | $37.37 | TRADE |
| | 04/22/2025 | $9,089.85 | TRADE |
| | 04/28/2025 | $4,301.05 | TRADE |
| | 04/28/2025 | $3,347.01 | TRADE |
| | 04/28/2025 | $3,215.30 | TRADE |
| | 04/28/2025 | $1,990.48 | TRADE |
| | 04/28/2025 | $370.00 | TRADE |
| | 04/28/2025 | $229.88 | TRADE |
| | 04/28/2025 | $167.20 | TRADE |
| | 04/28/2025 | $48.12 | TRADE |
| | 04/28/2025 | $9.26 | TRADE |
| | 04/28/2025 | $3.60 | TRADE |
| | 04/28/2025 | $0.00 | TRADE |
| | 05/02/2025 | $20,000.00 | TRADE |
| | 05/02/2025 | $4,795.51 | TRADE |
| | 05/02/2025 | $1,907.66 | TRADE |
| | 05/02/2025 | $1,848.39 | TRADE |
| | 05/02/2025 | $192.68 | TRADE |
| **TOTAL FOR FEDERAL EXPRESS** | | **$125,234.81** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| FENWICK & WEST LLP<br>PO BOX 742814<br>LOS ANGELES, CA 90074-2814 | 02/12/2025 | $18,187.74 | LEGAL (NON-BK RELATED MATTER) |
| | 02/20/2025 | $1,741.37 | LEGAL (NON-BK RELATED MATTER) |
| | 03/20/2025 | $24,241.51 | LEGAL (NON-BK RELATED MATTER) |
| | 04/16/2025 | $21,060.05 | LEGAL (NON-BK RELATED MATTER) |
| | 04/21/2025 | $19,300.60 | LEGAL (NON-BK RELATED MATTER) |
| **TOTAL FOR FENWICK & WEST LLP** | | **$84,531.27** | |
| FISHER SCIENTIFIC<br>13551 COLLECTIONS CTR DR<br>CHICAGO, IL 60693 | 02/20/2025 | $3,453.02 | TRADE |
| | 02/20/2025 | $1,120.08 | TRADE |
| | 02/27/2025 | $45,525.08 | TRADE |
| | 03/06/2025 | $26,626.19 | TRADE |
| | 03/13/2025 | $18,303.01 | TRADE |
| | 03/13/2025 | $382.95 | TRADE |
| | 03/20/2025 | $2,038.24 | TRADE |
| | 04/03/2025 | $2,285.47 | TRADE |
| | 04/16/2025 | $5,922.59 | TRADE |
| | 04/21/2025 | $6,499.36 | TRADE |
| | 04/21/2025 | $1,420.05 | TRADE |
| | 04/21/2025 | $278.35 | TRADE |
| | 04/28/2025 | $16,965.15 | TRADE |
| | 04/30/2025 | $9,813.84 | TRADE |
| | 04/30/2025 | $5,879.18 | TRADE |
| | 05/01/2025 | $3,000.00 | TRADE |
| | 05/01/2025 | $648.76 | TRADE |
| | 05/01/2025 | $304.89 | TRADE |
| | 05/01/2025 | $131.03 | TRADE |
| | 05/02/2025 | $181.09 | TRADE |
| **TOTAL FOR FISHER SCIENTIFIC** | | **$150,778.33** | |
| GLEN RESEARCH CORP<br>22825 DAVIS DRIVE<br>SUITE 100<br>STERLING, VA 20164 | 03/20/2025 | $9,900.00 | TRADE |
| | 04/28/2025 | $5,500.00 | TRADE |
| **TOTAL FOR GLEN RESEARCH CORP** | | **$15,400.00** | |
| GLOBAL LIFE SCIENCES SOLUTIONS USA LLC<br>100 RESULTS WAY<br>MARLBOROUGH, MA 01752 | 03/06/2025 | $3,910.00 | TRADE |
| | 03/14/2025 | $41,736.18 | TRADE |
| | 03/20/2025 | $12,641.09 | TRADE |
| | 04/28/2025 | $30,595.00 | TRADE |
| | 05/01/2025 | $500.00 | TRADE |
| **TOTAL FOR GLOBAL LIFE SCIENCES SOLUTIONS USA LLC** | | **$89,382.27** | |
| GOOGLE LLC<br>PO BOX 883654<br>LOS ANGELES, CA 90088-3654 | 02/24/2025 | $13,832.24 | TRADE |
| | 03/20/2025 | $19,507.83 | TRADE |
| | 03/21/2025 | $19,387.02 | TRADE |
| | 04/28/2025 | $22,327.63 | TRADE |
| | 05/01/2025 | $28,000.00 | TRADE |
| | 05/02/2025 | $21,069.78 | TRADE |
| **TOTAL FOR GOOGLE LLC** | | **$124,124.50** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| HAMILTON COMPANY<br>PO BOX 10030<br>RENO, NV 89520-0012 | 03/06/2025 | $5,476.57 | TRADE |
| | 03/13/2025 | $6,847.05 | TRADE |
| | 03/20/2025 | $5,398.14 | TRADE |
| | 04/16/2025 | $23,185.93 | TRADE |
| | 04/16/2025 | $4,664.54 | TRADE |
| | 04/21/2025 | $349.63 | TRADE |
| | 04/28/2025 | $8,098.36 | TRADE |
| | 05/01/2025 | $9,206.64 | TRADE |
| **TOTAL FOR HAMILTON COMPANY** | | **$63,226.86** | |
| HAVEN AVE., LLC (FORMERLY WHITE PROPERTIES)<br>431 BURGESS DR<br>SUITE 200<br>MENLO PARK, CA 94025-3478 | 02/12/2025 | $122,567.74 | LEASE |
| | 03/14/2025 | $93,689.57 | LEASE |
| | 03/27/2025 | $23,063.87 | LEASE |
| | 04/15/2025 | $130,320.09 | LEASE |
| | 04/28/2025 | $126,087.50 | LEASE |
| | 04/28/2025 | $13,734.68 | LEASE |
| | 05/02/2025 | $49,953.28 | LEASE |
| | 05/02/2025 | $44,188.75 | LEASE |
| **TOTAL FOR HAVEN AVE., LLC (FORMERLY WHITE PROPERTIES)** | | **$603,605.48** | |
| HAWK RIDGE SYSTEMS LLC<br>575 CLYDE AVE SUITE 420<br>MOUNTAIN VIEW, CA 94043-2272 | 02/04/2025 | $5,100.82 | TRADE |
| | 04/28/2025 | $10,201.62 | TRADE |
| **TOTAL FOR HAWK RIDGE SYSTEMS LLC** | | **$15,302.44** | |
| HCP LIFE SCIENCE REIT<br>FILE 51142<br>LOS ANGELES, CA 90074-1142 | 02/10/2025 | $1,075,000.00 | LEASE TERMINATION FEE (2 OFFICES) |
| **TOTAL FOR HCP LIFE SCIENCE REIT** | | **$1,075,000.00** | |
| HUBSPOT<br>PO BOX 419842<br>BOSTON, MA 02241-9842 | 04/21/2025 | $16,560.00 | TRADE |
| **TOTAL FOR HUBSPOT** | | **$16,560.00** | |
| HUIDAGENE THERAPEUTICS (SINGAPORE) PTE LTD<br>2 VENTURE DRIVE<br>11-31 VISION EXCHANGE<br>SINGAPORE 522491<br>SINGAPORE | 02/07/2025 | $100,000.00 | ROYALTY |
| | 04/29/2025 | $1,977.33 | ROYALTY |
| **TOTAL FOR HUIDAGENE THERAPEUTICS (SINGAPORE) PTE LTD** | | **$101,977.33** | |
| IDT - INTEGRATED DNA TECHNOLOGIES<br>PO BOX 74007330<br>CHICAGO, IL 60674-7330 | 03/13/2025 | $7,318.28 | TRADE |
| | 04/28/2025 | $0.00 | TRADE |
| | 05/01/2025 | $13,332.70 | TRADE |
| | 05/01/2025 | $7,571.43 | TRADE |
| | 05/01/2025 | $583.87 | TRADE |
| **TOTAL FOR IDT - INTEGRATED DNA TECHNOLOGIES** | | **$28,806.28** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| ILLUMINA, INC.<br>12864 COLLECTION CENTER DR.<br>CHICAGO, IL 60693-0128 | 03/06/2025 | $16,938.37 | TRADE |
| | 03/13/2025 | $2,852.36 | TRADE |
| | 03/27/2025 | $4,283.00 | TRADE |
| | 04/16/2025 | $0.00 | TRADE |
| | 05/01/2025 | $3,000.00 | TRADE |
| | 05/01/2025 | $2,980.37 | TRADE |
| | 05/01/2025 | $509.16 | TRADE |
| | 05/02/2025 | $444.00 | TRADE |
| | 05/02/2025 | $65.16 | TRADE |
| **TOTAL FOR ILLUMINA, INC.** | | **$31,072.42** | |
| IMCS, INC<br>110 CENTRUM DR.<br>IRMO, SC 29063 | 02/27/2025 | $58,692.00 | TRADE |
| | 04/16/2025 | $58,642.00 | TRADE |
| | 05/01/2025 | $34,024.00 | TRADE |
| | 05/02/2025 | $33,229.00 | TRADE |
| **TOTAL FOR IMCS, INC** | | **$184,587.00** | |
| INFORMA CONNECT LIMITED<br>27 MIDDLEBOROUGH<br>COLCHESTER CO1 1TG<br>UNITED KINGDOM | 02/12/2025 | $11,015.22 | TRADE |
| **TOTAL FOR INFORMA CONNECT LIMITED** | | **$11,015.22** | |
| INGENIUM GROUP LLC<br>955 W MISSION AVE<br>ESCONDIDO, CA 92025 | 02/10/2025 | $49,493.93 | TRADE |
| | 02/20/2025 | $48,576.44 | TRADE |
| | 03/06/2025 | $4,466.24 | TRADE |
| | 03/13/2025 | $17,686.33 | TRADE |
| | 04/03/2025 | $13,386.91 | TRADE |
| | 04/16/2025 | $17,520.76 | TRADE |
| | 05/01/2025 | $37,333.33 | TRADE |
| | 05/01/2025 | $23,541.11 | TRADE |
| | 05/02/2025 | $4,798.96 | TRADE |
| | 05/02/2025 | $4,226.28 | TRADE |
| | 05/02/2025 | $4,124.79 | TRADE |
| | 05/02/2025 | $3,827.86 | TRADE |
| | 05/02/2025 | $1,453.78 | TRADE |
| | 05/02/2025 | $1,133.53 | TRADE |
| | 05/02/2025 | $1,098.43 | TRADE |
| | 05/02/2025 | $1,064.50 | TRADE |
| **TOTAL FOR INGENIUM GROUP LLC** | | **$233,733.18** | |
| INTELLETRACE, INC.<br>1602 GRANT AVE<br>SUITE 208<br>NOVATO, CA 94945 | 02/10/2025 | $9,938.66 | TRADE |
| | 02/27/2025 | $9,932.79 | TRADE |
| | 03/27/2025 | $9,935.08 | TRADE |
| | 04/28/2025 | $19,572.00 | TRADE |
| **TOTAL FOR INTELLETRACE, INC.** | | **$49,378.53** | |
| INTERVISION SYSTEMS, LLC<br>2270 MARTIN AVE<br>SANTA CLARA, CA 95050 | 04/28/2025 | $8,715.36 | TRADE |
| **TOTAL FOR INTERVISION SYSTEMS, LLC** | | **$8,715.36** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| JASON MILLER<br>ADDRESS ON FILE | 02/10/2025 | $3,623.43 | BUSINESS EXPENSE REIMBURSEMENT |
| | 03/21/2025 | $2,359.25 | BUSINESS EXPENSE REIMBURSEMENT |
| | 03/31/2025 | $994.71 | BUSINESS EXPENSE REIMBURSEMENT |
| | 04/29/2025 | $4,150.99 | BUSINESS EXPENSE REIMBURSEMENT |
| **TOTAL FOR JASON MILLER** | | **$11,128.38** | |
| KACTUS BIO<br>60 HICKORY DRIVE<br>WALTHAM, MA 02451 | 02/10/2025 | $16,869.90 | TRADE |
