**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SYNTHEGO CORPORATION,[1] | Case No. 25-10823 (MFW) |
| Debtor. | **Related Docket Nos. 11, 42, 91, 98** |

**CERTIFICATION OF COUNSEL REGARDING MOTION OF THE DEBTOR FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION SECURED FINANCING, (II) AUTHORIZING THE USE OF CASH COLLATERAL, (III) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING THE AUTOMATIC STAY, (VI) SCHEDULING A FINAL HEARING, AND (VII) GRANTING RELATED RELIEF**

The undersigned proposed counsel for the above-captioned debtor and debtor in possession (the "Debtor") hereby certifies that:

1. On May 6, 2025, the above-captioned debtor and debtor in possession (the "Debtor") filed the *Motion of the Debtor for Entry of Interim and Final Orders (I) Authorizing the Debtor to Obtain Post-Petition Secured Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* (the "DIP Financing Motion") [Docket No. 11].

2. On May 8, 2025, the Court held an interim hearing on the DIP Financing Motion and entered the *Interim Order (I) Authorizing the Debtor to Obtain Post-Petition Secured Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic*

---

[1] The Debtor's mailing address is 3696 Haven Avenue, Suite A, Redwood City, California, 94063, and the last four digits of the Debtor's federal tax identification number is 9518.

*Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* (the "Interim Order") [Docket No. 42].

3. On May 9, 2025, the Debtor filed the *Notice of Entry of Interim Order and Final Hearing Regarding Motion of the Debtor for Entry of Interim and Final Orders (I) Authorizing the Debtor to Obtain Post-Petition Secured Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 53] that set the deadline to respond with respect to final relief sought in the Motion as May 27, 2025, at 4:00 p.m. Eastern Time (the "Objection Deadline").

4. On May 23, 2025, the Debtor filed the *Amendment to Motion of the Debtor for Entry of Interim and Final Orders (I) Authorizing the Debtor to Obtain Post-Petition Secured Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 73].

5. The Debtor received informal comments from the Office of the United States Trustee (the "U.S. Trustee").

6. The Debtor extended the Objection Deadline for the US. Trustee to May 29, 2025. As of May 29, 2025, the Debtor and the U.S. Trustee had resolved many but not all of the issues raised by the U. S. Trustee.

7. On May 29, 2025, the U.S. Trustee filed the *United States Trustee's Objection to the Motion for an Order (I) Authorizing the Debtor to Obtain Post-Petition Secured Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens and Superpriority*

*Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay and (VI) Granting Related Relief* [Docket No. 91] (the "UST Objection").

8. Also on May 29, 2025, the Debtor filed its *Notice of Filing of Proposed Final Order (I) Authorizing the Debtor to Obtain Post-Petition Secured Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens and Superpriority Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 98] (the "Proposed Final Order"), which included many, but not all, of the U.S. Trustee's informal comments.

9. On June 2, 2025, the Debtor filed its reply to the UST Objection [Docket No. 114] (the "Reply") and a declaration in support of the DIP Financing Motion [Docket No. 115] and the DIP Agent filed a joinder to the Reply [Docket No 117].

10. The parties continued their discussions and have reached agreement on a final order for the DIP Financing Motion (the "Agreed Final Order"), which includes all of the U.S. Trustee's informal comments, reflects the agreement reached among the parties, and fully resolves the issues raised in the UST Objection.

11. Attached hereto as **Exhibit A** is a copy of the Agreed Final Order.

12. A redlined copy of the Proposed Final Order against the Agreed Final Order filed at Docket No. 98 is attached hereto as **Exhibit B**.

13. Accordingly, the Debtor respectfully requests entry of the Agreed Final Order attached hereto as **Exhibit A** at the Court's earliest convenience.

4

| | |
|---|---|
| Dated: June 3, 2025 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/ James E. O'Neill* |
| | Debra I. Grassgreen, (admitted *pro hac vice*) |
| | Maxim B. Litvak, (admitted *pro hac vice*) |
| | Malhar S. Pagay, (admitted *pro hac vice*) |
| | James E. O'Neill (DE Bar No. 4042) |
| | 919 North Market Street, 17th Floor |
| | P.O. Box 8750 |
| | Wilmington, Delaware 19899-8705 |
| | Tel:  302-652-4100 |
| | Fax: 302-652-4400 |
| | Email:    dgrassgreen@pszjlaw.com |
| | mlitvak@pszjlaw.com |
| | mpagay@pszjlaw.com |
| | joneill@pszjlaw.com |
| | |
| | *Counsel to the Debtor and Debtor in Possession* |