**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SYNTHEGO CORPORATION,[1] | Case No. 25-10823 (MFW) |
| Debtor. | **Related Docket Nos. 167, 171** |

**DECLARATION OF EMILY YOUNG WITH RESPECT TO THE TABULATION OF VOTES ON THE FIRST AMENDED COMBINED DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION OF SYNTHEGO CORPORATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

I, Emily Young, pursuant to 28 U.S.C. § 1746, hereby declare under the penalty of perjury as follows:

1. I am a Director of Epiq Corporate Restructuring, LLC ("Epiq") which is located at 777 Third Avenue, 12th Floor, New York, NY 10017. I am over eighteen years of age and competent to testify on the matters herein. I do not have a direct interest in the above-captioned chapter 11 cases and should be considered an impartial party.

2. I submit this declaration (the "Declaration") regarding the solicitation of votes and the tabulation of Ballots cast on the *First Amended Combined Disclosure Statement and Plan of Liquidation of Synthego Corporation Under Chapter 11 of the Bankruptcy Code* [Docket No. 171] (the "Combined Plan and Disclosure Statement") (as may be amended, supplemented, or modified from time to time), filed on June 26, 2025, by the above-captioned Debtor.[2] Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge or

[1] The Debtor's mailing address is 3696 Haven Avenue, Suite A, Redwood City, California, 94063, and the last four digits of the Debtor's federal tax identification number is 9518.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Combined Plan and Disclosure Statement or the Solicitation Order (as defined below), as applicable.

my review of relevant documents. I am authorized to submit this Declaration on behalf of Epiq. If I were called upon to testify, I could and would testify competently as to the facts set forth herein.

3. In accordance with the *Order Appointing Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Effective as of the Petition Date* [Docket No. 32]; the *Order (I) Approving the Retention and Employment of Epiq Corporate Restructuring, LLC as Administrative Advisor Effective as of the Petition Date and (II) Granting Related Relief* [Docket No. 82]; and the *Order (I) Granting Conditional Approval of the Adequacy of Disclosures in the Combined Disclosure Statement and Plan; (II) Scheduling a Combined Confirmation Hearing and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballots; and (V) Granting Related Relief* [Docket 167] (the "Solicitation Order"), Epiq was appointed and authorized to assist the Debtors with, *inter alia,* soliciting, receiving, reviewing, determining the validity of, and tabulating Ballots cast on the Combined Plan and Disclosure Statement by Holders of Claims in the Voting Classes (as defined herein). Epiq and its employees have considerable experience in soliciting and tabulating votes to accept or reject chapter 11 plans.

4. Pursuant to the Plan and the Solicitation Order, only Holders of Claims in the following Classes (the "Voting Classes") were entitled to vote to accept or reject the Plan:

| Class | Designation | Treatment | Entitled to Vote |
|---|---|---|---|
| 2 | Prepetition Lenders Secured Claims and Prepetition Lenders Stub Claim | Impaired | Yes |
| 4 | Unsecured Claims | Impaired | Yes |
| 5 | 2024 Non-Convertible Notes Claims | Impaired | Yes |
| 6 | 2023 Convertible Notes Claims | Impaired | Yes |

5. The Solicitation Order established June 27, 2025, as the record date (the "Voting Record Date") for determining which holders of Claims in the Voting Classes were entitled to vote

on the Plan. To the extent necessary, Epiq sent supplemental solicitation packages to parties who filed claims after the Voting Record Date and on or before the general bar date, July 3, 2025. Epiq served the voting and non-voting parties with the applicable solicitation documents and Epiq's *Certificate of Service of Solicitation Documents* was filed with the Court on July 11, 2025 [Docket No. 180], and its *Certificate of Service* was filed with the Court on July 15, 2025 [Docket No. 183].

6. The procedures for the solicitation and tabulation of votes on the Combined Plan and Disclosure Statement are outlined in the Solicitation Order. Epiq was instructed by the Debtor to solicit, receive, review, determine the validity of, and tabulate Ballots submitted to vote to accept or reject the Combined Plan and Disclosure Statement by the Holders of Claims in the Voting Classes.

7. In accordance with the procedures outlined in the Solicitation Order, Epiq received, reviewed, determined the validity of, and tabulated the Ballots submitted to vote on the Combined Plan and Disclosure Statement. To be included in the tabulation results as valid, a Ballot must have been (a) properly completed pursuant to the procedures set forth in the Solicitation Order, (b) executed by the relevant Holder entitled to vote on the Combined Plan and Disclosure Statement (or such Holder's representative), (c) returned to Epiq via an approved method of delivery set forth in the Solicitation Order, and (d) received by Epiq on or before July 29, 2025, at 4:00 p.m. (Eastern Time) (the "Voting Deadline").

8. All validly executed Ballots cast by Holders of Claims entitled to vote in the Voting Classes received by Epiq on or before the Voting Deadline were tabulated as outlined in the procedures set forth in the Solicitation Order.

9. Ballots that did not comply with the procedures set forth in the Solicitation Order were not counted.

10. I declare that the results of the voting by Holders of Claims in the Voting Classes are as set forth in **Exhibit A** hereto, which is a true and correct copy of the final tabulation of votes received by Epiq.

11. I have been informed that (a) certain Holders of Claims in Classes 5 and 6 cast votes on the Plan and (b) pursuant to applicable Subordination Agreements, Perceptive was authorized to (and did) cast those votes on the Plan. As such, those votes have been excluded from **Exhibit A** and the votes of Perceptive have been included.

12. **Exhibit B** shows the tabulation results if the votes of the subordinated creditors had been included in Classes 5 and 6.

13. A report of all Ballots received but not included in the tabulation prepared by Epiq, as well as the reasons for exclusion of such Ballots, is attached as **Exhibit C** hereto.

[*remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 31, 2025
Savannah, Georgia

/s/ *Emily Young*
Emily Young
Director
Epiq Corporate Restructuring, LLC