**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SYNTHEGO CORPORATION,[1] | Case No. 25-10823 (MFW) |
| Debtor. | **Related to Docket No. 171** |

**ORDER CONFIRMING FIRST AMENDED COMBINED
DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION OF SYNTHEGO
CORPORATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

Upon the filing by Synthego Corporation, the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case, of the *First Amended Combined Disclosure Statement and Plan of Liquidation of Synthego Corporation Under Chapter 11 of the Bankruptcy Code* [D.I. 171], attached hereto as **Exhibit A** (including all exhibits and schedules thereto and as amended, modified, or supplemented from time to time, the "Combined Plan and Disclosure Statement");[2] and the Court having previously entered the *Order (I) Granting Conditional Approval of the Adequacy of Disclosures in the Combined Disclosure Statement and Plan; (II) Scheduling a Combined Confirmation Hearing and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballots; and (V) Granting Related Relief* (the "Conditional Approval and Procedures Order") [D.I. 167], authorizing the Debtor to solicit the Combined Plan and Disclosure Statement; and the Debtor having served the Combined Plan and Disclosure Statement and certain related solicitation materials on the Holders of Claims entitled to vote on the Combined Plan and Disclosure Statement in accordance with the Conditional Approval and Procedures Order; and the Debtor having served

---

[1]    The Debtor's mailing address is 3696 Haven Avenue, Suite A, Redwood City, California, 94063, and the last four digits of the Debtor's federal tax identification number is 9518.

[2]    Capitalized terms used but not otherwise defined herein have the meanings provided for in the Combined Plan and Disclosure Statement.

notice of the Confirmation Hearing in accordance with the Conditional Approval and Procedures Order (the "Confirmation Hearing Notice"); and the Debtor having filed the Plan Supplement [D.I. 181] in accordance with the Conditional Approval and Procedures Order; and the Court having considered the record in this Chapter 11 Case, the *Declaration of Allen Soong in Support of Confirmation of First Amended Combined Disclosure Statement and Plan of Liquidation of Synthego Corporation Under Chapter 11 of the Bankruptcy Code* (the "Confirmation Declaration"), and the stakeholder support for the Plan as evidenced on the record and in the *Declaration of Emily Young with Respect to the Tabulation of Votes on the First Amended Combined Disclosure Statement and Plan of Liquidation of Synthego Corporation Under Chapter 11 of the Bankruptcy Code* (the "Tabulation Declaration"); and the *Certificate of Solicitation Documents* [Docket No. 180] (the "Solicitation Affidavit"); and the *Certificate of Service* [Docket No. 183] (the "Confirmation Notice Affidavit"); and the Court having considered the terms and provisions of the Combined Plan and Disclosure Statement, the briefs and arguments regarding confirmation of the Combined Plan and Disclosure Statement, any objections to confirmation of the Combined Plan and Disclosure Statement and any evidence in support thereof, and the evidence in support of confirmation of the Combined Plan and Disclosure Statement; and the Confirmation Hearing having been held on August 5, 2025; and after due deliberation:

       **THE COURT HEREBY FINDS**:

       A.    **Findings of Fact.**  The findings of fact and the conclusions of law stated in this Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to the proceeding by Fed. R. Bankr. P. 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it is adopted as such, and to the extent any conclusion of law shall be determined to be a finding of fact, it is adopted as such.

B.    **Jurisdiction; Venue; Core Proceeding.**    The Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This Court has exclusive jurisdiction to determine whether the Combined Plan and Disclosure Statement complies with the applicable provisions of the Bankruptcy Code and should be confirmed.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Combined Plan and Disclosure Statement is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).  Confirmation of a plan by this Court is a constitutional exercise of the jurisdiction and power conferred by Congress on this Court and the Court may enter a final order.

C.    **Sufficiency of Disclosures.**    The disclosures contained in the Combined Plan and Disclosure Statement provided Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Combined Plan and Disclosure Statement in accordance with section 1125(a)(1) of the Bankruptcy Code.

D.    **Transmittal and Mailing of Solicitation Materials and Notices.**    As evidenced by the Solicitation Affidavit and the Tabulation Declaration, the solicitation materials and notices prescribed by the Conditional Approval and Procedures Order were served in compliance with the Conditional Approval and Procedures Order, and such service was appropriate and sufficient.  As evidenced by the Confirmation Notice Affidavit, appropriate and sufficient notice of the Confirmation Hearing and the other deadlines and matters required to be noticed pursuant to the Conditional Approval and Procedures Order was given in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the Conditional Approval and Procedures Order, and no other or further notice is or shall be required.

