**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SYNTHEGO CORPORATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10823 (MFW) |

**Objections Due: August 29, 2025 at 4:00 p.m. (ET)**
**Hearing Date: September 23, 2025 at 3:00 p.m. (ET)**

**DEBTOR'S FIRST OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS (REDUCED CLAIMS, NO LIABILITY CLAIMS, AMENDED CLAIMS, AND RECLASSIFIED CLAIM)**

**PARTIES RECEIVING THIS OMNIBUS OBJECTION TO CLAIMS SHOULD LOCATE THEIR NAMES AND CLAIM(S) ON THE SCHEDULES TO EXHIBIT A, WHICH ARE ATTACHED TO THIS OMNIBUS OBJECTION.**

**YOUR RIGHTS MAY BE AFFECTED BY THIS OMNIBUS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED AGAINST YOUR CLAIM(S).**

The above-captioned debtor and debtor in possession (the "Debtor"), by and through its undersigned counsel, hereby files this omnibus objection (this "Objection") pursuant to section 502 of the Bankruptcy Code, Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007–1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to (a) the claims listed on **Schedule 1** (the "Reduced Claims"), (b) the claims listed on **Schedule 2** (the "No Liability Claims"), (c) the claims listed on **Schedule 3** (the "Amended / Superseded Claims"), and (d) the claim listed on **Schedule 4** (the "Reclassified Claim"), and collectively with the Reduced Claims, No Liability Claims, Amended / Superseded Claims, Reclassified Claim, the "Disputed Claims"), which are annexed to **Exhibit A** attached hereto, and seeks entry of an order (the "Proposed Order"), substantially in the form annexed hereto as

[1] The Debtor's mailing address is 3696 Haven Avenue, Suite A, Redwood City, California, 94063, and the last four digits of the Debtor's federal tax identification number is 9518.

**Exhibit A**; (a) reducing the Reduced Claims listed on **Schedule 1** to the Proposed Order because such claims overstate the amount for which the Debtor's estate is liable; (b) disallowing and expunging the No Liability Claims listed on **Schedule 2** to the Proposed Order because the Debtor's books and records reveal no indication that the asserted claims are due and owing; (c) disallowing and expunging the Amended / Superseded Claims listed on **Schedule 3** to the Proposed Order because such claims have been amended by subsequently filed proofs of claim; and (d) reclassifying the Reclassified Claim listed on **Schedule 4** to the Proposed Order because such claim does not demonstrate entitlement to an administrative claim under section 507(a)(7) and, accordingly, the claim should be reclassified as a general unsecured claim. In support of this Objection, the Debtor represents as follows:

## Jurisdiction and Venue

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## Background

### A. General Background

4. On May 5, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is operating its business and managing its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Case. A detailed description of the Debtor's business and facts precipitating the filing of the Debtor's chapter 11 proceeding are set forth in the *Declaration of Craig Christianson in Support of the Debtor's Chapter 11 Petition and First Day Relief* [Docket No. 3] (the "Christianson First Day Declaration") and the *Declaration of Allen Soong in Support of the Debtor's Chapter 11 Petition and First Day Relief* [Docket No. 4] (the "Soong First Day Declaration" and, together with the Christianson First Day Declaration, the "First Day Declarations").

5. On August 5, 2025, the Court entered the *Order Confirming First Amended Combined Disclosure Statement and Plan of Liquidation of Synthego Corporation Under Chapter 11 of the Bankruptcy Code* [Docket No. 209] (the "Confirmation Order"), pursuant to which the Bankruptcy Court confirmed the Plan. As of the filing of this Objection, the Plan has not become effective.

### B. Claims Administration Process

6. On June 2, 2025, the Debtor filed its schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and together, with the Schedules, the "Schedules and Statements") [Docket Nos. 120-121].

7. On May 30, 2024, the Court established July 3, 2025, as the final date for all persons and entities holding or asserting a prepetition, non-governmental claim or interest against the Debtor arising on or before the Petition Date to file proofs of claim in this chapter 11 case (the "Claims Bar Date").[2]

8. The Debtor relies upon and incorporates by reference the *Declaration of Allen Soong in Support of Debtor's First Omnibus Objection (Substantive) to Certain Claims (Reduced Claims, No Liability Claims, Amended Claims, and Reclassified Claim)* (the "Declaration"), which is attached hereto as **Exhibit B** and is fully incorporated herein by reference.

