**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SHAPAUSTE, INC,<br>(f/k/a Synthego Corporation) | Case No. 25-10823 (MFW) |
| Post-Effective-Date Debtor.[1] | |

**Objections Due: March 16, 2026 at 4:00 p.m. (ET)**
**Hearing Date: March 26, 2026 at 2:00 p.m. (ET)**

**POST-EFFECTIVE-DATE DEBTOR'S MOTION FOR ENTRY OF AN ORDER**
**EXTENDING THE PERIOD TO FILE OBJECTIONS TO CLAIMS**

The Post-Effective-Date Debtor, by and through undersigned counsel, files this motion (this "Motion") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), extending the deadline by which the Post-Effective-Date Debtor must file and serve objections to claims by ninety (90) days, through and including June 2, 2026. In support thereof, the Post-Effective-Date Debtor respectfully submits as follows.[2]

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order"). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      The Post-Effective-Date Debtor confirms its consent pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the

---

[1]    The Debtor's mailing address is 3696 Haven Avenue, Suite A, Redwood City, California, 94063, and the last four digits of the Debtor's federal tax identification number is 9518.

[2]    Capitalized terms used but not otherwise defined herein shall have the same meanings given to such terms in the Plan.

4938-8072-3018.2 00168.00003

extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Art. III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

4.      By this Motion, the Post-Effective-Date Debtor requests entry of an order extending the deadline by which the Post-Effective-Date Debtor must file and serve objections to claims (the "Claims Objection Deadline") by ninety (90) days, through and including June 2, 2026, without prejudice to the right of the Post-Effective-Date Debtor to request further extensions of time to file and serve objections to Claims and Interests.

## Background

5.      On May 5, 2025 (the "Petition Date"), Shapauste, Inc., f/k/a Synthego Corporation, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing the above-captioned bankruptcy case (this "Case"). From the Petition Date up until Effective Date (defined below), the Debtor operated its business and managed it affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On August 5, 2025, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Order Confirming First Amended Combined Disclosure Statement and Plan of Liquidation of Synthego Corporation Under Chapter 11 of the Bankruptcy Code* [Docket No. 209] (the "Confirmation Order"), pursuant to which the Bankruptcy Court confirmed the Plan. The Effective Date of the Plan occurred on September 5, 2025.

**A.      Claims Administration Process**

1.      On June 2, 2025, the Debtor filed its schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and together, with the Schedules, the "Schedules and Statements") [Docket Nos. 120-121].

2.      On May 30, 2024, the Court established July 3, 2025, as the final date for all persons and entities holding or asserting a prepetition, non-governmental claim or interest against the Debtor arising on or before the Petition Date to file proofs of claim in this chapter 11 case (the "Claims Bar Date").[3]

3.      The Plan provides that the Claims Objection Deadline is 180 days after the Effective Date (*i.e.*, March 4, 2026) or such other period as may be fixed by an order of the Bankruptcy Court for objecting to Claims upon the request of the Post-Effective-Date Debtor. *See* Plan, at § 3.27.[4] To date, 111 claims have been filed against the Debtor.

**Basis for Relief**

4.      Bankruptcy Rule 9006(b)(1) permits bankruptcy courts to extend deadlines for "cause shown," providing, in relevant part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

---

[3]     *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Setting a Bar Date for the Filing of Proofs of Claim by Governmental Units, (III) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (IV) Approving the Form of and Manner for Filing Proofs of Claim, (V) Approving Notice of Bar Dates, and (VI) Granting Related Relief* [Docket No. 105] (the "Bar Date Order").

[4]     Local Rule 9006-2 provides that the filing of a motion prior to the expiration of a time period shall automatically extend such time period until the Court acts on the motion, without the necessity for entry of a bridge order.

Fed. R. Bankr. P. 9006(b)(1). Moreover, section 105(a) of the Bankruptcy Code provides that the Court may issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.  11 U.S.C. § 105(a).

5.     Prior to the Effective Date, the Debtor filed an omnibus claims objection which resolved, in whole or in part, certain Claims. Since the Effective Date, the Post-Effective-Date Debtor and its professionals continue to review and analyze the unresolved Claims and the Post-Effective-Date Debtor's books and records to reconcile such claims and determine whether and the extent to which they are valid, and in addition, they are attempting to negotiate settlements with certain claimants. This review is largely complete but several significant claims require additional analysis and the Debtor makes this request to extend the Claims Objection Deadline in an abundance of caution to preserve the estate's right to object to claims. The Post-Effective-Date Debtor believes that an extension of the Claims Objection Deadline is in the best interests of all parties in interest. The extension is not sought for improper dilatory purposes and will not unduly prejudice any claimants who have filed Claims.

6.     For these reasons, the Post-Effective-Date Debtor respectfully submits that an extension of the Claims Objection Deadline by ninety (90) days, through and including June 2, 2026, is authorized under the terms of the Plan and should be granted.

<strong><u>Notice</u></strong>

7.     The Post-Effective-Date Debtor will provide notice of this Objection to: (i) the U.S. Trustee for the District of Delaware; and (ii) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Post-Effective-Date Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Post-Effective-Date Debtor respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: March 2, 2026

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Debra I. Grassgreen, (admitted *pro hac vice*)
Maxim B. Litvak, (admitted *pro hac vice*)
Malhar S. Pagay, (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8750
Wilmington, Delaware 19899-8705
Tel:  302-652-4100
Fax: 302-652-4400
Email:    dgrassgreen@pszjlaw.com
          mlitvak@pszjlaw.com
          mpagay@pszjlaw.com
          joneill@pszjlaw.com

*Counsel to the Post-Effective-Date Debtor*