**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SHAPAUSTE, INC.,[1]<br>(f/k/a Synthego Corporation)<br><br>Post-Effective-Date Debtor. | Chapter 11<br><br>Case No. 25-10823 (MFW)<br><br>**Related Docket No. 219** |

**SUPPLEMENTAL DECLARATION OF ALLEN SOONG IN SUPPORT OF DEBTOR'S FIRST OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS (REDUCED CLAIMS, NO LIABILITY CLAIMS, AMENDED CLAIMS, AND RECLASSIFIED CLAIM) AS RELATED TO SCHEDULE 1 AND SCHEDULE 2 THEREIN**

I, Allen Soong, hereby declare as follows:

1. I am a partner of Paladin Management Group, LLC ("Paladin"). I have nearly 30 years of experience in providing turnaround services to companies in a variety of industries and have frequently been appointed as interim management and chief restructuring officer of these businesses. My corporate finance experience stems from restructuring advisory, private equity and consulting roles. In July 2018, I co-founded Paladin, which has grown from a single office to providing services to distressed companies from a national footprint.

2. I am the Chief Restructuring Officer ("CRO") of the above-captioned post-effective-date debtor (the "Debtor"). In my capacity as CRO and in connection with Paladin's provision of consulting services as the Debtor's financial advisor effective as of March 23, 2025, I have become familiar with the Debtor's business, financial affairs, and day-to-day operations.

3. I submit this declaration (the "Declaration") in support of the *Debtor's First Omnibus Objection (Substantive) to Certain Claims (Reduced Claims, No Liability Claims,*

[1] The Debtor's mailing address is 3696 Haven Avenue, Suite A, Redwood City, California, 94063, and the last four digits of the Debtor's federal tax identification number is 9518.

*Amended Claims, and Reclassified Claim)* (the "Claims Objection") and the claims objected to therein (the "Disputed Claims").[2]

4. Except as otherwise indicated, the statements in this Declaration are based on: (a) my personal knowledge of the Debtor's books and records; (b) my review of the books and records of the Debtor that reflect the amounts owed to its creditors as of the Petition Date, including the Claims Register, and the Schedules; (c) my review of the Claims Objection; (d) information provided to me by, or discussions with, the Debtor and by others at the Debtor's request; (e) information provided to me by professionals retained by the Debtor; and (f) my general experience and knowledge. As to matters regarding state and federal law, including bankruptcy law, I have relied on the advice of counsel.

5. I am authorized to submit this Declaration in support of the Claims Objection. If called upon to testify, I can and would testify competently as to the facts set forth herein.

**The Claims Objection**

6. In the ordinary course of business, the Debtor maintains books and records that reflect, among other things, the nature and amount of the liabilities owed to its creditors. I, along with my team of professionals, have been reviewing, comparing, and reconciling the claims filed against the Debtor (including any supporting documentation) with the Schedules and the Debtor's books and records. This reconciliation process includes identifying particular categories of claims that may be subject to objection.

7. Substantial time and resources have been devoted to the Debtor's review and reconciliation of the proofs of claim filed against the Debtor in this chapter 11 case. In connection

[2] A capitalized terms used but not otherwise defined herein shall have the meaning ascribed to it in the Claims Objection.

with the preparation of the Claims Objection, I, or professionals acting at my direction, reviewed the Debtor's Schedules and applicable books and records, including the Claims Register, together with each of the Disputed Claims and any documentation submitted in support thereof.

8. Following the hearing held on September 23, 2025, at which the Court requested additional information regarding the claims identified on **Schedule 1** and **Schedule 2** to the Claims Objection, I, or professionals acting at my direction, conducted a further review of each Disputed Claim to confirm that the relief sought as to each such claim remains appropriate. That further review included the following:

> (i) obtaining from Epiq Corporate Restructuring, LLC ("Epiq"), the Debtor's claims and noticing agent, an updated Claims Register and confirming, as to each Disputed Claim, the claim number, claimant identity, asserted amount, and asserted classification, and whether the claim had been amended, transferred, withdrawn, or previously resolved by prior order of this Court;
>
> (ii) re-examining each proof of claim and all supporting documentation, including invoices, purchase orders, contracts, statements of account, and/or related correspondence;
>
> (iii) comparing each Disputed Claim against the Debtor's accounts payable ledger, general ledger, vendor records, and Schedules to determine whether a corresponding liability was recorded and, if so, in what amount and classification;
>
> (iv) requesting and reviewing additional documentation from certain claimants regarding their Disputed Claims; and
>
> (v) confirming that the specific ground asserted in the Claims Objection as to each Disputed Claim remains accurate as of the date hereof.

