**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SHAPAUSTE, INC.,[1]<br>(f/k/a Synthego Corporation)<br><br>Post-Effective-Date Debtor. | Chapter 11<br><br>Case No. 25-10823 (MFW)<br><br>**Related Docket No. 219** |

**SUPPLEMENTAL ORDER SUSTAINING DEBTOR'S FIRST OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS (REDUCED CLAIMS, NO LIABILITY CLAIMS, AMENDED CLAIMS, AND RECLASSIFIED CLAIM) AS RELATED TO SCHEDULE 1 AND SCHEDULE 2 THEREIN**

Upon consideration of the *Debtor's First Omnibus Objection (Substantive) to Certain Claims (Reduced Claims, No Liability Claims, Amended Claims, and Reclassified Claim)* (the "Objection")[2] for entry of an order (this "Order") pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007–1, objecting to the claims listed on **Schedule 1** (the "Reduced Claims") and **Schedule 2** (the "No Liability Claims") all as more fully set forth in the Objection; and the Court having reviewed the Declaration and the Supplemental Declaration in support of the Objection; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Objection in this district is proper

[1] The Debtor's mailing address is 3696 Haven Avenue, Suite A, Redwood City, California, 94063, and the last four digits of the Debtor's federal tax identification number is 9518.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Objection.

pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Objection and of the hearing on the Objection was sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Objection is SUSTAINED as set forth herein.

2. Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3. Each Reduced Claim identified on **Schedule 1** attached hereto is hereby reduced in amount as set forth in the column titled "Modified Claim Amount."

4. Each No Liability Claim identified on **Schedule 2** attached hereto is hereby disallowed and expunged in its entirety.

5. No relief is granted by this Order as to (a) the claims identified in the Notice of Withdrawal, (b) Claim No. 10055 filed by Thomas Scientific, LLC, (c) Claim No. 10032 filed by ERS Genomics Limited, or (d) Claim No. 10018 filed by Pacific Biolabs, Inc., and the Debtor reserves all rights with respect to such claims.

6. The claims and noticing agent is authorized to update the claims register to reflect the relief granted in this Order.

7. The Debtor's right to object in the future to any of the Claims listed in the Objection on any ground, including, without limitation, substantive grounds, and to amend, modify or supplement the Objection, including, without limitation, to object to amended claims and newly-filed claims, is hereby reserved.

8. Each of the Claims and the objections by the Debtor to such Claims, as addressed in the Objection and set forth on **Schedule 1** and **Schedule 2** attached to this Order, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each of the Claims. Any stay of this Order shall apply only to the contested matter that involves such creditor and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

9. The Debtor and Epiq Corporate Restructuring, LLC are authorized to take all actions necessary to effectuate the relief granted in this Order.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: September 16th, 2026**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**