**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SHAPAUSTE, INC.<br>(f/k/a Synthego Corporation),<br><br>Post-Effective-Date Debtor.[1] | Chapter 11<br><br>Case No. 25-10823 (MFW) |

**DECLARATION OF ALLEN SOONG IN SUPPORT OF POST-EFFECTIVE-DATE DEBTOR'S SECOND OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS (LATE FILED CLAIMS AND MODIFIED CLAIM)**

I, Allen Soong, hereby declare as follows:

1. I am a partner of Paladin Management Group, LLC ("Paladin"). I have nearly 30 years of experience in providing turnaround services to companies in a variety of industries and have frequently been appointed as interim management and chief restructuring officer of these businesses. My corporate finance experience stems from restructuring advisory, private equity and consulting roles. In July 2018, I co-founded Paladin, which has grown from a single office to providing services to distressed companies from a national footprint.

2. I am the Chief Restructuring Officer ("CRO") of the above-captioned post-effective-date debtor (the "Debtor"). In my capacity as CRO and in connection with Paladin's provision of consulting services as the Debtor's financial advisor effective as of March 23, 2025, I have become familiar with the Debtor's business, financial affairs, and day-to-day operations.

3. I submit this declaration (the "Declaration") in support of the *Post-Effective-Date Debtor's Second Omnibus Objection (Substantive) to Certain Claims (Late Filed Claims and Modified Claim)* (the "Claims Objection") and the claims objected to therein (the "Disputed

[1] The Debtor's mailing address is 3696 Haven Avenue, Suite A, Redwood City, California, 94063, and the last four digits of the Debtor's federal tax identification number is 9518.

Claims"),[2] filed contemporaneously herewith. Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Claims Objection.

4. Except as otherwise indicated, the statements in this Declaration are based on: (a) my personal knowledge of the Debtor's books and records; (b) my review of the books and records of the Debtor that reflect the amounts owed to its creditors as of the Petition Date and postpetition disbursement records, including the Claims Register, and the Schedules; (c) my review of the Claims Objection; (d) information provided to me by, or discussions with, the Debtor's personnel and by others at the Debtor's request; (e) information provided to me by professionals retained by the Debtor; and (f) my general experience and knowledge. As to matters regarding state and federal law, including bankruptcy law, I have relied on the advice of counsel.

5. I am authorized to submit this Declaration in support of the Claims Objection. If called upon to testify, I can and would testify competently as to the facts set forth herein.

**The Claims Objection**

6. In the ordinary course of business, the Debtor maintains books and records that reflect, among other things, the nature and amount of the liabilities owed to its creditors. I, along with my team of professionals, have been reviewing, comparing, and reconciling the claims filed against the Debtor (including any supporting documentation) with the Schedules and the Debtor's books and records. This reconciliation process includes identifying particular categories of claims that may be subject to objection.

7. Time and resources have been expended in the Debtor's ongoing efforts reviewing and reconciling the proofs of claim filed against the Debtor in this chapter 11 case. In evaluating the Disputed Claims, I, or professionals acting at my direction, have reviewed the Debtor's

[2] A capitalized terms used but not otherwise defined herein shall have the meaning ascribed to it in the Claims Objection.

Schedules and applicable books and records, including the Claims Register, and the Disputed Claims (as well as any supporting documentation) and have determined that (a) each of the Late Filed Claims listed on **Schedule 1** to the Proposed Order was filed after the applicable Claims Bar Date; and (b) the Modified Claim identified on **Schedule 2** to the Proposed Order overstates the amount for which the Debtor's estate is liable.

8. With respect to the Modified Claim identified on **Schedule 2** to the Proposed Order, my review of the Debtor's books and records reflects that the Debtor paid the claimant $276,905.09 on or about January 15, 2026, on account of the amounts asserted therein. The remaining $27,842.04 asserted in the Modified Claim consists of interest and penalties.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 28, 2026

*/s/ Allen Soong*
Allen Soong
Chief Restructuring Officer