| | 03/13/2025 | $24,394.71 | TRADE |
| | 05/02/2025 | $20,000.00 | TRADE |
| | 05/02/2025 | $17,300.64 | TRADE |
| | 05/02/2025 | $16,379.34 | TRADE |
| | 05/02/2025 | $16,379.34 | TRADE |
| | 05/02/2025 | $8,000.00 | TRADE |
| | 05/02/2025 | $7,600.00 | TRADE |
| **TOTAL FOR KACTUS BIO** | | **$126,923.93** | |
| LATHAM & WATKINS LLP<br>555 WEST 5TH STREET<br>LOS ANGELES, CA 90013-1010 | 02/12/2025 | $33,349.20 | LEGAL |
| | 02/20/2025 | $5,482.40 | LEGAL |
| **TOTAL FOR LATHAM & WATKINS LLP** | | **$38,831.60** | |
| LEE & ASSOCIATES RESCUE<br>14670 CALIFORNIA 9<br>BOULDER CREEK, CA 95006 | 04/03/2025 | $10,294.94 | TRADE |
| | 04/16/2025 | $1,950.00 | TRADE |
| | 04/28/2025 | $19,000.00 | TRADE |
| **TOTAL FOR LEE & ASSOCIATES RESCUE** | | **$31,244.94** | |
| LIFE TECHNOLOGIES CORPORATION<br>12088 COLLECTIONS CENTER DR.<br>CHICAGO, IL 60693 | 04/28/2025 | $1,542.87 | TRADE |
| | 04/30/2025 | $212.90 | TRADE |
| | 05/01/2025 | $91,040.00 | TRADE |
| | 05/01/2025 | $331.64 | TRADE |
| **TOTAL FOR LIFE TECHNOLOGIES CORPORATION** | | **$93,127.41** | |
| LIGHTHOUSE WORLDWIDE SOLUTIONS<br>300 W ANTELOPE RD<br>WHITE CITY, OR 97503 | 04/28/2025 | $0.00 | TRADE |
| | 05/02/2025 | $6,717.82 | TRADE |
| | 05/02/2025 | $1,245.29 | TRADE |
| | 05/02/2025 | $831.36 | TRADE |
| **TOTAL FOR LIGHTHOUSE WORLDWIDE SOLUTIONS** | | **$8,794.47** | |
| LINKEDIN<br>1000 WEST MAUDE AVENUE<br>SUNNYVALE, CA 94085 | 02/20/2025 | $6,163.66 | TRADE |
| | 03/14/2025 | $9,480.00 | TRADE |
| | 03/27/2025 | $7,847.93 | TRADE |
| | 04/03/2025 | $17,800.00 | TRADE |
| | 04/21/2025 | $6,990.01 | TRADE |
| | 04/29/2025 | $7,672.25 | TRADE |
| | 05/01/2025 | $19,080.00 | TRADE |
| | 05/02/2025 | $9,480.00 | TRADE |
| **TOTAL FOR LINKEDIN** | | **$84,513.85** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| LINKSQUARES, INC.<br>60 STATE STREET, SUITE 1200<br>BOSTON, MA 02109 | 05/01/2025 | $48,470.33 | TRADE |
| **TOTAL FOR LINKSQUARES, INC.** | | **$48,470.33** | |
| MCMASTER-CARR<br>600 COUNTY LINE ROAD<br>ELMHURST, IL 60126 | 02/10/2025 | $434.90 | TRADE |
| | 02/12/2025 | $3,348.04 | TRADE |
| | 02/20/2025 | $2,079.39 | TRADE |
| | 02/27/2025 | $212.65 | TRADE |
| | 03/14/2025 | $2,610.84 | TRADE |
| | 03/20/2025 | $1,470.79 | TRADE |
| | 04/16/2025 | $19,215.40 | TRADE |
| | 04/21/2025 | $1,756.90 | TRADE |
| | 04/28/2025 | $2,929.70 | TRADE |
| | 05/01/2025 | $3,500.00 | TRADE |
| | 05/01/2025 | $2,465.86 | TRADE |
| | 05/02/2025 | $211.80 | TRADE |
| **TOTAL FOR MCMASTER-CARR** | | **$40,236.27** | |
| MERISSA HAMILTON<br>[ADDRESS ON FILE] | 02/12/2025 | $32,900.00 | CONTRACTOR |
| | 03/20/2025 | $20,900.00 | CONTRACTOR |
| | 04/10/2025 | $4,200.00 | CONTRACTOR |
| | 04/21/2025 | $19,500.00 | CONTRACTOR |
| **TOTAL FOR MERISSA HAMILTON** | | **$77,500.00** | |
| MESA LABORATORIES, INC<br>12100 W 6TH AVE LAKEWOOD<br>DENVER, CO 80228 | 03/13/2025 | $37,269.60 | TRADE |
| **TOTAL FOR MESA LABORATORIES, INC** | | **$37,269.60** | |
| METTLER-TOLEDO RAININ LLC<br>PO BOX 100802<br>PASADENA, CA 91189-0802 | 02/20/2025 | $193.50 | TRADE |
| | 03/06/2025 | $755.92 | TRADE |
| | 04/21/2025 | $1,097.34 | TRADE |
| | 04/28/2025 | $4,306.83 | TRADE |
| | 04/28/2025 | $0.00 | TRADE |
| | 05/01/2025 | $9,448.83 | TRADE |
| | 05/01/2025 | $500.00 | TRADE |
| **TOTAL FOR METTLER-TOLEDO RAININ LLC** | | **$16,302.42** | |
| ORACLE AMERICA, INC.<br>15612 COLLECTIONS CENTER DRIVE<br>CHICAGO, IL 60693 | 03/20/2025 | $28,607.60 | SOFTWARE |
| | 04/28/2025 | $28,607.60 | SOFTWARE |
| **TOTAL FOR ORACLE AMERICA, INC.** | | **$57,215.20** | |
| PACKMAN & ASSOCIATES INC<br>25935 SW STAFFORD RD<br>WILLSONVILLE, OR 97070 | 04/28/2025 | $28,527.55 | TRADE |
| **TOTAL FOR PACKMAN & ASSOCIATES INC** | | **$28,527.55** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| PANGEA INC. SA<br>GUSTAVE-ADOR 20<br>GENEVE 1207<br>SWITZERLAND | 02/12/2025 | $17,358.41 | STAFFING AGENCY |
| | 02/12/2025 | $12,173.93 | STAFFING AGENCY |
| | 03/06/2025 | $18,110.27 | STAFFING AGENCY |
| | 03/06/2025 | $15,361.82 | STAFFING AGENCY |
| | 03/06/2025 | $12,701.24 | STAFFING AGENCY |
| | 03/06/2025 | $12,527.81 | STAFFING AGENCY |
| | 03/27/2025 | $30,301.50 | STAFFING AGENCY |
| | 04/29/2025 | $18,145.55 | STAFFING AGENCY |
| | 04/29/2025 | $12,725.98 | STAFFING AGENCY |
| **TOTAL FOR PANGEA INC. SA** | | **$149,406.51** | |
| PBL - PACIFIC BIOLABS, INC.<br>551 LINUS PAULING DRIVE<br>HERCULES, CA 94547 | 02/20/2025 | $25,200.00 | TRADE |
| | 05/01/2025 | $9,000.00 | TRADE |
| **TOTAL FOR PBL - PACIFIC BIOLABS, INC.** | | **$34,200.00** | |
| PC CARGO INCORPORATED<br>2424 4TH STREET<br>BERKELEY, CA 94710 | 02/10/2025 | $2,076.00 | TRADE |
| | 03/06/2025 | $1,357.00 | TRADE |
| | 03/27/2025 | $2,655.00 | TRADE |
| | 04/28/2025 | $3,000.00 | TRADE |
| | 04/28/2025 | $1,725.00 | TRADE |
| | 04/30/2025 | $405.00 | TRADE |
| **TOTAL FOR PC CARGO INCORPORATED** | | **$11,218.00** | |
| PENSKE TRUCK LEASING CO. L.P.<br>2675 MORGANTOWN ROAD<br>PO BOX 1321<br>READING, PA 19603-1321 | 02/12/2025 | $2,067.43 | TRADE |
| | 03/20/2025 | $2,052.62 | TRADE |
| | 04/16/2025 | $1,637.72 | TRADE |
| | 04/28/2025 | $1,970.81 | TRADE |
| | 04/28/2025 | $0.00 | TRADE |
| | 05/02/2025 | $2,000.00 | TRADE |
| | 05/02/2025 | $2,000.00 | TRADE |
| **TOTAL FOR PENSKE TRUCK LEASING CO. L.P.** | | **$11,728.58** | |
| PERCEPTIVE CREDIT HOLDINGS III LP<br>51 ASTOR PLACE, 10TH FLOOR<br>NEW YORK, NY 10003 | 02/07/2025 | $500,489.62 | INTEREST PAYMENT |
| **TOTAL FOR PERCEPTIVE CREDIT HOLDINGS III LP** | | **$500,489.62** | |
| PIPETTE.COM<br>9477 WAPLES ST<br>SUITE 120<br>SAN DIEGO, CA 92121 | 02/20/2025 | $1,520.10 | TRADE |
| | 04/16/2025 | $1,391.23 | TRADE |
| | 04/21/2025 | $2,559.00 | TRADE |
| | 04/28/2025 | $5,010.73 | TRADE |
| | 04/28/2025 | $3,104.99 | TRADE |
| | 04/28/2025 | $1,957.00 | TRADE |
| | 04/28/2025 | $774.00 | TRADE |
| | 05/02/2025 | $4,360.18 | TRADE |
| | 05/02/2025 | $1,944.00 | TRADE |
| **TOTAL FOR PIPETTE.COM** | | **$22,621.23** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| PRECISION METAL TOOLING, INC.<br>5101 SAN LEANDRO STREET<br>OAKLAND, CA 94601 | 03/06/2025 | $9,675.00 | TRADE |
| **TOTAL FOR PRECISION METAL TOOLING, INC.** | | **$9,675.00** | |
| PRIME ANALYTICAL LABORATORIES, LLC<br>4055 NELSON AVE<br>CONCORD, CA 94520 | 03/14/2025 | $9,405.00 | TRADE |
| **TOTAL FOR PRIME ANALYTICAL LABORATORIES, LLC** | | **$9,405.00** | |
| QUARLES & BRADY LLP<br>411 EAST WISCONSIN AVE<br>SUITE 2400<br>MILWAUKEE, WI 53202 | 02/12/2025 | $48,898.70 | LEGAL |
| | 02/20/2025 | $20,789.29 | LEGAL |
| | 04/16/2025 | $64,000.07 | LEGAL |
| | 04/16/2025 | $528.00 | LEGAL |
| | 04/21/2025 | $11,594.87 | LEGAL |
| | 04/28/2025 | $6,000.00 | LEGAL |
| | 04/28/2025 | $213.00 | LEGAL |
| | 04/28/2025 | $210.00 | LEGAL |
| | 04/28/2025 | $165.50 | LEGAL |
| | 04/28/2025 | $105.00 | LEGAL |
| | 04/29/2025 | $43,511.45 | LEGAL |
| | 05/01/2025 | $38,000.00 | LEGAL |
| **TOTAL FOR QUARLES & BRADY LLP** | | **$234,015.88** | |
| QUARTZY<br>PO BOX 123895<br>DEPT 3895<br>DALLAS, TX 75312-3895 | 02/12/2025 | $5,482.32 | TRADE |
| | 02/20/2025 | $2,477.93 | TRADE |
| | 03/03/2025 | $1,964.57 | TRADE |
| | 03/06/2025 | $4,474.47 | TRADE |
| | 03/07/2025 | $1,742.96 | TRADE |
| | 03/14/2025 | $8,693.87 | TRADE |
| | 03/20/2025 | $744.73 | TRADE |
| | 03/27/2025 | $1,663.45 | TRADE |
| | 04/03/2025 | $5,076.95 | TRADE |
| | 04/16/2025 | $1,202.51 | TRADE |
| | 04/21/2025 | $239.16 | TRADE |
| | 04/22/2025 | $20.41 | TRADE |
| | 04/28/2025 | $2,865.50 | TRADE |
| | 04/30/2025 | $503.78 | TRADE |
| | 05/01/2025 | $5,500.00 | TRADE |