E.      **Solicitation.**  As evidenced by the Tabulation Declaration, all procedures used to distribute the solicitation materials to the appropriate creditors and to tabulate the ballots were fair and were conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Conditional Approval and Procedures Order.  Votes for acceptance or rejection of the Combined Plan and Disclosure Statement were solicited and cast in good faith, and only after transmittal of the Combined Plan and Disclosure Statement containing adequate information, and otherwise in compliance with 11 U.S.C. §§ 1125 and 1126 and Fed. R. Bankr. P. 3017 and 3018.  The Debtor and its Professionals have acted in good faith within the meaning of 11 U.S.C. §§ 1125(e) and 1129(a)(3), and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Conditional Approval and Procedures Order and are entitled to the protections afforded by 11 U.S.C. § 1125(e) and, to the extent applicable, the exculpation and injunctive provisions set forth in Section 16 of the Combined Plan and Disclosure Statement.

F.      **Impaired Classes that Have Voted to Accept or Reject the Plan.**  Classes 2 and 4-6 are Impaired under and entitled to vote on the Combined Plan and Disclosure Statement.  As evidenced by the Tabulation Declaration, Classes 2 and 4-6 have voted to accept the Combined Plan and Disclosure Statement pursuant to the requirements of 11 U.S.C. §§ 1124 and 1126, excluding the votes of any Insiders, if applicable.

G.      **Classes Deemed to Accept Plan.**  Classes 1 and 3 are Unimpaired under the Combined Plan and Disclosure Statement.  Pursuant to 11 U.S.C. § 1126(f), Holders of such Unimpaired Claims are conclusively presumed to have accepted the Combined Plan and Disclosure Statement.

H.      **Classes Deemed to Reject Plan.**  Class 7 is Impaired under the Combined Plan and Disclosure Statement and not anticipated to receive any distribution under the Combined Plan

and Disclosure Statement.  Pursuant to 11 U.S.C. § 1126(g), Holders of Impaired Claims or Interests that are not anticipated to receive a distribution under the Combined Plan and Disclosure Statement are conclusively presumed to have rejected the Combined Plan and Disclosure Statement.

      I.     **Releases, Exculpations and Injunctions.**  The release, exculpation, and injunction provisions set forth in Section 16 of the Plan: (a) were conspicuously emphasized with bold typeface in the Combined Plan and Disclosure Statement, and the Confirmation Hearing Notice such that all Holders of Claims and Interests were provided adequate notice and an opportunity to object; (b) are within the jurisdiction and power of the Court under 28 U.S.C. §§ 1334(a), 1334(b) and 1334(d); (c) are an essential means of implementing the Combined Plan and Disclosure Statement pursuant to 11 U.S.C. § 1123(a)(5); (d) are an integral element of the transactions incorporated into the Combined Plan and Disclosure Statement; (e) confer material benefits on, and are in the best interests of, the Debtor, its Estate and its creditors; (f) are important to the overall objectives of the Combined Plan and Disclosure Statement to finally resolve all Claims among or against the key parties in interest in the Chapter 11 Case with respect to the Debtor; and (g) are consistent with 11 U.S.C. §§ 105, 1123, and 1129, and other applicable provisions of the Bankruptcy Code.  With respect to the third party release pursuant to Section 16.2(b) of the Combined Plan and Disclosure Statement provided by Holders of Claims who affirmatively voted to accept the Combined Plan and Disclosure Statement and did not elect on their ballots to opt out of such release, such releases are (a) consensual and (b) a bar to any of the Releasing Parties' assertion of any claims, obligations, rights, suits, damages, causes of action, remedies, and liabilities released by such provisions.  The record of the Confirmation Hearing and the Chapter 11 Case is sufficient to support the release, exculpation, and injunction provisions in the Combined Plan and Disclosure Statement.

J.      **Plan Compliance with Bankruptcy Code -- 11 U.S.C. § 1129(a)(1).**   The Combined Plan and Disclosure Statement complies with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(1).

(i)      **Proper Classification -- 11 U.S.C. §§ 1122, 1123(a)(1).**   Aside from Administrative Expense Claims, DIP Facility Claims and Priority Tax Claims, which need not be classified, the Combined Plan and Disclosure Statement designates seven Classes of Claims or Interests against the Debtor.  The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class. The classification of Claims and Interests in the Combined Plan and Disclosure Statement is reasonable and necessary, has a rational, justifiable, and good faith basis.  Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Combined Plan and Disclosure Statement, and such Classes do not unfairly discriminate among Holders of Claims and Interests.  Thus, the Combined Plan and Disclosure Statement satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

(ii)      **Specify Unimpaired Classes -- 11 U.S.C. § 1123(a)(2).**   Section 10.1(c) and 10.3(c) of the Combined Plan and Disclosure Statement specifies that Classes 1 and 3 are Unimpaired under the Combined Plan and Disclosure Statement, thereby satisfying 11 U.S.C. § 1123(a)(2).