## Relief Requested

9. By this Objection, the Debtor seeks entry of an order, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007–1, (a) reducing the Reduced Claims identified on **Schedule 1** to the Proposed Order as set forth therein; (b) disallowing and expunging the No Liability Claims identified on **Schedule 2** to the Proposed Order as set forth therein; (c) disallowing and expunging the Amended / Superseded Claims identified on **Schedule 3** to the Proposed Order as set forth therein; and (d) reclassifying the Reclassified Claim identified on **Schedule 4** to the Proposed Order as set forth therein, and upon the Schedules annexed to the Proposed Order.

## Basis for Relief

10. Section 502(a) of the Bankruptcy Code provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in

---

[2] *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Setting a Bar Date for the Filing of Proofs of Claim by Governmental Units, (III) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (IV) Approving the Form of and Manner for Filing Proofs of Claim, (V) Approving Notice of Bar Dates, and (VI) Granting Related Relief* [Docket No. 105] (the "Bar Date Order").

interest . . . objects." 11 U.S.C. § 502(a). In adjudicating claim objections, courts apply "a burden-shifting framework." *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 697 (Bankr. D. Del. 2016). The Third Circuit Court of Appeals has described this framework as follows:

> Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citations omitted).

11. Further, section 502(b)(1) of the Bankruptcy Code provides that a claim must be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1). The failure to allege facts and to provide adequate support for a claim eliminates the claim's *prima facie* validity. *See, e.g.*, *In re Jorczak*, 314 B.R. 474, 481–82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

12. Pursuant to Bankruptcy Rule 3007(d), a debtor is permitted to file omnibus objections to more than one claim on the bases enumerated therein, which include, among other things, that such claims "duplicate other claims" or "were not timely filed." Fed. R. Bankr. P. 3007(d)(1) and (4).

13. As set forth in the Declaration, based upon a careful review and analysis of the Claims, the Debtor's books and records, and the claims register, the Debtor has determined that:

(a) each of the Reduced Claims listed on **Schedule 1** to the Proposed Order should be reduced in amount as set forth in the column title "Reduced Claim Amount" because such claims overstate the amount for which the Debtor's estate is liable; (b) each of the No Liability Claims listed on **Schedule 2** to the Proposed Order should be disallowed because the Debtor's books and records reveal no indication that the asserted claims are due and owing; (c) each of the Amended / Superseded Claims listed on **Schedule 3** to the Proposed Order in the column title "Amended Claims to be Disallowed" should be disallowed because such claims have been amended by subsequently filed proofs of claim; and (d) the Reclassified Claim listed on **Schedule 4** to the Proposed Order should be reclassified because such claim does not demonstrate entitlement to an administrative claim under section 507(a)(7) and, accordingly, the claim should be reclassified as a general unsecured claim. Failure to modify the Disputed Claims will result in claims that have been improperly asserted against the Debtor remaining on the claims register to the prejudice of the Debtor's other creditors. Accordingly, to avoid the possibility of recoveries to which creditors are not entitled and to maintain an accurate claims register, the Debtor submits that the Disputed Claims should be modified as set forth herein and upon the Schedules annexed to the Proposed Order.

## **Responses to the Objection**

14. Filing and Service of Responses. To contest the Objection, a claimant must file and serve a written response to the Objection (a "Response") so that it is actually received by the Clerk of the Court and the parties in the following paragraph **no later than 4:00 p.m. (prevailing Eastern Time) on August 29, 2025** (the "Response Deadline"). Claimants should locate their names and claims on **Schedule 1**, **Schedule 2**, **Schedule 3**, and/or **Schedule 4**, to the

Proposed Order and carefully review the Objection. A Response must address each ground upon which the Claimant contests the Objection.

15. Each Response must be filed and served upon the following entities at the following addresses: Each Response must be filed and served upon the following entities at the following addresses: (a) the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, DE 19801; (b) counsel for the Debtor: (i) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: James E. O'Neill (joneill@pszjlaw.com); and (ii) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn: Malhar S. Pagay (mpagay@pszjlaw.com); and (c) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Megan Seliber (megan.seliber@usdoj.gov).