9. The results of the further review described above are reflected in revised **Schedule 1** (Reduced Claims) and revised **Schedule 2** (No Liability Claims) attached to **Exhibit A** of the *Certification of Counsel Regarding Supplemental Order on Debtor's First Omnibus Objection (Substantive) to Certain Claims (Reduced Claims, No Liability Claims, Amended Claims, and*

*Reclassified Claim)* filed contemporaneously herewith. In response to the Court's request for additional information, the column titled "Basis for Proposed Modification" on revised **Schedule 1** and the column titled "Basis for Proposed Disallowance" on revised **Schedule 2** have been supplemented to set forth, on a claim-by-claim basis, the specific findings supporting the relief requested as to each claim, including, as applicable, the particular invoices at issue, payments or partial payments made and the dates thereof, credits or prepaid or deposit balances applied, amounts for which the Debtor's books and records reflect no corresponding invoice or obligation, and other grounds for the proposed modification or disallowance. The information set forth in those columns is derived from the Debtor's books and records, the applicable proofs of claim and supporting documentation, and the Claims Register, and is true and correct to the best of my knowledge, information, and belief.

10. In the course of the further review described above, I identified six (6) claims as to which, based on the additional information and documentation reviewed, I have determined that the relief requested in the Claims Objection is no longer appropriate. Accordingly, the Debtor is withdrawing the Claims Objection as to those six claims and is filing contemporaneously herewith a notice of withdrawal of the Claims Objection as to such claims (the "Notice of Withdrawal"). The claims identified in the Notice of Withdrawal are not included on revised **Schedule 1** or revised **Schedule 2** to the Proposed Supplemental Order, and the Debtor seeks no relief as to those claims through the Proposed Supplemental Order. The Debtor reserves all rights with respect to the claims identified in the Notice of Withdrawal.

11. Two claims that were included on **Schedule 1** and **Schedule 2** to the Claims Objection remain the subject of ongoing discussions between the Debtor and the respective claimants and are not addressed in this Declaration or included on revised **Schedule 1** or revised

**Schedule 2** to the Proposed Supplemental Order: (a) Claim No. 10055 filed by Thomas Scientific, LLC, and (b) Claim No. 10032 filed by ERS Genomics Limited. The Debtor is not seeking any relief as to these two claims through the Proposed Supplemental Order, and the Debtor reserves all rights with respect thereto, including the right to seek entry of a further order sustaining the Claims Objection as to such claims if the parties are unable to reach a consensual resolution.

12. Claim No. 10018 filed by Pacific Biolabs, Inc. was included on **Schedule 1** to the Claims Objection. Claim No. 10018, however, was subsequently disallowed and expunged pursuant to the *Order (A) Sustaining Debtor's First Omnibus Objection (Substantive) to Certain Claims (Reduced Claims, No Liability Claims, Amended Claims, and Reclassified Claim) as Related to Schedule 3 and Schedule 4 Therein; and (B) Continuing Hearing as to Objection to Claim No. 10055 Filed by Thomas Scientific, LLC* [Docket No. 261]. Accordingly, Claim No. 10018 is not included on revised **Schedule 1** to the Proposed Supplemental Order, and the Debtor seeks no relief as to that claim through the Proposed Supplemental Order.

13. Based on the foregoing review, and excluding the claims identified in the Notice of Withdrawal, I have determined that: (a) each of the Reduced Claims listed on revised **Schedule 1** to the Proposed Supplemental Order overstates the amount for which the Debtor's estate is liable, in the respective amounts set forth on revised **Schedule 1**; and (b) each of the No Liability Claims listed on revised **Schedule 2** to the Proposed Supplemental Order is not reflected in the Debtor's books and records as due and owing, and the Debtor's estate has no liability with respect thereto.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 14, 2026

*/s/ Allen Soong*
Allen Soong
Chief Restructuring Officer