| | 05/01/2025 | $3,027.67 | TRADE |
| | 05/01/2025 | $338.65 | TRADE |
| | 05/02/2025 | $1,124.87 | TRADE |
| | 05/02/2025 | $484.65 | TRADE |
| | 05/02/2025 | $340.22 | TRADE |
| | 05/02/2025 | $93.23 | TRADE |
| | 05/02/2025 | $72.12 | TRADE |
| **TOTAL FOR QUARTZY** | | **$48,134.02** | |
| QUINONEZ CONSTRUCTION<br>535 E MERLE CT<br>SAN LEANDRO, CA 94577 | 02/12/2025 | $4,115.48 | TRADE |
| | 03/20/2025 | $9,602.77 | TRADE |
| **TOTAL FOR QUINONEZ CONSTRUCTION** | | **$13,718.25** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| REBECCA ROBERTS<br>[ADDRESS ON FILE] | 02/10/2025 | $1,992.25 | MARKETING CONSULTING FEE |
| | 03/13/2025 | $3,111.00 | MARKETING CONSULTING FEE |
| | 04/16/2025 | $4,258.50 | MARKETING CONSULTING FEE |
| **TOTAL FOR REBECCA ROBERTS** | | **$9,361.75** | |
| SALESFORCE.COM<br>PO BOX 203141<br>DALLAS, TX 75320-3141 | 02/12/2025 | $6,000.00 | SOFTWARE |
| | 02/27/2025 | $47,651.74 | SOFTWARE |
| | 03/06/2025 | $47,651.74 | SOFTWARE |
| | 03/14/2025 | $47,651.74 | SOFTWARE |
| | 03/27/2025 | $69,764.74 | SOFTWARE |
| | 04/29/2025 | $1,629.13 | SOFTWARE |
| **TOTAL FOR SALESFORCE.COM** | | **$220,349.09** | |
| SAN MATEO COUNTY TAX COLLECTOR [PO BOX 45878]<br>PO BOX 45878<br>SAN FRANCISCO, CA 64145-0878 | 04/02/2025 | $0.00 | TAX |
| | 04/03/2025 | $117,146.54 | TAX |
| | 04/03/2025 | $110,260.47 | TAX |
| | 04/03/2025 | $8,023.16 | TAX |
| **TOTAL FOR SAN MATEO COUNTY TAX COLLECTOR [PO BOX 45878]** | | **$235,430.17** | |
| SHI<br>PO BOX 952121<br>DALLAS, TX 75395-2121 | 02/12/2025 | $76,087.68 | TRADE |
| | 02/27/2025 | $64,480.93 | TRADE |
| | 03/20/2025 | $9,855.98 | TRADE |
| | 04/16/2025 | $68,334.70 | TRADE |
| | 04/28/2025 | $72,273.46 | TRADE |
| | 05/01/2025 | $52,500.00 | TRADE |
| | 05/02/2025 | $8,830.15 | TRADE |
| **TOTAL FOR SHI** | | **$352,362.90** | |
| SIFTED<br>659 AUBURN AVE NE SUITE 157<br>ATLANTA, GA 30312 | 02/12/2025 | $18,371.94 | TRADE |
| | 02/20/2025 | $14,614.04 | TRADE |
| | 03/24/2025 | $16,701.76 | TRADE |
| | 04/28/2025 | $35,491.24 | TRADE |
| **TOTAL FOR SIFTED** | | **$85,178.98** | |
| SILICON VALLEY BANK<br>3003 TASMAN DR<br>SANTA CLARA, CA 95054 | 02/24/2025 | $85,496.95 | CREDIT CARD PAYMENTS |
| | 03/24/2025 | $66,514.63 | CREDIT CARD PAYMENTS |
| | 04/24/2025 | $75,075.35 | CREDIT CARD PAYMENTS |
| | 04/29/2025 | $82,297.68 | CREDIT CARD PAYMENTS |
| | 05/01/2025 | $6,061.93 | CREDIT CARD PAYMENTS |
| | 05/02/2025 | $19,327.49 | CREDIT CARD PAYMENTS |
| | 05/02/2025 | $6,061.93 | CREDIT CARD PAYMENTS |
| **TOTAL FOR SILICON VALLEY BANK** | | **$340,835.96** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| SOAPROJECTS, INC.<br>495 N WHISMAN ROAD<br>SUITE 100<br>MOUNTAIN VIEW, CA 94043 | 02/12/2025 | $12,800.00 | TRADE |
| | 02/20/2025 | $6,400.00 | TRADE |
| | 02/27/2025 | $3,200.00 | TRADE |
| | 03/06/2025 | $3,200.00 | TRADE |
| | 03/20/2025 | $5,440.00 | TRADE |
| | 04/03/2025 | $1,760.00 | TRADE |
| | 04/16/2025 | $5,120.00 | TRADE |
| | 04/21/2025 | $3,200.00 | TRADE |
| | 04/28/2025 | $14,400.00 | TRADE |
| | 05/01/2025 | $4,106.67 | TRADE |
| **TOTAL FOR SOAPROJECTS, INC.** | | **$59,626.67** | |
| SOLARWINDS<br>7171 SOUTHWEST PKWY<br>BLDG 400<br>AUSTIN, TX 78735 | 03/06/2025 | $17,700.00 | TRADE |
| | 03/20/2025 | $3,450.00 | TRADE |
| **TOTAL FOR SOLARWINDS** | | **$21,150.00** | |
| SPACELIFT, INC<br>541 JEFFERSON AVE.<br>SUITE 100<br>REDWOOD CITY, CA 94063 | 03/14/2025 | $9,999.99 | TRADE |
| **TOTAL FOR SPACELIFT, INC** | | **$9,999.99** | |
| STEPHEN GOULD CORPORATION<br>PO BOX 741513<br>LOS ANGELES, CA 90074-1513 | 03/06/2025 | $8,401.35 | TRADE |
| | 03/14/2025 | $560.00 | TRADE |
| | 03/27/2025 | $1,791.36 | TRADE |
| | 04/03/2025 | $1,834.82 | TRADE |
| | 04/16/2025 | $6,244.09 | TRADE |
| | 04/21/2025 | $6,674.74 | TRADE |
| | 04/28/2025 | $1,575.11 | TRADE |
| | 05/02/2025 | $5,621.46 | TRADE |
| **TOTAL FOR STEPHEN GOULD CORPORATION** | | **$32,702.93** | |
| SUPREME OPTIMIZATION, LLC<br>1607 AVENIDA JUAN PONCE DE LEON<br>GM-06<br>COBIANS PLAZA<br>SAN JUAN, PR 00909 | 02/10/2025 | $4,656.00 | TRADE |
| | 03/14/2025 | $5,330.00 | TRADE |
| | 04/14/2025 | $5,320.00 | TRADE |
| | 04/30/2025 | $5,670.00 | TRADE |
| | 05/01/2025 | $7,000.00 | TRADE |
| | 05/02/2025 | $5,531.00 | TRADE |
| **TOTAL FOR SUPREME OPTIMIZATION, LLC** | | **$33,507.00** | |
| SYSERCO, INC.<br>215 FOURIER AVENUE<br>FREMONT, CA 94063 | 02/12/2025 | $41,852.75 | TRADE |
| | 02/20/2025 | $27,085.75 | TRADE |
| | 05/02/2025 | $27,085.75 | TRADE |
| | 05/02/2025 | $27,085.75 | TRADE |
| | 05/02/2025 | $2,519.00 | TRADE |
| | 05/02/2025 | $2,015.00 | TRADE |
| | 05/02/2025 | $1,292.00 | TRADE |
| | 05/02/2025 | $882.32 | TRADE |
| | 05/02/2025 | $0.00 | TRADE |
| **TOTAL FOR SYSERCO, INC.** | | **$129,818.32** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| TERRAPINN HOLDINGS LTD<br>WREN HOUSE, 43 HATTON GARDEN<br>LONDON EC1N 8EL<br>UNITED KINGDOM | 03/13/2025 | $12,766.83 | TRADE |
| **TOTAL FOR TERRAPINN HOLDINGS LTD** | | **$12,766.83** | |
| THE BUILD FELLOWSHIP, LLC<br>640 AXMINISTER DRIVE<br>FENTON, MO 63026 | 03/14/2025 | $13,500.00 | TRADE |
| **TOTAL FOR THE BUILD FELLOWSHIP, LLC** | | **$13,500.00** | |
| THE LEE COMPANY<br>2 PETTIPAUG ROAD<br>PO BOX 424<br>WESTBROOK, CT 06498 | 02/12/2025 | $11,870.10 | TRADE |
| **TOTAL FOR THE LEE COMPANY** | | **$11,870.10** | |
| THE WRIGHT LAW GROUP<br>22144 CLARENDON STREET<br>SUITE 302A<br>WOODLAND HILLS, CA 91367 | 02/12/2025 | $7,000.00 | TRADE |
| | 04/28/2025 | $4,000.00 | TRADE |
| | 05/01/2025 | $4,666.67 | TRADE |
| **TOTAL FOR THE WRIGHT LAW GROUP** | | **$15,666.67** | |
| THERMO ELECTRON NORTH AMERICA LLC<br>5225 VERONA ROAD<br>MADISON, WI 53711 | 04/28/2025 | $22,678.15 | TRADE |
| **TOTAL FOR THERMO ELECTRON NORTH AMERICA LLC** | | **$22,678.15** | |
| THERMO FISHER SCIENTIFIC (MILWAUKEE) LLC<br>13762 COLLECTIONS CENTER DRIVE<br>CHICAGO, IL 60693 | 02/12/2025 | $7,664.29 | TRADE |
| | 02/20/2025 | $16,770.13 | TRADE |
| | 05/01/2025 | $8,000.00 | TRADE |
| **TOTAL FOR THERMO FISHER SCIENTIFIC (MILWAUKEE) LLC** | | **$32,434.42** | |
| THOMAS SCIENTIFIC<br>1654 HIGH HILL ROAD<br>SWEDESBORO, NJ 08085 | 02/10/2025 | $5,631.43 | TRADE |
| | 02/12/2025 | $53,497.01 | TRADE |
| | 03/06/2025 | $1,367.76 | TRADE |
| | 03/14/2025 | $5,267.05 | TRADE |
| | 03/20/2025 | $12,100.78 | TRADE |
| | 04/21/2025 | $1,643.00 | TRADE |
| | 04/28/2025 | $82,581.63 | TRADE |
| | 04/28/2025 | $28,231.76 | TRADE |
| | 04/30/2025 | $3,373.14 | TRADE |
| | 05/01/2025 | $12,417.42 | TRADE |
| | 05/02/2025 | $52,888.77 | TRADE |
| | 05/02/2025 | $756.24 | TRADE |
| | 05/02/2025 | $172.50 | TRADE |
| | 05/02/2025 | $172.50 | TRADE |
| **TOTAL FOR THOMAS SCIENTIFIC** | | **$260,100.99** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| TTRUSTED TECH TEAM<br>5171 CALIFORNIA AVENUE<br>SUITE 250<br>IRVINE, CA 92617 | 03/06/2025 | $1,154.30 | TRADE |
| | 04/07/2025 | $1,413.75 | TRADE |
| | 04/21/2025 | $1,612.70 | TRADE |
| | 04/28/2025 | $1,612.70 | TRADE |
| | 05/01/2025 | $1,881.48 | TRADE |
| | 05/02/2025 | $1,612.70 | TRADE |
| **TOTAL FOR TTRUSTED TECH TEAM** | | **$9,287.63** | |
| ULINE<br>PO BOX 88741<br>CHICAGO, IL 60680-1741 | 02/10/2025 | $8,782.82 | TRADE |
| | 02/12/2025 | $794.49 | TRADE |
| | 02/27/2025 | $1,634.54 | TRADE |
| | 03/06/2025 | $8,376.75 | TRADE |
| | 03/20/2025 | $1,298.51 | TRADE |
| | 04/15/2025 | $9,162.93 | TRADE |
| | 04/15/2025 | $3,192.01 | TRADE |
| | 04/21/2025 | $2,245.14 | TRADE |
| | 04/21/2025 | $1,915.57 | TRADE |
| | 04/28/2025 | $620.46 | TRADE |
| | 05/02/2025 | $2,345.10 | TRADE |