(iii)      **Specify Treatment of Impaired Classes -- 11 U.S.C. § 1123(a)(3).** Section 9 of the Plan specifies that Classes 2 and 4-7 are Impaired, and Section 10 of the Combined Plan and Disclosure Statement specifies the treatment of Claims and Interests in those Classes, thereby satisfying 11 U.S.C. § 1123(a)(3).

(iv)      **No Discrimination -- 11 U.S.C. § 1123(a)(4).**   The Combined Plan and Disclosure Statement provides for the same treatment for each Claim or Interest in each

respective Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying 11 U.S.C. § 1123(a)(4).

(v)    **Implementation of Plan -- 11 U.S.C. § 1123(a)(5).** Section 14 and other provisions of the Combined Plan and Disclosure Statement provide adequate means for implementation of the Combined Plan and Disclosure Statement, including: (a) all Sale-Excluded Cash shall vest in the Post-Effective-Date Debtor free and clear of all Claims, Liens, charges, other encumbrances and Interests, except as expressly provided otherwise in the Combined Plan and Disclosure Statement; (b) title to all Remaining Assets shall vest automatically in the Post-Effective-Date Debtor and shall be retained and administered by the Post-Effective-Date Debtor for the purposes contemplated under the Combined Plan and Disclosure Statement; and (c) appointment of the Post-Effective-Date Debtor Representative. Title to all Remaining Assets shall vest automatically in the Post-Effective-Date Debtor and shall be retained and administered by the Post-Effective-Date Debtor Representative for the purposes contemplated under the Combined Plan and Disclosure Statement provides adequate and proper means for its implementation, thereby satisfying 11 U.S.C. § 1123(a)(5).

(vi)    **Non-Voting Equity Securities -- 11 U.S.C. § 1123(a)(6).** The Post-Effective-Date Debtor's governing documents shall be deemed to include provisions prohibiting the issuance of non-voting equity securities, to the extent required by 11 U.S.C. § 1123(a)(6) and limited as necessary to facilitate compliance with applicable non-bankruptcy federal laws governing foreign ownership of the Debtor. Thus, the requirements of 11 U.S.C. § 1123(a)(6) are satisfied.

(vii)    **Selection of Officers and Directors -- 11 U.S.C. § 1123(a)(7).** In the Plan Supplement, the Debtor has properly and adequately disclosed the identity and affiliations

of the Post-Effective-Date Debtor Representative, and the manner of selection and appointment of the Post-Effective-Date Debtor Representative is consistent with the interests of Holders of Claims and Interests and with public policy and, accordingly satisfies the requirements of 11 U.S.C. § 1123(a)(7).

(viii)    **Additional Plan Provisions -- 11 U.S.C. § 1123(b).**  The Combined Plan and Disclosure Statement's additional provisions, including in respect of the rejection of the Debtor's remaining executory contracts and unexpired leases, are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

K.    **Compliance with Bankruptcy Code -- 11 U.S.C. § 1129(a)(2).**  The Debtor, as the proponent of the Combined Plan and Disclosure Statement, has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(2).

L.    **Plan Proposed in Good Faith -- 11 U.S.C. § 1129(a)(3).**  The Debtor has proposed the Combined Plan and Disclosure Statement in good faith and not by any means forbidden by law, thereby satisfying 11 U.S.C. § 1129(a)(3).  The Court has examined the totality of the circumstances surrounding the formulation of the Combined Plan and Disclosure Statement.  The Combined Plan and Disclosure Statement and related documents reflect and are the result of extensive, arm's-length and good faith negotiations among the Debtor, the DIP Agent, the Prepetition Agent, and other creditors and parties in interest in the Chapter 11 Case and are consistent with the best interests of the Estate, creditors and other stakeholders.  The Debtor, the DIP Agent, the Prepetition Agent, and each of their respective agents, advisors and professionals acted in good faith in negotiating and proposing, where applicable, the Combined Plan and Disclosure Statement and all the agreements, compromises, settlements, transactions, and transfers contemplated thereby.

M.      **Payments for Services or Costs and Expenses -- 11 U.S.C. § 1129(a)(4).**  The Combined Plan and Disclosure Statement complies with 11 U.S.C. § 1129(a)(4).  Without limiting the generality of the foregoing, the selection and compensation of the Post-Effective-Date Debtor Representative in accordance with the Combined Plan and Disclosure Statement is appropriate and proper.

N.      **Director, Officers and Insiders -- 11 U.S.C. § 1129(a)(5).**  The Debtor has complied with 11 U.S.C. § 1129(a)(5).  Without limiting the generality of the foregoing, the identity and affiliations of the person who will serve as the Post-Effective-Date Debtor Representative as of the Effective Date have been fully disclosed in the Plan Supplement.