16. Content of Responses. Every Response to the Objection must contain, at a minimum, the following:

a. a caption setting forth the name of the Court, the above-referenced case number, and the title of the Objection to which the Response is directed;

b. the name of the claimant, the claim number, and a description of the basis for the amount of the Claim;

c. a concise statement setting forth the reasons why a particular Claim should not be reduced, disallowed or reclassified for the reasons set forth in the Objection, including but not limited to the specific factual and legal bases upon which the claimant will rely in opposing the Objection at the Hearing (as defined below);

d. all documentation or other evidence of the Claim in question, to the extent not already included with the claimant's proof of claim, upon which the claimant will rely in opposing the Objection at the Hearing;

e. the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the claimant; and

f. the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) to whom the Trustee should serve any reply to the Response.

17. Timely Response Required; Hearing. If a claimant whose Claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtor will present to the Court an appropriate order disallowing and expunging the Claim without further notice to the claimant. If a Response is properly and timely filed and served in accordance with the above procedures, the Debtor will endeavor to reach a consensual resolution with the claimant. If no consensual resolution is reached, the Court will conduct a hearing (the "Hearing") with respect to the Objection and the Response on **September 23, 2025 at 3:00 p.m. (ET)** (or such other date and time as parties filing Responses may be notified), before the Honorable Mary F. Walrath, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 4, Wilmington, Delaware 19801. Only those Responses made in writing and timely filed and received will be considered by the Court at any such Hearing.

18. The Debtor may file and serve a reply to any Response in accordance with the Local Rules. The Debtor reserves the right to seek an adjournment of the Hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the Hearing.

19. Each of the Claims and the Debtor's objections thereto as asserted in this Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. The Debtor requests that any order entered by the Court with respect to an objection asserted herein will be deemed a separate order with respect to each such Claim.

**Reservation of Rights**

20. The Debtor expressly reserves the right to amend, modify, or supplement this Objection and to file additional objections to any claims (filed or not) that may be asserted against the Debtor and its estate. Should one or more of the grounds of objection stated in the Objection be dismissed or overruled, the Debtor reserves the right to object to each of the Claims or any other proofs of claim on any other grounds that the Debtor discovers or elects to pursue.

21. Nothing in this Objection will be deemed or construed: (a) as an admission as to the validity of any claim or interest against the Debtor; (b) as a waiver of the Debtor's rights to dispute or otherwise to object to any claim or proof of interest on any grounds or basis; or (c) to waive or release any right, claim, defense, or counterclaim of the Debtor, or to estop the Debtor from asserting any right, claim, defense, or counterclaim (including setoff).

**Compliance With Local Rule 3007-1**

22. The undersigned representative of the Debtor has reviewed the requirements of Local Rule 3007-1 and certifies that the Objection substantially complies with that Local Rule. To the extent that the Objection does not otherwise comply with the applicable requirements of Local Rule 3007-1, the Debtor believes that such deviations are not material and respectfully requests that any such requirement be waived.

**Further Information**

23. Questions about or requests for additional information about the proposed disposition of the Claims hereunder should be directed to the Debtor's counsel in writing at the following address: Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705, Attn: James E. O'Neill (joneill@pszjlaw.com).

**Timely Response Required**

24. If a claimant fails to file and serve a timely Response, then, without further notice to the claimant or a hearing on the Objection, the Debtor will present to the Court an order disallowing and expunging the Claims, substantially in the form attached hereto as **Exhibit A**.

25. Questions regarding the amount of a proof of claim, or the filing or withdrawal of a proof of claim, should be directed in writing to: Epiq Corporate Restructuring, LLC, PO Box 4420, Beaverton, Oregon 97076-4420, or by overnight delivery service or hand delivery to: Epiq Corporate Restructuring, LLC, 10300 SW Allen Boulevard, Beaverton, Oregon 97005, or by submitting an inquiry at (synthego@epiqglobal.com). **Claimants should not contact the Clerk of the Court or the U.S. Trustee to discuss the merits of their Claim or the Objection**.

**Notice**

26. Notice of this Objection will be provided to: (a) the holders of the Claims and their counsel, if known; (b) the U.S. Trustee; and (c) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, under the circumstances, no other or further notice is required.

**No Prior Request**

27. No prior request for the relief sought herein has been made by the Debtor to this Court or any other court.

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested and such other and further relief as is just and proper.

Dated: August 8, 2025

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Debra I. Grassgreen, (admitted *pro hac vice*)
Maxim B. Litvak, (admitted *pro hac vice*)
Malhar S. Pagay, (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8750
Wilmington, Delaware 19899-8705
Tel: 302-652-4100
Fax: 302-652-4400
Email: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com
mpagay@pszjlaw.com
joneill@pszjlaw.com

*Counsel to the Debtor*