| | 05/02/2025 | $364.45 | TRADE |
| **TOTAL FOR ULINE** | | **$40,732.77** | |
| UNIVERSAL JANITORIAL<br>350 PIERCY ROAD<br>SAN JOSE, CA 95138 | 02/10/2025 | $13,661.17 | TRADE |
| | 03/14/2025 | $10,166.49 | TRADE |
| | 04/28/2025 | $90,426.63 | TRADE |
| | 04/30/2025 | $1,809.80 | TRADE |
| | 05/01/2025 | $35,000.00 | TRADE |
| | 05/02/2025 | $14,200.41 | TRADE |
| | 05/02/2025 | $8,054.45 | TRADE |
| **TOTAL FOR UNIVERSAL JANITORIAL** | | **$173,318.95** | |
| VALCO INSTRUMENTS CO.,INC.<br>7811 WESTVIEW DR<br>HOUSTON, TX 77055 | 04/21/2025 | $6,164.11 | TRADE |
| | 04/30/2025 | $4,048.89 | TRADE |
| **TOTAL FOR VALCO INSTRUMENTS CO.,INC.** | | **$10,213.00** | |
| VALIDATION SYSTEMS, INC.<br>988 SAN ANTONIO ROAD<br>PALO ALTO, CA 94303 | 04/28/2025 | $3,486.00 | TRADE |
| | 05/01/2025 | $600.00 | TRADE |
| | 05/02/2025 | $2,473.00 | TRADE |
| | 05/02/2025 | $2,473.00 | TRADE |
| **TOTAL FOR VALIDATION SYSTEMS, INC.** | | **$9,032.00** | |
| VIGILANT LLC<br>7570 BALES ST.<br>SUITE 250<br>LIBERTY TOWNSHIP, OH 45069 | 02/12/2025 | $4,004.00 | TRADE |
| | 03/27/2025 | $4,004.00 | TRADE |
| | 04/21/2025 | $4,004.00 | TRADE |
| **TOTAL FOR VIGILANT LLC** | | **$12,012.00** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| WATERS TECHNOLOGIES, INC<br>ATTN: UDIT BATRA, CEO<br>4559 PAYSPHERE CIRCLE<br>CHICAGO, IL 60674 | 02/10/2025 | $1,676.79 | TRADE |
| | 02/27/2025 | $2,514.04 | TRADE |
| | 03/14/2025 | $3,252.30 | TRADE |
| | 04/04/2025 | $2,013.01 | TRADE |
| | 04/08/2025 | $1,088.96 | TRADE |
| | 05/01/2025 | $95,053.83 | TRADE |
| | 05/01/2025 | $6,000.00 | TRADE |
| | 05/01/2025 | $3,875.94 | TRADE |
| | 05/01/2025 | $2,235.66 | TRADE |
| | 05/02/2025 | $3,488.76 | TRADE |
| **TOTAL FOR WATERS TECHNOLOGIES, INC** | | **$121,199.29** | |
| WORLD COURIER<br>1313 FOURTH AVE<br>NEW HYDE PARK, NY 11040 | 02/10/2025 | $696.27 | TRADE |
| | 02/12/2025 | $12,564.32 | TRADE |
| | 03/06/2025 | $14,202.22 | TRADE |
| | 03/14/2025 | $4,671.99 | TRADE |
| | 04/03/2025 | $994.41 | TRADE |
| | 04/28/2025 | $10,000.00 | TRADE |
| | 04/28/2025 | $5,147.99 | TRADE |
| | 05/01/2025 | $976.23 | TRADE |
| | 05/02/2025 | $3,170.83 | TRADE |
| **TOTAL FOR WORLD COURIER** | | **$52,424.26** | |
| **GRAND TOTAL:** | | **$9,289,611.38** | |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/1/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| CRAIG A. BARBAROSH<br>[ADDRESS ON FILE]<br>**Relationship to Debtor**<br>BOARD MEMBER | 05/01/2025 | $39,000.00 | INDEPENDENT DIRECTOR FEE |
| **TOTAL FOR CRAIG A. BARBAROSH** | | **$39,000.00** | |
| CRAIG CHRISTIANSON<br>3696 HAVEN AVENUE, SUITE A<br>REDWOOD CITY, CA 94063<br>**Relationship to Debtor**<br>PRESIDENT & CEO AND BOARD MEMBER | 05/17/2024 | $17,307.69 | PAYROLL |
| | 05/24/2024 | $5,775.47 | APRIL 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 05/31/2024 | $17,307.69 | PAYROLL |
| | 06/14/2024 | $17,307.69 | PAYROLL |
| | 06/24/2024 | $2,788.40 | MAY 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 06/28/2024 | $17,307.69 | PAYROLL |
| | 07/12/2024 | $17,307.69 | PAYROLL |
| | 07/24/2024 | $3,939.89 | JUNE 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 07/26/2024 | $17,307.69 | PAYROLL |
| | 08/09/2024 | $17,307.69 | PAYROLL |
| | 08/23/2024 | $4,227.02 | BUSINESS EXPENSE REIMBURSEMENT |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| | 08/23/2024 | $17,307.69 | PAYROLL |
| | 08/24/2024 | $1,029.96 | JULY 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 09/06/2024 | $17,307.69 | PAYROLL |
| | 09/20/2024 | $17,307.69 | PAYROLL |
| | 09/24/2024 | $4,912.11 | AUGUST 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 10/04/2024 | $17,307.69 | PAYROLL |
| | 10/18/2024 | $17,307.69 | PAYROLL |
| | 10/24/2024 | $5,563.07 | SEPTEMBER 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 11/01/2024 | $17,307.69 | PAYROLL |
| | 11/15/2024 | $17,307.69 | PAYROLL |
| | 11/24/2024 | $6,351.42 | OCTOBER 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 11/29/2024 | $17,307.69 | PAYROLL |
| | 12/13/2024 | $17,307.69 | PAYROLL |
| | 12/24/2024 | $10,585.34 | NOVEMBER 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 12/27/2024 | $17,307.69 | PAYROLL |
| | 01/10/2025 | $17,307.69 | PAYROLL |
| | 01/24/2025 | $11,560.97 | DECEMBER 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 01/24/2025 | $17,307.69 | PAYROLL |
| | 02/07/2025 | $17,307.69 | PAYROLL |
| | 02/10/2025 | $100,000.00 | BONUS |
| | 02/21/2025 | $17,307.69 | PAYROLL |
| | 02/24/2025 | $8,407.93 | JANUARY 2025 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 03/07/2025 | $17,307.69 | PAYROLL |
| | 03/21/2025 | $17,307.69 | PAYROLL |
| | 03/24/2025 | $2,276.67 | FEBRUARY 2025 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 03/27/2025 | $10,634.40 | BUSINESS EXPENSE REIMBURSEMENT |
| | 04/04/2025 | $17,307.69 | PAYROLL |
| | 04/24/2025 | $4,489.60 | MARCH 2025 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 04/29/2025 | $7,479.66 | APRIL 2025 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| **TOTAL FOR CRAIG CHRISTIANSON** | | **$605,406.47** | |
| ILAN FEUCHTWANG<br>[ADDRESS ON FILE]<br>**Relationship to Debtor**<br>FORMER GENERAL COUNSEL | 05/17/2024 | $14,915.77 | PAYROLL |
| | 05/31/2024 | $14,855.77 | PAYROLL |
| | 06/14/2024 | $14,915.77 | PAYROLL |
| | 06/28/2024 | $14,855.77 | PAYROLL |
| | 07/12/2024 | $14,915.77 | PAYROLL |
| | 07/26/2024 | $14,855.77 | PAYROLL |
| | 08/01/2024 | $19,771.75 | PAYROLL |
| | 08/09/2024 | $522.75 | BUSINESS EXPENSE REIMBURSEMENT |
| | 08/20/2024 | $144,160.73 | SEVERANCE |
| **TOTAL FOR ILAN FEUCHTWANG** | | **$253,769.85** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| JASON MILLER<br>3696 HAVEN AVENUE, SUITE A<br>REDWOOD CITY, CA 94063<br>**Relationship to Debtor**<br>CHIEF COMMERCIALIZATION OFFICER | 05/09/2024 | $6,909.39 | BUSINESS EXPENSE REIMBURSEMENT |
| | 05/17/2024 | $13,521.54 | PAYROLL |
| | 05/31/2024 | $13,461.54 | PAYROLL |
| | 06/14/2024 | $13,521.54 | PAYROLL |
| | 06/28/2024 | $13,461.54 | PAYROLL |
| | 07/12/2024 | $2,787.09 | BUSINESS EXPENSE REIMBURSEMENT |
| | 07/12/2024 | $13,521.54 | PAYROLL |
| | 07/26/2024 | $13,461.54 | PAYROLL |
| | 08/09/2024 | $1,968.58 | BUSINESS EXPENSE REIMBURSEMENT |
| | 08/09/2024 | $13,521.54 | PAYROLL |
| | 08/16/2024 | $1,350.68 | BUSINESS EXPENSE REIMBURSEMENT |
| | 08/23/2024 | $13,461.54 | PAYROLL |
| | 09/06/2024 | $13,461.54 | PAYROLL |
| | 09/12/2024 | $3,903.20 | BUSINESS EXPENSE REIMBURSEMENT |
| | 09/20/2024 | $13,521.54 | PAYROLL |
| | 09/24/2024 | $2,459.75 | AUGUST 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 10/04/2024 | $13,461.54 | PAYROLL |
| | 10/18/2024 | $13,521.54 | PAYROLL |
| | 10/24/2024 | $2,457.17 | SEPTEMBER 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 11/01/2024 | $13,461.54 | PAYROLL |
| | 11/15/2024 | $13,521.54 | PAYROLL |
| | 11/24/2024 | $2,648.93 | OCTOBER 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 11/29/2024 | $13,461.54 | PAYROLL |
| | 12/09/2024 | $14,441.56 | BUSINESS EXPENSE REIMBURSEMENT |
| | 12/12/2024 | $858.13 | BUSINESS EXPENSE REIMBURSEMENT |
| | 12/13/2024 | $13,521.54 | PAYROLL |
| | 12/24/2024 | $361.00 | NOVEMBER 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 12/27/2024 | $13,461.54 | PAYROLL |
| | 01/08/2025 | $3,363.04 | BUSINESS EXPENSE REIMBURSEMENT |
| | 01/10/2025 | $13,521.54 | PAYROLL |
| | 01/24/2025 | $4,072.50 | DECEMBER 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 01/24/2025 | $13,461.54 | PAYROLL |
| | 02/07/2025 | $13,461.54 | PAYROLL |
| | 02/10/2025 | $3,623.43 | BUSINESS EXPENSE REIMBURSEMENT |