O.      **No Rate Changes -- 11 U.S.C. § 1129(a)(6).**  11 U.S.C. § 1129(a)(6) is not applicable.

P.      **Best Interests of Creditors -- 11 U.S.C. § 1129(a)(7).**  The Combined Plan and Disclosure Statement satisfies 11 U.S.C. § 1129(a)(7).  The liquidation analysis included in the Combined Plan and Disclosure Statement and any other evidence proffered or adduced at the Confirmation Hearing with respect to the Combined Plan and Disclosure Statement's satisfaction of 11 U.S.C. § 1129(a)(7) (a) are reasonable, persuasive and credible, (b) use reasonable and appropriate methodologies and assumptions, (c) have not been controverted by other evidence, and (d) establish that each Holder of an Impaired Claim or Interest either has accepted the Combined Plan and Disclosure Statement or will receive or retain under the Combined Plan and Disclosure Statement, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code.

Q.      **Acceptance or Rejection by Certain Classes -- 11 U.S.C. § 1129(a)(8).**  As evidenced by the Tabulation Declaration: Class 1 and Class 3 are Classes of Unimpaired Claims

that are conclusively presumed to have accepted the Combined Plan and Disclosure Statement under 11 U.S.C. § 1126(f), and no votes were solicited from Holders of Claims in such Classes; Classes 2 and 4-6 are Impaired and have voted to accept the Combined Plan and Disclosure Statement; and Class 7 is deemed to have rejected the Combined Plan and Disclosure Statement and, consequently, no votes on the Combined Plan and Disclosure Statement were solicited from Holders of Interests in such Class. Nevertheless, the Combined Plan and Disclosure Statement is confirmable because it satisfies 11 U.S.C. § 1129(b) with respect to such non-accepting Class of Interests as detailed more fully below.

R. **Treatment of Administrative, DIP Facility and Priority Tax Claims – 11 U.S.C. § 1129(a)(9).** The treatment of Administrative Expense Claims, DIP Facility Claims, and Priority Tax Claims pursuant to Section 8 of the Combined Plan and Disclosure Statement satisfies the requirements of 11 U.S.C. §§ 1129(a)(9)(A), (B) and (C).

S. **Acceptance by Impaired Class -- 11 U.S.C. § 1129(a)(10).** Classes 2 and 4-6 are each Impaired, entitled to vote, and have voted to accept the Combined Plan and Disclosure Statement in accordance with 11 U.S.C. § 1126(c), excluding the votes of any Insiders holding Allowed Claims in any of those Classes, as applicable. Therefore, 11 U.S.C. § 1129(a)(10) is satisfied.

T. **Feasibility -- 11 U.S.C. § 1129(a)(11).** The Combined Plan and Disclosure Statement, the Confirmation Declaration, and other evidence proffered or adduced by the Debtor at the Confirmation Hearing with respect to the feasibility of the Combined Plan and Disclosure Statement (a) are reasonable, persuasive and credible, (b) have not been controverted by other evidence or challenged in any objection, and (c) establish that confirmation of the Combined Plan and Disclosure Statement is not likely to be followed by the liquidation, or the need for further

financial reorganization, of the Post-Effective-Date Debtor.  Based upon the foregoing, the Court finds that the Debtor has satisfied the requirements of 11 U.S.C. § 1129(a)(11).

U.       **Payment of Fees -- 11 U.S.C. § 1129(a)(12).**  All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid on the Effective Date pursuant to the Combined Plan and Disclosure Statement, thus satisfying 11 U.S.C. § 1129(a)(12).

V.       **Inapplicable Provisions -- 11 U.S.C. § 1129(a)(13)–(16).**  Sections 1129(a)(13), (14), (15), and (16) of the Bankruptcy Code are inapplicable to the Combined Plan and Disclosure Statement .

W.       **Fair and Equitable; No Unfair Discrimination  -- 11 U.S.C. § 1129(b).**  Class 7 is deemed to reject the Combined Plan and Disclosure Statement.  The Combined Plan and Disclosure Statement does not discriminate unfairly against, and is fair and equitable with respect to, Class 7 as required by 11 U.S.C. § 1129(b)(1) because 11 U.S.C. § 1129(b)(2)(B)(ii) and (b)(2)(C)(ii), as applicable, are satisfied.  Thus, the Combined Plan and Disclosure Statement may be confirmed notwithstanding 11 U.S.C. § 1129(a)(8).  No Class lower in the capital structure of the Debtor will obtain any distribution or retain any interest prior to Holders of Interests in such Class being paid in full.

X.       **Only One Plan -- 11 U.S.C. § 1129(c).**  Other than the Combined Plan and Disclosure Statement (including previous versions thereof), no other plan has been filed in the Chapter 11 Case.  Accordingly, the requirements of 11 U.S.C. § 1129(c) have been satisfied.