| | 02/21/2025 | $13,521.54 | PAYROLL |
| | 02/24/2025 | $0.00 | JANUARY 2025 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 03/07/2025 | $13,461.54 | PAYROLL |
| | 03/21/2025 | $2,359.25 | BUSINESS EXPENSE REIMBURSEMENT |
| | 03/21/2025 | $13,521.54 | PAYROLL |
| | 03/24/2025 | $15.00 | FEBRUARY 2025 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 03/31/2025 | $994.71 | BUSINESS EXPENSE REIMBURSEMENT |
| | 04/04/2025 | $13,461.54 | PAYROLL |
| | 04/24/2025 | $90.00 | MARCH 2025 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 04/29/2025 | $60.00 | APRIL 2025 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 04/29/2025 | $4,150.99 | BUSINESS EXPENSE REIMBURSEMENT |
| **TOTAL FOR JASON MILLER** | | **$382,611.36** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| MARJAN VAREDI KOLAEI<br>3696 HAVEN AVENUE, SUITE A<br>REDWOOD CITY, CA 94063<br>**Relationship to Debtor**<br>COO | 05/17/2024 | $12,692.31 | PAYROLL |
| | 05/31/2024 | $12,692.31 | PAYROLL |
| | 06/14/2024 | $12,692.31 | PAYROLL |
| | 06/28/2024 | $12,692.31 | PAYROLL |
| | 07/12/2024 | $12,692.31 | PAYROLL |
| | 07/26/2024 | $12,692.31 | PAYROLL |
| | 08/09/2024 | $13,269.23 | PAYROLL |
| | 08/23/2024 | $13,269.23 | PAYROLL |
| | 09/06/2024 | $13,269.23 | PAYROLL |
| | 09/20/2024 | $13,269.23 | PAYROLL |
| | 10/04/2024 | $13,269.23 | PAYROLL |
| | 10/18/2024 | $13,269.23 | PAYROLL |
| | 11/01/2024 | $13,269.23 | PAYROLL |
| | 11/15/2024 | $13,269.23 | PAYROLL |
| | 11/29/2024 | $13,269.23 | PAYROLL |
| | 12/12/2024 | $387.81 | BUSINESS EXPENSE REIMBURSEMENT |
| | 12/13/2024 | $13,269.23 | PAYROLL |
| | 12/27/2024 | $13,269.23 | PAYROLL |
| | 01/10/2025 | $13,269.23 | PAYROLL |
| | 01/23/2025 | $417.48 | BUSINESS EXPENSE REIMBURSEMENT |
| | 01/24/2025 | $13,269.23 | PAYROLL |
| | 02/07/2025 | $13,269.23 | PAYROLL |
| | 02/21/2025 | $13,269.23 | PAYROLL |
| | 03/07/2025 | $13,269.23 | PAYROLL |
| | 03/21/2025 | $13,269.23 | PAYROLL |
| | 04/04/2025 | $13,269.23 | PAYROLL |
| **TOTAL FOR MARJAN VAREDI KOLAEI** | | **$315,805.29** | |
| MICHAEL DABROWSKI<br>[ADDRESS ON FILE]<br>**Relationship to Debtor**<br>FORMER BOARD MEMBER | 05/17/2024 | $4,807.69 | PAYROLL |
| | 05/31/2024 | $4,807.69 | PAYROLL |
| | 06/06/2024 | $32,211.54 | UNUSED PTO PAYOUT |
| **TOTAL FOR MICHAEL DABROWSKI** | | **$41,826.92** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| MIN TECK JONAS NG<br>[ADDRESS ON FILE]<br>**Relationship to Debtor**<br>TREASURER | 05/17/2024 | $9,675.38 | PAYROLL |
| | 05/24/2024 | $1,246.17 | APRIL 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 05/31/2024 | $9,615.38 | PAYROLL |
| | 06/14/2024 | $10,636.92 | PAYROLL |
| | 06/24/2024 | $1,766.96 | MAY 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 06/28/2024 | $10,576.92 | PAYROLL |
| | 07/12/2024 | $10,636.92 | PAYROLL |
| | 07/24/2024 | $321.89 | JUNE 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 07/26/2024 | $10,576.92 | PAYROLL |
| | 08/09/2024 | $10,636.92 | PAYROLL |
| | 08/23/2024 | $10,576.92 | PAYROLL |
| | 08/24/2024 | $1,700.51 | JULY 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 09/06/2024 | $10,576.92 | PAYROLL |
| | 09/20/2024 | $10,636.92 | PAYROLL |
| | 09/24/2024 | $3,728.03 | AUGUST 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 10/04/2024 | $8,956.92 | PAYROLL |
| | 10/18/2024 | $7,336.92 | PAYROLL |
| | 10/24/2024 | $10,459.86 | SEPTEMBER 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 11/01/2024 | $8,956.92 | PAYROLL |
| | 11/15/2024 | $10,636.92 | PAYROLL |
| | 11/24/2024 | $1,691.58 | OCTOBER 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 11/29/2024 | $10,576.92 | PAYROLL |
| | 12/13/2024 | $9,016.92 | PAYROLL |
| | 12/27/2024 | $10,576.92 | PAYROLL |
| | 01/10/2025 | $10,636.92 | PAYROLL |
| | 01/24/2025 | $5,167.97 | DECEMBER 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 01/24/2025 | $10,576.92 | PAYROLL |
| | 02/07/2025 | $10,576.92 | PAYROLL |
| | 02/21/2025 | $10,636.92 | PAYROLL |
| | 02/24/2025 | $10,091.61 | JANUARY 2025 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 03/07/2025 | $10,576.92 | PAYROLL |
| | 03/21/2025 | $10,636.92 | PAYROLL |
| | 03/24/2025 | $8,138.00 | FEBRUARY 2025 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 04/04/2025 | $10,576.92 | PAYROLL |
| | 04/24/2025 | $12,308.71 | MARCH 2025 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 04/29/2025 | $17,246.02 | APRIL 2025 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 05/02/2025 | $3,045.92 | SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) - 5.1.25 TO 5.5.25 |
| **TOTAL FOR MIN TECK JONAS NG** | | **$321,336.23** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| NEINDA ADVISORS LLC<br>ATTN: JOHN T. YOUNG, JR.<br>1802 CROCKETT STREET<br>HOUSTON, TX 77007<br>**Relationship to Debtor**<br>INDEPENDENT DIRECTOR FEE | 04/30/2025 | $39,000.00 | INDEPENDENT DIRECTOR FEE |
| **TOTAL FOR NEINDA ADVISORS LLC** | | **$39,000.00** | |
| PAUL DABROWSKI<br>[ADDRESS ON FILE]<br>**Relationship to Debtor**<br>FORMER BOARD MEMBER | 05/17/2024 | $11,971.15 | PAYROLL |
| | 05/24/2024 | $2,028.76 | APRIL 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 05/31/2024 | $11,971.15 | PAYROLL |
| | 06/04/2024 | $61,950.72 | UNUSED PTO PAYOUT |
| | 06/24/2024 | $271.05 | MAY 2024 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| **TOTAL FOR PAUL DABROWSKI** | | **$88,192.83** | |
| STEPHANIE ADAMANY<br>3696 HAVEN AVENUE, SUITE A<br>REDWOOD CITY, CA 94063<br>**Relationship to Debtor**<br>CHIEF LEGAL OFFICER | 07/26/2024 | $14,038.46 | PAYROLL |
| | 08/09/2024 | $14,098.46 | PAYROLL |
| | 08/23/2024 | $14,038.46 | PAYROLL |
| | 09/03/2024 | $811.96 | BUSINESS EXPENSE REIMBURSEMENT |
| | 09/05/2024 | $1,261.11 | BUSINESS EXPENSE REIMBURSEMENT |
| | 09/06/2024 | $14,038.46 | PAYROLL |
| | 09/12/2024 | $2,046.05 | BUSINESS EXPENSE REIMBURSEMENT |
| | 09/20/2024 | $14,098.46 | PAYROLL |
| | 10/04/2024 | $14,038.46 | PAYROLL |
| | 10/18/2024 | $14,098.46 | PAYROLL |
| | 11/01/2024 | $14,038.46 | PAYROLL |
| | 11/15/2024 | $14,098.46 | PAYROLL |
| | 11/21/2024 | $300.00 | BUSINESS EXPENSE REIMBURSEMENT |
| | 11/29/2024 | $14,038.46 | PAYROLL |
| | 12/09/2024 | $1,166.34 | BUSINESS EXPENSE REIMBURSEMENT |
| | 12/12/2024 | $382.95 | BUSINESS EXPENSE REIMBURSEMENT |
| | 12/13/2024 | $14,098.46 | PAYROLL |
| | 12/27/2024 | $14,038.46 | PAYROLL |
| | 01/10/2025 | $14,098.46 | PAYROLL |
| | 01/23/2025 | $1,222.37 | BUSINESS EXPENSE REIMBURSEMENT |
| | 01/24/2025 | $14,038.46 | PAYROLL |
| | 02/07/2025 | $14,038.46 | PAYROLL |
| | 02/21/2025 | $14,098.46 | PAYROLL |
| | 02/27/2025 | $88.51 | BUSINESS EXPENSE REIMBURSEMENT |
| | 03/07/2025 | $14,038.46 | PAYROLL |
| | 03/20/2025 | $666.97 | BUSINESS EXPENSE REIMBURSEMENT |
| | 03/21/2025 | $14,098.46 | PAYROLL |
| | 03/24/2025 | $190.90 | FEBRUARY 2025 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 04/03/2025 | $936.96 | BUSINESS EXPENSE REIMBURSEMENT |
| | 04/04/2025 | $63,875.00 | PAYROLL |
| | 04/04/2025 | $14,038.46 | PAYROLL |
| | 04/21/2025 | $464.96 | BUSINESS EXPENSE REIMBURSEMENT |
| | 04/24/2025 | $430.00 | MARCH 2025 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| | 04/29/2025 | $1,404.05 | APRIL 2025 SVB CREDIT CARD STATEMENT (BUSINESS EXPENSES) |
| **TOTAL FOR STEPHANIE ADAMANY** | | **$342,458.87** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| WARSHCAPITAL LLC<br>8680 EMPIRE CLUB DR<br>PARK CITY, UT 84060<br>**Relationship to Debtor**<br>INDEPENDENT DIRECTOR FEE | 04/30/2025 | $39,000.00 | INDEPENDENT DIRECTOR FEE |
| **TOTAL FOR WARSHCAPITAL LLC** | | **$39,000.00** | |