Y.       **Principal Purpose -- 11 U.S.C. § 1129(d).**  The principal purpose of the Combined Plan and Disclosure Statement is neither the avoidance of taxes nor the avoidance of the application of section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Combined Plan and Disclosure Statement on any such grounds.  The

Combined Plan and Disclosure Statement therefore satisfies the requirements of 11 U.S.C. § 1129(d).

Z.      **Rejected Contracts and Leases.**   Pursuant to Section 13 of the Combined Plan and Disclosure Statement, the Debtor has exercised sound business judgment in rejecting executory contracts and unexpired leases pursuant to the Combined Plan and Disclosure Statement. No party to an executory contract or unexpired lease to be rejected by the Debtor pursuant to the Combined Plan and Disclosure Statement has objected to the rejection thereof.

AA.     **Satisfaction of Confirmation Requirements.**   The Debtor has met its burden of proving the Plan satisfies all of the requirements for confirmation set forth in 11 U.S.C. § 1129 by a preponderance of the evidence.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      **Confirmation of Combined Plan and Disclosure Statement.**   The Combined Plan and Disclosure Statement is approved and confirmed on a final basis as having adequate information under 11 U.S.C. §§ 1125(a)(1) and 1129.   Any and all objections to the Combined Plan and Disclosure Statement are hereby overruled and denied in their entirety on the merits, with prejudice.   The provisions of the Combined Plan and Disclosure Statement and this Confirmation Order are non-severable and mutually dependent.   The failure specifically to include or reference any particular term or provision of the Combined Plan and Disclosure Statement in this Confirmation Order shall not diminish or impair the effectiveness of such term and provision, it being the intent of the Court that the Combined Plan and Disclosure Statement, the Plan Supplement, and all related agreements and documents be approved and confirmed in their entirety.   The compromises or settlements of Claims, Interests, and controversies contemplated by the Combined Plan and Disclosure Statement are approved in accordance with 11 U.S.C. §§ 105, 363, and 1123 and Bankruptcy Rule 9019.

2.      **Occurrence of Effective Date.**  The Effective Date of the Combined Plan and Disclosure Statement shall occur on the date when the conditions set forth in Section 17.2 of the Combined Plan and Disclosure Statement have been satisfied or, if applicable, waived pursuant to Section 17.3 of the Combined Plan and Disclosure Statement.

3.      **Binding Effect.**  Effective on the Effective Date, the Combined Plan and Disclosure Statement and its provisions (including, without limitation, the exculpation provisions (Section 16.1), the Debtor release provisions (Section 16.2(a)), the third party release provisions (Section 16.2(b)), and the injunction provisions (Section 16.3)) shall be binding upon the Debtor, the Post-Effective-Date Debtor, the Post-Effective-Date Debtor Representative, any individual or entity acquiring or receiving property or a distribution under the Combined Plan and Disclosure Statement and any Holder of a Claim against or Interest in the Debtor, including all governmental entities, whether or not the Claim or Interest of such Holder is Impaired under the Combined Plan and Disclosure Statement and whether or not such Holder, and their respective successor and assigns, has accepted the Combined Plan and Disclosure Statement.  Pursuant to 11 U.S.C. §§ 1123(a), 1123(b), and 1142(a) and the provisions of this Confirmation Order, from and after the Effective Date, the Debtor, the Post-Effective-Date Debtor, and the Post-Effective-Date Debtor Representative shall comply with the Combined Plan and Disclosure Statement, and all other Combined Plan and Disclosure Statement related documents, and all other Combined Plan and Disclosure Statement related documents shall be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

4.      **Releases.**  Subject to the exceptions and exclusions contained in the Combined Plan and Disclosure Statement Plan, the release provisions of Section 16.2(a) and (b) of the Combined Plan and Disclosure Statement are approved, are incorporated by reference into, and are an integral

part of this Confirmation Order and shall be effective immediately upon the Effective Date without any further order or action of the Court.

5.    **No Discharge.**  Nothing contained in the Combined Plan and Disclosure Statement shall be deemed to constitute a discharge of the Debtor under Bankruptcy Code section 1141(d)(3).

6.    **Exculpation.**  The exculpation provisions of Section 16.1 of the Combined Plan and Disclosure Statement are approved, are incorporated by reference into, and are an integral part of this Confirmation Order and shall be effective immediately upon the Effective Date without any further order or action of the Court.

7.    **Injunction.**  The injunction provisions of Section 16.3 of the Combined Plan and Disclosure Statement are approved, are incorporated by reference into, and are an integral part of this Confirmation Order and shall be effective immediately upon the Effective Date without any further order or action of the Court.