**GRAND TOTAL: $2,468,407.82**

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☐ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| HCP LS REDWOOD CITY, LLC<br>C/O HCP, INC.<br>ATTN: LEGAL DEPARTMENT<br>3760 KILROY AIRPORT WAY, SUITE 300<br>LONG BEACH, CA 90806 | FINAL LEASE TERMINATION FEE PULLED FROM LC | 2/10/2025 | $1,075,000.00 |

## Part 3: Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| AGILENT TECHNOLOGIES, INC. V. SYNTHEGO CORPORATION<br>**Case number**<br>2023-2186, 2023-2187 | APPEALS FROM THE US PATENT AND TRADEMARK OFFICE, NOS. IPR2022-00402 AND IPR2022-00403 | UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT<br>717 MADISON PLACE NW,<br>WASHINGTON, DC 20439 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| AGILENT TECHNOLOGIES, INC. V. SYNTHEGO CORPORATION<br>**Case number**<br>IPR2022-00402 AND IPR2022-00403 | PATENT INFRINGEMENT | US PATENT AND TRADEMARK OFFICE<br>600 DULANY ST.<br>ALEXANDRIA, VA 22314 | ☐ Pending<br>☑ On appeal<br>☐ Concluded |
| FEDERAL TAX EXAMINATION<br>**Case number**<br>TAXPAYER ID NUMBER (LAST 4 DIGITS):<br>9518 | IRS AUDIT - YEAR 2022 | DEPARTMENT OF THE TREASURY — INTERNAL REVENUE SERVICE<br>25520 COMMERCENTRE DRIVE,<br>LAKE FOREST, CA 92630 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| LIMITED SALES, EXCISE, AND USE TAX<br>**Case number**<br>32070074680 | SALES AND USE TAX | TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>HOUSTON CENTRAL AUDIT OFFICE<br>1919 NORTH LOOP WEST, SUITE 311<br>HOUSTON, TEXAS 77008-1394 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| SALES AND USE TAX<br>**Case number**<br>A16736 | SALES AND USE TAX | CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION<br>455 MARKET STREET, STE 620 SAN FRANCISCO, CA 94105-2449 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| SYNTHEGO CORPORATION V. AGILENT TECHNOLOGIES, INC.<br>**Case number**<br>5:21-CV-07801-EJD | PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STAY PENDING INTER PARTES REVIEW | UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA SAN JOSE DIVISION<br>280 S 1ST ST, SAN JOSE, CA 95113 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

**Part 4: Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☐ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| ETH ZURICH<br>HPL, OTTO-STERN-WEG 7<br>ZURICH 8093<br>SWITZERLAND<br>**Recipient's relationship to debtor**<br>THIRD PARTY | RNA | 8/4/2023 | $1,842.57 |
| UNIVERSIDAD PABLO DE OLAVIDE<br>CARRETERA DE UTRERA KM1<br>CENTRO ANDALUZ DE BIOLOGÍA DEL DESARROLLO<br>SEVILLA, SE 41013<br>SPAIN<br>**Recipient's relationship to debtor**<br>THIRD PARTY | RNA | 9/5/2023 | $3,410.17 |
| UNIVERSIDAD PABLO DE OLAVIDE<br>CARRETERA DE UTRERA KM1<br>CENTRO ANDALUZ DE BIOLOGÍA DEL DESARROLLO<br>SEVILLA, SE 41013<br>SPAIN<br>**Recipient's relationship to debtor**<br>THIRD PARTY | RNA | 7/12/2023 | $1,823.57 |
| UNIVERSIDAD PABLO DE OLAVIDE<br>CARRETERA DE UTRERA KM1<br>CENTRO ANDALUZ DE BIOLOGÍA DEL DESARROLLO<br>SEVILLA, SE 41013<br>SPAIN<br>**Recipient's relationship to debtor**<br>THIRD PARTY | RNA | 1/17/2024 | $21,076.88 |
| UNIVERSIDAD PABLO DE OLAVIDE<br>CARRETERA DE UTRERA KM1<br>CENTRO ANDALUZ DE BIOLOGÍA DEL DESARROLLO<br>SEVILLA, SE 41013<br>SPAIN<br>**Recipient's relationship to debtor**<br>THIRD PARTY | RNA | 3/20/2024 | $11,112.48 |