8.    **Cancellation of Interests.**  Pursuant to Section 10.7 of the Combined Plan and Disclosure Statement (Class 7 – Interests), all Interests shall be deemed automatically cancelled and surrendered and shall be of no further force.

9.    **Plan Implementation.**  All implementing actions required or contemplated by the Combined Plan and Disclosure Statement, the vesting of Remaining Assets in the Post-Effective-Date Debtor, the appointment of the Post-Effective-Date Debtor Representative, are hereby authorized and approved in all respects in accordance with the Combined Plan and Disclosure Statement.  The Post-Effective-Date Debtor Representative shall have the rights, duties, and powers as set forth in the Combined Plan and Disclosure Statement.  The Post-Effective-Date Debtor Representative shall be authorized to take any action as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Combined Plan and Disclosure Statement, whether or not specifically referred to in the Combined Plan and Disclosure Statement

or any exhibit thereto, without further order of the Court or further action by the corporation or Post-Effective-Date Debtor (as applicable) or any other person.  For the avoidance of doubt, the Debtor, the Post-Effective-Date Debtor, and the Post-Effective-Date Debtor Representative are authorized and empowered pursuant to section 303 of the Delaware General Corporation Law to take any and all actions necessary or desirable to implement the transactions contemplated by the Combined Plan and Disclosure Statement and this Confirmation Order, in each case without any requirement of further vote, consent, approval, authorization or other action by the stockholders, officers or directors, or notice to, order of, or hearing before this Court.  Any or all such documents shall be accepted upon presentment by each of the respective state filing offices and recorded in accordance with applicable state law and shall become effective in accordance with their terms and the provisions of state law.  Immediately prior to the Effective Date, all existing officers and directors of the Debtor shall be deemed to have resigned from their respective positions, and the Post-Effective-Date Debtor Representative will be deemed to have been appointed to such position immediately on and as of the Effective Date.  From and after the Effective Date, the Post-Effective-Date Debtor may operate its business and manage its affairs and property in accordance with the Combined Plan and Disclosure Statement and related documents, without supervision of or approval by the Court, and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, other than restrictions expressly imposed by the Combined Plan and Disclosure Statement or this Confirmation Order.

10.    **Governmental Approvals Not Required.**    This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Combined Plan and Disclosure Statement and any documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the

Combined Plan and Disclosure Statement and any documents, instruments or agreements, and any amendments or modifications thereto.

11.     **Exemption from Certain Transfer Taxes.**  Pursuant to 11 U.S.C. § 1146(a), any transfers from the Debtor to the Post-Effective-Date Debtor or the Post-Effective-Date Debtor Representative or any other person pursuant to, in contemplation of, or in connection with the Combined Plan and Disclosure Statement, shall not be taxed under any law imposing a stamp tax, sales or use tax, or other similar tax or government assessment.  Such exemption specifically applies, without limitation, to all documents necessary to evidence and implement distributions under the Combined Plan and Disclosure Statement, including the documents contained in the Plan Supplement and all documents necessary to evidence and implement any of the transactions and actions described in the Combined Plan and Disclosure Statement or the Plan Supplement.

12.     **Applicable Non-Bankruptcy Law.**  Pursuant to 11 U.S.C. §§ 1123(a), 1123(b), and 1142(a), the provisions of this Confirmation Order, the Combined Plan and Disclosure Statement, or any other amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.  The consummation of the Combined Plan and Disclosure Statement, including the rejection of any executory contract or unexpired lease by the Post-Effective-Date Debtor, shall not constitute a change in ownership or change in control under any employee benefit plan or program, financial instrument, loan or financing agreement, executory contract or unexpired lease or contract, lease or agreement in existence on the Effective Date to which the Debtor is a party.

13.     **Approval of Rejection of Contracts and Leases.**  The Debtor's rejection of executory contracts and unexpired leases pursuant to Section 13 of the Combined Plan and Disclosure Statement is hereby approved.  Neither the Combined Plan and Disclosure Statement nor this Confirmation Order is intended to or shall be construed as limiting the Debtor's authority

under the *Order (I) Approving the Sale of Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection Therewith and (III) Granting Related Relief* [Docket No. 169] (the "Sale Order") to assume and assign executory contracts and unexpired leases to the Purchaser (as defined in the Sale Order) in accordance with the Stalking Horse APA (as defined in the Sale Order) and any related documents related to the Sale (as defined in the Sale Order).

14.    **Claims Based on Rejection of Executory Contracts and Unexpired Leases.** Any Claims created by the rejection of executory contracts and unexpired leases pursuant to Section 13 of the Combined Plan and Disclosure Statement and this Confirmation Order must be timely filed with the Bankruptcy Court and served on the Debtor and the Post-Effective-Date Debtor Representative in accordance with Section 13 of the Combined Plan and Disclosure Statement.  Except as expressly provided in the Combined Plan and Disclosure Statement or this Confirmation Order, any Claims arising from the rejection of an executory contract or unexpired lease pursuant to Section 13 for which proofs of claim are not timely filed within that time period shall be forever barred from assertion, and shall not be enforceable, against the Debtor, the Estate, the Post-Effective-Date Debtor, the Post-Effective-Date Debtor Representative, their respective successors and assigns, and their respective assets and properties.