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| UNIVERSIDAD PABLO DE OLAVIDE<br>CARRETERA DE UTRERA KM1<br>CENTRO ANDALUZ DE BIOLOGÍA DEL DESARROLLO<br>SEVILLA, SE 41013<br>SPAIN<br>**Recipient's relationship to debtor**<br>THIRD PARTY | RNA | 9/12/2024 | $2,509.40 |
| UNIVERSIDAD PABLO DE OLAVIDE<br>CARRETERA DE UTRERA KM1<br>CENTRO ANDALUZ DE BIOLOGÍA DEL DESARROLLO<br>SEVILLA, SE 41013<br>SPAIN<br>**Recipient's relationship to debtor**<br>THIRD PARTY | RNA | 9/13/2024 | $457.85 |
| UNIVERSIDAD PABLO DE OLAVIDE<br>CARRETERA DE UTRERA KM1<br>CENTRO ANDALUZ DE BIOLOGÍA DEL DESARROLLO<br>SEVILLA, SE 41013<br>SPAIN<br>**Recipient's relationship to debtor**<br>THIRD PARTY | RNA | 9/20/2024 | $940.99 |

## Part 5: Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

## Part 6: Certain Payments or Transfers

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or |
|---|---|---|---|
| FENWICK & WEST LLP<br>902 BROADWAY, 18TH FLOOR<br>NEW YORK, NY 10010<br>**Email or website address**<br>HTTPS://WWW.FENWICK.COM/ | | 3/31/2025 | $250,000.00 |
| FENWICK & WEST LLP<br>902 BROADWAY, 18TH FLOOR<br>NEW YORK, NY 10010<br>**Email or website address**<br>HTTPS://WWW.FENWICK.COM/ | | 4/29/2025 | $54,267.51 |
| EPIQ CORPORATE RESTRUCTURING, LLC<br>777 THIRD AVENUE, 12TH FLOOR<br>NEW YORK, NY 10017<br>**Email or website address**<br>HTTPS://WWW.EPIQGLOBAL.COM/ | | 4/29/2025 | $20,000.00 |
| PACHULSKI STANG ZIEHL & JONES LLP<br>919 NORTH MARKET STREET, 17TH FLOOR<br>WILMINGTON, DE 19801<br>**Email or website address**<br>HTTPS://WWW.PSZJLAW.COM/ | | 3/19/2025 | $25,000.00 |

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or |
|---|---|---|---|
| PACHULSKI STANG ZIEHL & JONES LLP<br>919 NORTH MARKET STREET, 17TH FLOOR<br>WILMINGTON, DE 19801<br>**Email or website address**<br>HTTPS://WWW.PSZJLAW.COM/ | | 3/24/2025 | $75,000.00 |
| PACHULSKI STANG ZIEHL & JONES LLP<br>919 NORTH MARKET STREET, 17TH FLOOR<br>WILMINGTON, DE 19801<br>**Email or website address**<br>HTTPS://WWW.PSZJLAW.COM/ | | 3/27/2025 | $250,000.00 |
| PACHULSKI STANG ZIEHL & JONES LLP<br>919 NORTH MARKET STREET, 17TH FLOOR<br>WILMINGTON, DE 19801<br>**Email or website address**<br>HTTPS://WWW.PSZJLAW.COM/ | | 4/14/2025 | $150,000.00 |
| PACHULSKI STANG ZIEHL & JONES LLP<br>919 NORTH MARKET STREET, 17TH FLOOR<br>WILMINGTON, DE 19801<br>**Email or website address**<br>HTTPS://WWW.PSZJLAW.COM/ | | 4/22/2025 | $150,000.00 |
| PACHULSKI STANG ZIEHL & JONES LLP<br>919 NORTH MARKET STREET, 17TH FLOOR<br>WILMINGTON, DE 19801<br>**Email or website address**<br>HTTPS://WWW.PSZJLAW.COM/ | | 4/28/2025 | $150,000.00 |
| PACHULSKI STANG ZIEHL & JONES LLP<br>919 NORTH MARKET STREET, 17TH FLOOR<br>WILMINGTON, DE 19801<br>**Email or website address**<br>HTTPS://WWW.PSZJLAW.COM/ | | 4/29/2025 | $75,000.00 |
| PALADIN MANAGEMENT GROUP, LLC<br>200 SOUTH WACKER DRIVE, 31ST FLOOR<br>CHICAGO, IL 60606<br>**Email or website address**<br>HTTPS://PALADINMGMT.COM/ | | 3/28/2025 | $100,000.00 |
| PALADIN MANAGEMENT GROUP, LLC<br>200 SOUTH WACKER DRIVE, 31ST FLOOR<br>CHICAGO, IL 60606<br>**Email or website address**<br>HTTPS://PALADINMGMT.COM/ | | 4/28/2025 | $500,000.00 |
| RAYMOND JAMES<br>880 CARILLON PARKWAY<br>ST. PETERSBURG, FL 33716<br>**Email or website address**<br>HTTPS://WWW.RAYMONDJAMES.COM/ | | 4/16/2025 | $101,000.00 |
| RAYMOND JAMES<br>880 CARILLON PARKWAY<br>ST. PETERSBURG, FL 33716<br>**Email or website address**<br>HTTPS://WWW.RAYMONDJAMES.COM/ | | 4/24/2025 | $105,000.00 |

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

13. **Transfers not already listed on this statement**
List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.
Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Dates transfer was made | Total amount or value |
|---|---|---|---|
| EDITCO BIO, INC.<br>600 SAGINAW DRIVE<br>REDWOOD CITY, CA 94063<br>**Relationship to debtor**<br>THIRD PARTY | ASSET SALES - ENGINEERED CELLS BUSINESS | 3/20/2024 | $19,600,000 |

**Part 7: Previous Locations**

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy | |
|---|---|---|
| 500 SAGINAW DRIVE<br>REDWOOD CITY, CA 94063 | From 2/1/2020 | To 10/15/2024 |
| 600 SAGINAW DRIVE<br>REDWOOD CITY, CA 94063 | From 2/1/2020 | To 11/5/2024 |
| 3565 HAVEN AVENUE<br>MENLO PARK, CA 94025 | From 1/15/2018 | To 4/30/2024 |
| 3698 HAVEN AVENUE, SUITE C<br>REDWOOD CITY, CA 94063 | From 5/1/2017 | To 4/30/2025 |

**Part 8: Health Care Bankruptcies**

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for :
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

**Part 9: Personal Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

☐ No.
☑ Yes. State the nature of the information collected and retained. Name, Tax ID, DUNS number, VAT number, Tax exemption certificates, Address, Phone number, AND Emails.

Does the debtor have a privacy policy about that information?

☑ No
☐ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.
☑ Yes. Does the debtor serve as plan administrator?

☑ No.
☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| TRINET 401(K) PLAN | 48-1304650 |

Has the plan been terminated?
☑ No
☐ Yes

**Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| SILICON VALLEY BANK<br>3003 TASMAN DRIVE<br>SANTA CLARA, CA 95054 | 4008 | ☐ Checking<br>☐ Savings<br>☑ Money Market<br>☐ Brokerage<br>☐ Other | 12/2/2024 | $0.00 |
| SILICON VALLEY BANK<br>3003 TASMAN DRIVE<br>SANTA CLARA, CA 95054 | 5479 | ☐ Checking<br>☐ Savings<br>☑ Money Market<br>☐ Brokerage<br>☐ Other | 2/28/2025 | $202,519.84 |

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☐ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| SILICON VALLEY BANK<br>3003 TASMAN DRIVE<br>SANTA CLARA, CA 95054 | ANGELICA DE LA TORRE<br>3696 HAVEN AVE, SUITE A,<br>REDWOOD CITY, CA 94063 | LOCKBOX | ☑ |
| SILICON VALLEY BANK<br>3003 TASMAN DRIVE<br>SANTA CLARA, CA 95054 | BREANNE KAJANS<br>3696 HAVEN AVE, SUITE A,<br>REDWOOD CITY, CA 94063 | LOCKBOX | ☑ |
| SILICON VALLEY BANK<br>3003 TASMAN DRIVE<br>SANTA CLARA, CA 95054 | CRAIG CHRISTIANSON<br>3696 HAVEN AVE, SUITE A,<br>REDWOOD CITY, CA 94063 | LOCKBOX | ☑ |
| SILICON VALLEY BANK<br>3003 TASMAN DRIVE<br>SANTA CLARA, CA 95054 | ANGELA SUMMERS<br>3696 HAVEN AVE, SUITE A,<br>REDWOOD CITY, CA 94063 | LOCKBOX | ☑ |
| SILICON VALLEY BANK<br>3003 TASMAN DRIVE<br>SANTA CLARA, CA 95054 | MARIANNE BARREDO<br>3696 HAVEN AVE, SUITE A,<br>REDWOOD CITY, CA 94063 | LOCKBOX | ☑ |
| SILICON VALLEY BANK<br>3003 TASMAN DRIVE<br>SANTA CLARA, CA 95054 | LILY CHAU<br>3696 HAVEN AVE, SUITE A,<br>REDWOOD CITY, CA 94063 | LOCKBOX | ☑ |
| SILICON VALLEY BANK<br>3003 TASMAN DRIVE<br>SANTA CLARA, CA 95054 | MIN TECK JONAS NG<br>3696 HAVEN AVE, SUITE A,<br>REDWOOD CITY, CA 94063 | LOCKBOX | ☐ |
| SILICON VALLEY BANK<br>3003 TASMAN DRIVE<br>SANTA CLARA, CA 95054 | MARK SHUSTOCK<br>3696 HAVEN AVE, SUITE A,<br>REDWOOD CITY, CA 94063 | LOCKBOX | ☑ |
| SILICON VALLEY BANK<br>3003 TASMAN DRIVE<br>SANTA CLARA, CA 95054 | NONETTE BELENIA<br>3696 HAVEN AVE, SUITE A,<br>REDWOOD CITY, CA 94063 | LOCKBOX | ☑ |