15.    **Transfers by Debtor; Vesting and Revesting of Assets.**  All transfers of property of the Estate, including, without limitation, the vesting of assets in the Post-Effective-Date Debtor and the vesting of the Remaining Assets in order to make distributions to Holders of Allowed Claims under the Combined Plan and Disclosure Statement, (a) are legal, valid and effective transfers of property, (b) vest the transferees with good title to such property free and clear of all Claims, Liens, interests, charges or other encumbrances, except as expressly provided in the Combined Plan and Disclosure Statement or this Confirmation Order, (c) do not and will not

constitute avoidable transfers under the Bankruptcy Code or under applicable law, (d) do not and will not subject the Post-Effective-Date Debtor or the Post-Effective-Date Debtor Representative to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation, any laws affecting successor, transferee or stamp or recording tax liability, and (e) are for good consideration and value.  Pursuant to 11 U.S.C. §§ 1141(b) and (c), the assets of the Debtor referenced in Section 14.4 of the Plan shall revest in the Post-Effective-Date Debtor free and clear of all Claims, Liens, interests, charges and other encumbrances, except as expressly provided in the Combined Plan and Disclosure Statement. All Remaining Assets (including, for the avoidance of doubt, the Insurance Policies) shall vest in the Remaining Assets free and clear of all Claims, Liens, interests, charges and other encumbrances.  Such vesting and revesting does not constitute a voidable transfer under the Bankruptcy Code or applicable non-bankruptcy law.

16.  **Survival of Prior Orders.**  Pursuant to section 1141 of the Bankruptcy Code, effective as of and subject to the occurrence of the Effective Date and subject to the terms of the Combined Plan and Disclosure Statement and this Confirmation Order, all prior orders entered in the Chapter 11 Case, all documents and agreements executed by the Debtor as authorized and directed thereunder, and all motions or requests for relief by the Debtor pending before the Court as of the Effective Date that ultimately are granted shall be binding upon and shall inure to the benefit of the Debtor, the Post-Effective-Date Debtor, and their respective successors and assigns, including the Post-Effective-Date Debtor Representative, as applicable.

17.  **Conflict Between Plan and Confirmation Order.**  The provisions of the Combined Plan and Disclosure Statement and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided, however, that if there is determined to be any direct conflict between any Combined Plan and Disclosure Statement

provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such conflict, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Combined Plan and Disclosure Statement and shall control and take precedence.  In the event of any inconsistency between this Confirmation Order and the Sale Order, the Sale Order shall control.  Any modifications to the solicitation version of the Combined Plan and Disclosure Statement set forth in this Confirmation Order and/or the Combined Plan and Disclosure Statement as approved hereby do not materially and adversely affect the treatment of any Claim against or Interest in the Debtor.  Accordingly, pursuant to 11 U.S.C. § 1127(b) and Bankruptcy Rule 3019, the Combined Plan and Disclosure Statement does not require additional disclosure under section 1125 of the Bankruptcy Code or the re-solicitation of acceptances or rejections of the Combined Plan and Disclosure Statement under section 1126 of the Bankruptcy Code, nor does it require that Holders of Claims entitled to vote on the Combined Plan and Disclosure Statement be afforded an opportunity to change previously cast acceptances or rejections of the Combined Plan and Disclosure Statement as filed with the Court, and Holders of Claims that have accepted the Combined Plan and Disclosure Statement shall be deemed to have accepted the Combined Plan and Disclosure Statement as so modified.

18.    **Plan Supplement.**  Prior to the Effective Date, the Debtor shall have the right to finalize, amend, supplement, or modify the Plan Supplement, and any other documents necessary for the implementation of the transactions contemplated thereby, in accordance with the Bankruptcy Code and the Bankruptcy Rules, and in accordance with and subject to any consent or consultation rights set forth in the Combined Plan and Disclosure Statement.  The provisions of the Plan Supplement and this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided, however, that if there is determined to be

any direct conflict between any provision in the Plan Supplement (including any provision of any document included therein) and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such conflict, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan Supplement (or any such document included therein, as applicable) and shall control and take precedence.

19.     **Tax Consequences.**  In confirming the Combined Plan and Disclosure Statement, this Court has not made any determination as to the federal tax liabilities or tax consequences of the Combined Plan and Disclosure Statement.  Nothing in the Combined Plan and Disclosure Statement or this Confirmation Order shall be deemed to be a determination of: (a)  the federal tax liability of any person or entity, including but not limited to the Debtor and the Post-Effective-Date Debtor, or (b) the federal tax treatment of any item, distribution or entity, including the federal tax consequences of the Combined Plan and Disclosure Statement.