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| MENLO-ATHERTON STORAGE<br>3757 HAVEN AVE, UNIT 15138<br>MENLO PARK, CA 94025 | N/A - NO LONGER ACTIVE<br>N/A | MISCELLANEOUS - R&D EQUIPMENT | ☑ No<br>☐ Yes |
| PC CARGO INCORPORATED<br>2424 4TH STREET<br>BERKELEY, CA 94710 | N/A - THIRD PARTY WAREHOUSE, SYNTHEGO HAS NO ACCESS<br>N/A | RAW MATERIALS | ☐ No<br>☑ Yes |

**Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☐ None

| Owner's name and address | Location of property | Description of the property | Value |
|---|---|---|---|
| MNEMO THERAPEUTICS<br>430 EAST 29TH ST – FLOOR 15TH<br>SUITE 1530<br>NEW YORK, NY 10016 | 955 CHARTER ST, REDWOOD CITY, CA 94063 | GMP MATERIALS (FINISHED GOODS) | $419,460.00 |

**Part 12: Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☐ No
☑ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| FACTORY 1<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | SAN MATEO COUNTY<br>ENVIRONMENTAL HEALTH<br>2000 ALAMEDA DE LAS PULGAS<br>SAN MATEO, CA 94403 | DETERMINING WHETHER OR NOT SUBPART BB & CC APPLY TO SYNTHEGO | 02/28/2025 |
| FACTORY 1<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | SAN MATEO COUNTY<br>ENVIRONMENTAL HEALTH<br>2000 ALAMEDA DE LAS PULGAS<br>SAN MATEO, CA 94403 | HAZARDOUS WASTE TANK REGULATION TANK ASSESSMENT - 22 CCR 12 66262.17 | 02/28/2025 |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

**Part 13: Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

26. **Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| ANGELA SUMMERS<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | From 1/6/2025 To CURRENT |

| Name and address | Dates of service | |
|---|---|---|
| ANGELICA DE LA TORRE<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | From 12/14/2020 | To CURRENT |
| BREANNE KAJANS<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | From 1/4/2021 | To CURRENT |
| BRIAN WUL<br>[ADDRESS ON FILE] | From 6/5/2023 | To 5/19/2024 |
| CHARANDEEP BAINS<br>[ADDRESS ON FILE] | From 5/9/2022 | To 3/14/2025 |
| HAO GUAN<br>[ADDRESS ON FILE] | From 4/17/2017 | To 3/1/2024 |
| JINGREN YAN<br>[ADDRESS ON FILE] | From 8/23/2021 | To 5/19/2024 |
| JOY BERBERICH<br>[ADDRESS ON FILE] | From 4/27/2023 | To 6/3/2024 |
| JUSTIN HOANG<br>[ADDRESS ON FILE] | From 1/24/2022 | To 3/20/2024 |
| LILY CHAU<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | From 4/17/2023 | To CURRENT |
| MARIANNE BARREDO<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | From 11/26/2024 | To CURRENT |
| MARK SHUSTOCK<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | From 6/24/2024 | To CURRENT |
| MICHAEL YU<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | From 3/7/2024 | To CURRENT |
| MIN TECK JONAS NG<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | From 10/11/2021 | To 5/1/2025 |
| NONETTE BELENIA<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | From 3/24/2025 | To CURRENT |
| XU HUANG<br>[ADDRESS ON FILE] | From 2/4/2019 | To 5/19/2024 |
| ZIPPORAH HANNAH ACERDA<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | From 4/28/2025 | To CURRENT |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service | |
|---|---|---|
| ANDERSEN TAX LLC<br>100 1ST ST STE 1600<br>SAN FRANCISCO, CA 94105 | From 6/3/2016 | To CURRENT |
| CROSSCOUNTRY CONSULTING LLC<br>1600 TYSONS BLVD, SUITE 1100<br>MCLEAN, VA 22102 | From 4/26/2021 | To 3/6/2024 |
| GRANT THORNTON LLP<br>101 CALIFORNIA ST., SUITE 2700<br>SAN FRANCISCO, CA 94111 | From 2/7/2023 | To CURRENT |
| SOAPROJECTS, INC.<br>495 N WHISMAN RD<br>MOUNTAIN VIEW, CA 94043 | From 3/7/2024 | To CURRENT |
| TAYLOR HARRIS (INTERIM CFO)<br>[ADDRESS ON FILE] | From 9/26/2022 | To 6/12/2023 |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed .

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| AHMED KHAN<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | |
| ANGELA SUMMERS<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | |
| ANGELICA DE LA TORRE<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | |
| ANTHONY HUYNH<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | |
| BREANNE KAJANS<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | |
| CHRISTOPHER COVINGTON<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | |
| FRANK HU<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | |
| LILY CHAU<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | |
| MARIANNE BARREDO<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | |
| MARK SHUSTOCK<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | |
| MICHAEL YU<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | |
| MIN TECK JONAS NG<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | |
| NONETTE BELENIA<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | |
| ZIPPORAH HANNAH ACERDA<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| ARCHIMED<br>CARNEGIE HALL TOWER<br>152 W 57TH STREET, FLOOR 57<br>NEW YORK, NY 10019 |
| BLACKROCK<br>400 HOWARD ST.<br>SAN FRANCISCO, CA 94105 |
| CERBERUS CAPITAL MANAGEMENT<br>875 3RD AVE.<br>NEW YORK, NY 10022 |
| CRESSEY & COMPANY<br>155 NORTH WACKER DR.<br>SUITE 4500<br>CHICAGO, IL 60606 |
| DANAHER CORPORATION<br>2200 PENNSYLVANIA AVE. NW<br>SUITE 800W<br>WASHINGTON, DC 20037 |

| Name and address |
|---|
| DECLARATION PARTNERS<br>510 MADISON AVENUE<br>20TH FLOOR<br>NEW YORK, NO 10022 |
| FORTRESS INVESTMENT GROUP<br>1345 AVENUE OF THE AMERICAS<br>46TH FLOOR<br>NEW YORK, NY 10105 |
| GENSCRIPT<br>860 CENTENNIAL AVE.<br>PISCATAWAY, NJ 8854 |
| HJ PARTNERS<br>245 FIRST ST.<br>RIVERVIEW II, 18TH FLOOR<br>CAMBRIDGE, MA 2142 |
| HONGENE BIOTECH<br>29520 KOHOUTEK WAY<br>UNION CITY, CA 94587 |
| J.P. MORGAN<br>270 PARK AVE.<br>NEW YORK, NY 10017 |
| KRAKEN LAW GROUP<br>1420 GENE ST.<br>WINTER PARK, FL 32789 |
| KRONOS ADVANCED TECHNOLOGIES<br>464 COMMON ST.<br>SUITE 301<br>BEKMONT, MA 2478 |
| LUNATE<br>12TH FLOOR AL MARYAH TOWER<br>ABU DHABI GLOBAL MARKET SQUARE<br>AL MARYAH ISLAND, ABU DHABI<br>UAE |
| MARAVAI LIFESCIENCES<br>10770 WATERIDGE CIRCLE<br>SUITE 200<br>SAN DIEGO, CA 92121 |
| MAXCYTE<br>9713 KEY WEST AVE.<br>SUITE 400<br>ROCKVILLE, MD 20850 |
| MVM PARTNERS<br>OLD CITY HALL<br>45 SCHOOL ST.<br>BOSTON, MA 2108 |
| PATIENT SQUARE CAPITAL<br>2884 SAND HILL RD.<br>#100<br>MENLO PARK, CA 94025 |
| PERCEPTIVE<br>51 ASTOR PLACE<br>NEW YORK, NY 10003 |
| SYMBIOTIC CAPITAL<br>10100 SANTA MONICA BLVD.<br>LOS ANGELES, CA 90067 |
| WARBURG PINCUS<br>450 LEXINGTON AVE.<br>NEW YORK, NY 10017 |
| WELLINGTON MANAGEMENT<br>280 CONGRESS ST.<br>BOSTON, MA 2210 |

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ None

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| HAO GUAN | 12/29/2023 | $11,888,696.84 COST |
| **Name and address of the person who has possession of inventory records**<br>HAO GUAN<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | | |
| MIN TECK JONAS NG | 12/31/2024 | $3,960,599.11 COST |
| **Name and address of the person who has possession of inventory records**<br>MIN TECK JONAS NG<br>3696 HAVEN AVE, SUITE A<br>REDWOOD CITY, CA 94063 | | |

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| ALLEN SOONG | PALADIN MANAGEMENT GROUP, LLC<br>200 SOUTH WACKER DRIVE, 31ST FLOOR<br>CHICAGO, IL 60606 | CRO | |
| CRAIG A. BARBAROSH | [ADDRESS ON FILE] | BOARD MEMBER | |
| CRAIG CHRISTIANSON | [ADDRESS ON FILE] | PRESIDENT & CEO, AND BOARD MEMBER | 4.554% |
| JASON MILLER | [ADDRESS ON FILE] | CHIEF COMMERCIALIZATION OFFICER | 1.028% |
| JOHN T YOUNG, JR | [ADDRESS ON FILE] | BOARD MEMBER | |
| MARJAN VAREDI KOLAEI | [ADDRESS ON FILE] | COO | 0.039% |
| ROBERT WARSHAUER | [ADDRESS ON FILE] | BOARD MEMBER | |
| STEPHANIE ADAMANY | [ADDRESS ON FILE] | CHIEF LEGAL OFFICER | 0.107% |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ None

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| DREW OETTING | [ADDRESS ON FILE] | INVESTOR AND BOARD MEMBER | From 12/21/2016 To 4/17/2025 |
| ILAN FEUCHTWANG | [ADDRESS ON FILE] | GENERAL COUNSEL | From 11/1/2021 To 8/1/2024 |
| MICHAEL DABROWSKI | [ADDRESS ON FILE] | BOARD MEMBER | From 5/15/2012 To 4/7/2025 |
| PAUL DABROWSKI | [ADDRESS ON FILE] | CEO AND BOARD MEMBER | From 5/15/2012 To 3/14/2025 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ None

SEE SOFA 4

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ None

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ None

## Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 06/02/2025.

✘ /s/ Allen Soong
Signature of individual signing on behalf of the debtor

Allen Soong
Printed Name

CRO
Position or relationship to debtor

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☑ No
☐ Yes