20.     **Reversal.**  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of the Court or any other court, in the absence of a stay of this Confirmation Order, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken in good faith under or in connection with the Combined Plan and Disclosure Statement prior to the Debtor's, the Post-Effective-Date Debtor's, or the Post-Effective-Date Debtor Representative's receipt of written notice of any such order.  Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, in the absence of a stay of this Confirmation Order, any such act or obligation incurred or undertaken in good faith pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this

Confirmation Order and the Combined Plan and Disclosure Statement and any amendments or modifications thereto.

21.    **Authorization to Consummate Combined Plan and Disclosure Statement.** Notwithstanding Fed. R. Bankr. P. 3020(e), this Confirmation Order shall take effect immediately upon its entry and the Debtor is authorized to consummate the Combined Plan and Disclosure Statement immediately after entry of this Confirmation Order and the satisfaction or waiver of all conditions to the Effective Date of the Combined Plan and Disclosure Statement, in accordance with the Combined Plan and Disclosure Statement.  The Combined Plan and Disclosure Statement shall only become effective on the Effective Date.  On the Effective Date, the Combined Plan and Disclosure Statement shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

22.    **Administrative Claims Bar Date.**  All Professionals shall file their respective applications for final allowances of compensation for services rendered and reimbursement of expenses incurred on behalf of the Estate prior to the Effective Date on or before the date that is **thirty (30) days after the Effective Date**.  All Administrative Claims must be filed by no later than **thirty (30) days after the Effective Date** (the "Administrative Claims Bar Date") and objections (if any) to such Administrative Claim may be filed no later than 180 days after the Effective Date, unless extended by the Court.  Any person or entity purportedly holding an Administrative Claim that is required to file such Administrative Expense Claim but fails to do so in accordance with this Confirmation Order, as applicable, shall not participate in any distribution in the Chapter 11 Case on account of such purported Administrative Claim.

23.    **Distributions.**  The Post-Effective-Date Debtor Representative, on behalf of the Post-Effective-Date Debtor, will make the distributions to the Claimants required under the Combined Plan and Disclosure Statement in accordance with the priorities set forth herein and the

other provisions of the Combined Plan and Disclosure Statement, and administer and liquidate the Remaining Assets and otherwise wind down the Estate.

24. **Non-Occurrence of the Effective Date; Revocation of the Combined Plan and Disclosure Statement.**  If the Combined Plan and Disclosure Statement is revoked or withdrawn pursuant to Section 19.2 of the Combined Plan and Disclosure Statement prior to the Effective Date, the Combined Plan and Disclosure Statement and this Confirmation Order shall be deemed null and void.  In the event that the conditions to the occurrence of the Effective Date have not been timely satisfied or waived, and upon notification filed by the Debtor with the Bankruptcy Court, this Confirmation Order shall be vacated and the Debtor and all parties in interest shall be restored to the *status quo ante*.  If this Confirmation Order is vacated, this Combined Plan and Disclosure Statement shall be null and void in all respects and nothing contained in this Plan or the Disclosure Statement shall:  (a) constitute a waiver or release of any Claims by or against, or any Interests in, the Debtor; (b) prejudice in any manner the rights of the Debtor or any other Person or Entity; or (c) constitute an admission, acknowledgment, offer or undertaking by the Debtor in any respect.

25. **Notice of Effective Date.**  Promptly following the occurrence of the Effective Date, the Post-Effective-Date Debtor shall file a notice of entry of this Confirmation Order and the occurrence of the Effective Date and serve a copy thereof on all known Holders of Claims and Interests, the U.S. Trustee and all parties that have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.  Such service constitutes good and sufficient notice of the entry of this Confirmation Order and the relief granted herein and the occurrence of the Effective Date, including, without limitation, the rejection of executory contracts and unexpired leases of the Debtors as provided for in the Combined Plan and Disclosure Statement and this Confirmation Order, and any bar dates and deadlines established under the Combined Plan and Disclosure

Statement and this Confirmation Order, and no other or further notice of the entry of this Confirmation Order, the occurrence of the Effective Date and any such rejections, bar dates and deadlines need be given.

26.    **Retention of Jurisdiction.**  This Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Combined Plan and Disclosure Statement to the fullest extent permitted by law, including, without limitation, as set forth in Section 18 of the Combined Plan and Disclosure Statement.

27.    The stay of this Confirmation Order provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 6004(h) and 6006(d)), whether for 14 days or otherwise, is hereby waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.

**Dated: August 5th, 2025**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**